1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

13  **FEDERAL TRADE COMMISSION,**

14                    Plaintiff,

15                    v.

16  **JESSE WILLMS,** *et al.,*

17                    Defendants.

Case No.

**[PROPOSED] PRELIMINARY INJUNCTION WITH ASSET FREEZE**

18      Plaintiff, the Federal Trade Commission ("FTC" or "Commission") has filed its Complaint

19  seeking a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade

20  Commission Act, 15 U.S.C. § 53(b), alleging that defendants Jesse Willms; 1021018 Alberta Ltd;

21  1016363 Alberta Ltd; 1524948 Alberta Ltd; Circle Media Bids Limited; Coastwest Holdings Limited;

22  Farend Services Ltd; JDW Media, LLC; Net Soft Media, LLC; Sphere Media, LLC; and True Net, LLC

23  (collectively referred to as "Willms defendants"), have engaged in deceptive sales of products,

24  programs, and services via the Internet and, with defendants Peter Graver, Adam Sechrist, Brett

25  Callister, and Carey L. Milne (collectively referred to with the Willms defendants as "defendants"),

26  have engaged in unfair conduct by making unauthorized charges to consumers' credit cards and bank

27  accounts and by obtaining merchant processing accounts.  The Commission's Complaint alleges that

28  the defendants' deceptive and unfair practices violate Section 5(a) of the FTC Act, 15 U.S.C. § 45;

1  Section 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693o(c) ("EFTA"); and Section

2  205.10(b) of Regulation E, 12 C.F.R. § 205.10(b) ("Regulation E").

3       The Commission also has moved for entry of a preliminary injunction with an asset freeze

4  pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(a).

5       The Court, having considered the Complaint, the plaintiff's motion for preliminary injunction,

6  the memorandum of points and authorities in support of the motion, including the declarations and

7  exhibits attached thereto, and the defendants' opposition to the motion, and being otherwise advised,

8  makes the following findings of fact and conclusions of law:

9                                    **FINDINGS**

10  1.     This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C.

11  § 53(b) and EFTA, 15 U.S.C. § 1693o(c).  The Commission has authority to seek the relief contained

12  herein.

13  2.     The Commission's Complaint states a claim upon which relief may be granted under Sections

14  5(a) and 12 of the FTC Act, 15 U.S.C. § 45(a) and 52, Section 907(a) of EFTA, 15 U.S.C. § 1693e(a),

15  and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

16  3.     This Court has jurisdiction of the subject matter of this case, and there is good cause to believe it

17  will have jurisdiction over all parties hereto.  Venue in the Western District of Washington is proper.

18  4.     The acts and practices of the defendants are in or affecting commerce, as defined in Section 4 of

19  the FTC Act, 15 U.S.C. § 44.

20  5.     This Court has the authority to grant a preliminary injunction and other equitable relief, including

21  an asset freeze, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53 (b), and Rule 65 of the Federal

22  Rules of Civil Procedure.  FTC v. H.N. Singer, 668 F. 2d 1107 (9th Cir. 1982); FTC v. World Wide

23  Factors, Ltd., 882 F.2d 344, 346-47 (9th Cir. 1989); FTC v. Inc21.com Corp., 688 F. Supp. 2d. 927 (N.D.

24  Cal. 2010).

25  6.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the issuance of such preliminary

26  relief upon a proper showing that, weighing the equities and considering the Commission's likelihood of

27  ultimate success, such action would be in the public interest.

28  7.     Section 5(a) of the FTC Act prohibits deceptive acts and practices in or affecting commerce.  To

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  be deceptive, an act or practice must be one that is likely to mislead consumers acting reasonably under

2  the circumstances, and is material.  FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994), *citing*

3  Cliffdale Assocs., Inc., 103 F.T.C. 110, 164-65 (1984).

4  8.       Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices

5  prohibited by Section 5(a) of the FTC Act.  15 U.S.C. § 45(a).

6  9.       Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to

7  consumers that consumers cannot reasonably avoid themselves and that is not outweighed by

8  countervailing benefits to consumers or competition.  15 U.S.C. § 45(n).

9  10.      Section 12(a) of the FTC Act, 15 U.S.C. § 52(a), prohibits the dissemination of any false

10  advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the

11  purchase of food, drugs, devices, services, or cosmetics.  For the purposes of Section 12 of the FTC Act,

12  15 U.S.C. § 52, AcaiBurn and PureCleanse, and other similar products, are either a "food" or "drug" as

13  defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b) and (c).

14  11.      The evidence the FTC has submitted demonstrates that it is likely to prevail on the merits of this

15  action and that there is good cause to believe that the Willms defendants have engaged and are likely to

16  engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by:

17        a.       Misrepresenting that consumers can obtain a product, program, or service on a "trial"

18  basis, for "free," or "risk-free" for only a nominal shipping and handling fee, or that consumers can

19  obtain a product, program, or service as a "bonus" for which consumers would not be charged;

20        b.       Misrepresenting that they will provide a full refund to consumers who request one;

21        c.       Failing to disclose, or disclose adequately, material terms and conditions of their offers

22  including, but not limited to, that:

23              i.       Consumers who sign up for some of the Willms defendants' trial offers will be

24                       enrolled in a membership program and charged an upfront membership fee if they

25                       do not cancel within a certain time period;

26              ii.      Consumers who sign up for some of the Willms defendants' penny auction

27                       programs will immediately be charged an upfront fee for registering for which

28                       there is no opportunity to cancel;

Preliminary Injunction - Page 3

iii.   Consumers who sign up for some of the Willms defendants' trial offers will be charged the full price for a month's supply of the product, or a month's access to the service or program, if they do not cancel and return the product within a certain time period;

iv.   Consumers who sign up for some of the Willms defendants' trial offers or penny auction programs will be enrolled in a membership program and be charged a recurring monthly fee if they do not cancel within a certain time period; or

v.   Consumers who sign up for some of the Willms defendants' trial offers will be enrolled in a membership program for upsell items and be charged recurring monthly fees if they do not cancel within a certain time period;

d.   Failing to disclose, or disclose adequately, material terms and conditions relating to cancelling future charges or obtaining refunds including, but not limited to:

i.   That consumers who attempt to cancel and/or seek a refund must obtain a return tracking number from the Willms defendants before returning the product;

ii.   That consumers who seek to cancel and/or receive a refund will incur additional costs in returning the product including, but not limited to, paying for return shipping, insurance, and delivery confirmation;

iii.   That consumers who seek to cancel the upsell products must cancel each program separately within specific, different time periods to avoid additional charges; or

iv.   The process for consumers to cancel the monthly recurring charges associated with the Willms defendants' trial offers or penny auctions, and the details of the Willms defendants' cancellation and refund processes; and

e.   Misrepresenting that their products are used, endorsed, or approved by specifically identified celebrities, such as Oprah Winfrey and Rachael Ray.

12.   The evidence the FTC has submitted demonstrates that it is likely to prevail on the merits of this action and that there is good cause to believe that the Willms defendants have engaged and are likely to engage in acts and practices that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, by:

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1       a.     Misrepresenting that use of AcaiBurn and PureCleanse will result in rapid and substantial

2 weight loss, including that individuals who used AcaiBurn or PureCleanse lost 450% more weight than

3 those who only dieted and exercised;

4       b.     Misrepresenting that scientific evidence, including two eight-week, placebo-controlled

5 clinical studies, shows that AcaiBurn and PureCleanse cause rapid and substantial weight loss; and

6       c.     Misrepresenting that use of PureCleanse will aid in the prevention of colon cancer.

7 13.    The evidence the FTC has submitted demonstrates that it is likely to prevail on the merits of this

8 action and that there is good cause to believe that defendants have engaged and are likely to engage in

9 acts and practices that violate Section 5(a) and 5(n) of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n), by;

10      a.     Causing charges to be submitted for payment to the credit and debit cards of consumers

11 without the express informed consent of consumers; and

12      b.     Providing merchant banks with false or misleading information to obtain and maintain

13 merchant accounts through which defendants place charges on consumers' credit and debit card

14 accounts.

15 14.    The evidence the FTC has submitted demonstrates that it is likely to prevail on the merits of this

16 action and that there is good cause to believe that defendants have engaged and are likely to engage in

17 acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 907(a) of EFTA,

18 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), by:

19      a.     Debiting consumers' bank accounts on a recurring basis without obtaining a written

20 authorization signed or similarly authenticated from consumers for preauthorized electronic fund

21 transfers from their accounts; and

22      b.     Debiting consumers' bank accounts on a recurring basis without providing a copy of a

23 written authorization signed or similarly authenticated by the consumer for preauthorized electronic fund

24 transfers from the consumer's account.

25 15.    There is good cause to believe that irreparable harm will result from the defendants' ongoing

26 violations of Section 5(a) of the FTC Act, 15 U.S.C. 45(a), Section 907(a) of EFTA, 15 U.S.C.

27 § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), unless they are restrained and

28 enjoined by Order of this Court.

16.     There is good cause to believe that irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, or other disposition or concealment by defendants of assets or records unless defendants are immediately restrained and enjoined by Order of this Court.

17.     Therefore, in accordance with Fed. R. Civ. P. 65(a), good cause and the interests of justice require that this Order be entered.

18.     Weighing the equities and considering the FTC's likelihood of ultimate success on the merits of its claims, a Preliminary Injunction, including a freeze on the defendants' assets, is in the public interest.

19.     As an agency of the United States, no security is required of the Commission for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.      **"Advertisement" or "advertising"** means any written or verbal statement, illustration, or depiction, in any medium, that is designed to effect a sale or create interest in the purchasing of any product, program, or service.

2.      **"Affiliate Program(s)"** means any arrangement under which any of the defendants pay, offer to pay, or provide or offer to provide any form of consideration to any third party to (a) provide any of the defendants with, or refer to any of the defendants, potential or actual customers; or (b) otherwise market, advertise, or offer for sale any product, program, or service on behalf of any of the defendants.

3.      **"Asset" or "Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property including, but not limited to, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, or notes, (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

4.      **"Assisting others"** means providing goods or services to another person or entity including, but not limited to (a) formulating, developing, or providing, or arranging for the formulation, development, or provision of, any advertising or marketing content; (b) performing advertising or marketing services of any kind including, but not limited to, soliciting endorsements or testimonials, selecting sponsored search

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1 result terms or the criteria for contextual or behavioral advertising delivery; tracking, testing, optimizing,

2 or otherwise assessing the efficacy of any advertisement; registering or advising others about the

3 registration of domain names; presenting or making available to others the opportunity to participate in

4 any advertising campaign or to act as a publisher of advertising or driving traffic to any web page, URL,

5 or mobile application; (c) providing names, or assisting in the generation, of potential customers; or (d)

6 processing or arranging for processing of credit card, debit card, Automated Clearinghouse ("ACH")

7 debits, remotely-created checks, or payments through any other system.

8 5.     **"Billing Information"** means any data that enables any person to access a consumer's account,

9 such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or

10 debit card.

11 6.     **"Clearly and Conspicuously"** means:

12        a.     In print communications, whether in paper or displayed electronically, the disclosure shall

13 be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it,

14 in print that contrasts with the background against which it appears;

15        b.     In communications disseminated orally, the disclosure shall be delivered in a volume and

16 cadence sufficient for an ordinary consumer to hear and comprehend it;

17        c.     In communications made through an electronic medium (including, but not limited to,

18 television, video, radio, and interactive media, such as the Internet, online services, and software), the

19 disclosure shall be presented simultaneously in both the audio and visual portions of the communication.

20 In any communication presented solely through visual or audio means, the message may be made

21 through the same means in which the communication is presented;

22        d.     In any communication disseminated by means of an interactive electronic medium

23 including, but not limited to software, the Internet, or online services, a disclosure must be unavoidable

24 and presented prior to the consumer incurring any financial obligation. Any audio disclosure shall be

25 delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. Any

26 visual disclosure shall be of a size and shade, with a degree of contrast to the background against which it

27 appears, and shall appear on the screen for a duration and in a location, sufficiently noticeable for an

28 ordinary consumer to read and comprehend it without the simultaneous presentation/use of visual or

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   audio distractions, such as moving images or audio unrelated to the disclosure; and

2       e.      Regardless of the medium used to disseminate it, the message shall be in understandable

3   language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be

4   used in any communication.

5   7.      **"Corporate Defendants"** means 1021018 Alberta Ltd., also d.b.a. Just Think Media, Credit

6   Report America, Wulongsource, and Wuyi Source; 1016363 Alberta Ltd., also d.b.a. eDirect Software;

7   1524948 Alberta Ltd., also d.b.a. Terra Marketing Group, SwipeBids.com, and SwipeAuctions.com;

8   Circle Media Bids Limited, also d.b.a. SwipeBids.com, SwipeAuctions.com, and Selloffauctions.com;

9   Coastwest Holdings Limited; Farend Services Ltd.; JDW Media, LLC; Net Soft Media, LLC, also d.b.a.

10   SwipeBids.com; Sphere Media, LLC, also d.b.a SwipeBids.com and SwipeAuctions.com; and True Net,

11   LLC, also d.b.a. Selloffauctions.com, and their successors and assigns, and by whatever other names

12   each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business

13   names created or used by these entities, or any of them.

14   8.      **"Defendants"** means the Corporate Defendants and the Individual Defendants, individually,

15   collectively, or in any combination.

16   9.      **"Dietary Supplement"** means:

17       a.      Any product labeled as a dietary supplement or otherwise represented as a dietary

18   supplement; or

19       b.      Any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing

20   one or more ingredients that are a vitamin, mineral, herb or other botanical, amino acid, probiotic, or

21   other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or

22   a concentrate, metabolite, constituent, extract, or combination of any ingredient described above, that is

23   intended to be ingested, and is not represented to be used as a conventional food or as a sole item of a

24   meal or the diet.

25   10.     **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or

26   depictions of the name, signature, likeness, or other identifying personal characteristics of an individual

27   or the name or seal of an organization) which message consumers are likely to believe reflects the

28   opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.  The party

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  whose opinions, beliefs, findings, or experience the message appears to reflect will be called the endorser

2  and may be an individual, group, or institution.

3  11.    **"Food" and "Drug"** means as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

4  12.    **"Individual Defendants"** means Jesse Willms, Peter Graver, Adam Sechrist, Brett Callister, and

5  Carey L. Milne.

6  13.    **"Marketing Affiliate"** means any person or entity, including third-party marketers, who

7  participates in an Affiliate Program.

8  14.    **"Negative Option Feature"** means, in an offer or agreement to sell or provide any product,

9  program, or service, a provision under which the consumer's silence or failure to take an affirmative

10  action to reject products or services, or to cancel the agreement, is interpreted by the seller or provider as

11  acceptance of the offer.  Offers or agreements with negative option features include, but are not limited

12  to:

13        a.      Free or introductory price trial offers in which the consumer receives a product, program,

14  or service for free or at a nominal or introductory price for an initial period and will incur an obligation to

15  pay or pay a greater amount for the product, program, or service if he or she does not take affirmative

16  action to cancel, reject, or return the product, program, or service before the end of that period;

17        b.      Continuity plans in which, subsequent to the consumer's agreement to the plan, the seller

18  or provider automatically ships products to a consumer unless the consumer notifies the seller or provider

19  within a certain time not to ship the products; and

20        c.      Automatic renewal plans in which the seller or provider automatically renews the

21  agreement and charges the consumer unless the consumer cancels before the renewal.

22  15.    **"Plaintiff"** or **"Commission"** or **"FTC"** means the Federal Trade Commission.

23  16.    **"Willms defendants"** means Jesse Willms and all the Corporate Defendants.

24                                    **ORDER**

25                    **I. PROHIBITION ON NEGATIVE OPTIONS**

26        **IT IS THEREFORE ORDERED** that the Willms defendants, whether acting directly or through

27  any corporation, partnership, subsidiary, division, affiliate, or other entity or device, are hereby

28  preliminarily restrained and enjoined from engaging in, or assisting others engaged in, the advertising,

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1  marketing, promoting, offering for sale, or sale of any product, program, or service with a negative

2  option feature. Nothing in this Order shall be read as an exception to this Section I.

3  ## II. PROHIBITED BUSINESS PRACTICES

4     **IT IS FURTHER ORDERED** that the Willms defendants, whether acting directly or indirectly

5  through any corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their

6  officers, agents, servants, employees, attorneys, and all persons or entities in active concert or

7  participation with them who receive actual notice of this Order by personal service or otherwise, in

8  connection with the advertising, marketing, promoting, offering for sale, or sale of any product, program,

9  or service, are hereby preliminarily restrained and enjoined from:

10     A.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any

11  material fact about the cost or refund policy associated with any product, program, or service including,

12  but not limited to, that:

13          1.     A product, program, or service is offered on a "free," "trial," or "bonus" basis, or

14                 words of similar import, denoting or implying the absence of any obligation on the

15                 part of the recipient of the offer to pay anything other than a nominal fee; or

16          2.     A purchase is "risk free," offered with a "satisfaction guarantee," or with a

17                 money-back guarantee;

18     B.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any

19  material fact about the terms and conditions associated with any product, program, or service including,

20  but not limited to, misrepresentations about:

21          1.     The total cost to purchase, receive, or use the product, program, or service;

22          2.     The timing or manner of any charge or bill;

23          3.     Any material restrictions, limitations, or conditions to purchase, receive, or use the

24                 product, program, or service;

25          4.     Any material aspect of the nature or terms and conditions of any refund,

26                 cancellation, exchange, or repurchase policy for the product, program, or service;

27                 or

28          5.     Any material aspect of the benefits, performance, efficacy, nature, or central

Preliminary Injunction - Page 10

1   characteristics of the product, program, or service;

2   C.   Failing to clearly and conspicuously disclose, or assisting others who fail to clearly and

3   conspicuously disclose, before consumers are asked to pay money, submit consideration, or reveal billing

4   or bank account information, all material terms and conditions of any offer including, but not limited to:

5   1.   The amount, timing, and manner of payment of all fees, charges, or other amount

6   that a consumer will be charged or billed;

7   2.   All material restrictions, limitations, or conditions applicable to the purchase,

8   receipt, or use of the product, program, or service that is the subject of the offer

9   (including any product, program, or service associated with a free product,

10   program, or service, or a product, program, or service available on a trial basis);

11   and

12   3.   The terms and conditions of any refund, cancellation, exchange, or repurchase

13   policy or policies, including the specific steps and means by which such requests

14   must be submitted, and the telephone number, email address, web address, or

15   street address to which such requests must be directed; if there is a policy of not

16   making refunds, cancellations, exchanges, or repurchases, a statement regarding

17   this policy;

18   D.   Making any representation, in any manner, expressly or by implication, about the absolute

19   or comparative benefits, performance, efficacy, safety, or side effects of any product or service including,

20   but not limited to, any representation that:

21   1.   Use of such product or service will result in rapid and substantial weight loss,

22   reduce or eliminate fat, reduce or curb the appetite, increase metabolism, or cause

23   permanent weight loss;

24   2.   Scientific evidence, including double-blind, placebo-controlled weight loss

25   studies, shows that such product or service causes rapid and substantial weight

26   loss, reduces or eliminates fat, reduces or curbs the appetite, increases metabolism,

27   or causes permanent weight loss; or

28   3.   Use of such product or service will reduce the risk or prevent colon cancer;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1    unless the representation, including any such representation made through the use of endorsements or

2    trade names, is true, non-misleading, and at the time it is made, the Willms defendants possess and rely

3    upon competent and reliable scientific evidence that substantiates such representation;

4         E.     Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any

5    material fact regarding endorsements or testimonials including, but not limited to:

6              1.     That any product, program, or service is used, endorsed, or approved by

7                      specifically identified individuals or entities including, celebrities such as Oprah

8                      Winfrey and Rachael Ray;

9              2.     The status of any user or endorser of a product, program, or service including, but

10                     not limited to, misrepresenting that the user or endorser is an independent user or

11                     ordinary consumer of the product, program, or service; or

12              3.     That consumer testimonials reflect typical consumer experiences with a product,

13                     program, or service;

14     F.     Failing to clearly and conspicuously disclose that:

15              1.     Consumers in testimonials received funds, directly or indirectly, from any

16                     defendant including, but not limited to, if consumers in testimonials received funds

17                     from a nonprofit charitable fund that is directly or indirectly associated with any

18                     defendants; and

19              2.     Any material connection, when one exists, between any user or endorser and the

20                     Willms defendants or any other individual or entity manufacturing, advertising,

21                     labeling, promoting, offering for sale, selling, or distributing a product, program,

22                     or service; and

23     G.     Charging, or causing to be charged, or assisting others in charging any consumer's credit

24    card, or debiting, causing to be debited, or assisting others in debiting any consumer's bank account

25    without the consumer's express informed consent for such charge or debit.

26                   **III. ACTIVITIES PROHIBITED PURSUANT TO THE**

27                       **ELECTRONIC FUND TRANSFER ACT**

28       **IT IS FURTHER ORDERED** that defendants, whether acting directly or through any

corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1   agents, servants, employees, attorneys, and all persons or entities in active concert or participation with
2   them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily
3   restrained and enjoined from violating or assisting others who violate any provision of the Electronic
4   Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, and Regulation E, 12 C.F.R. § 205.1 *et seq.*

5                        **IV.  MISREPRESENTATIONS TO THIRD PARTIES**

6          **IT IS FURTHER ORDERED** that defendants, whether acting directly or through any
7   corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,
8   agents, servants, employees, attorneys, and all persons or entities in active concert or participation with
9   them who receive actual notice of this Order by personal service or otherwise, in connection with
10  procuring services from third parties including, but not limited to, advertising networks, payment
11  processors, banks or other financial institutions, marketing affiliates, customer service providers, lead
12  brokers, web designers, and fulfillment houses, are hereby preliminarily restrained and enjoined from:

13         A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any
14  material fact including, but not limited to:

15                1.    Control over or affiliation with any party seeking to procure services;

16                2.    The nature, terms, conditions, and disclosures associated with the advertising,
17                      marketing, promoting, offering for sale, or sale of any product, program, or service
18                      offered; and

19                3.    Third party approvals or endorsements, or the substantiation for and the legal
20                      compliance of, advertising claims for any product, program, or service offered for
21                      sale;

22         B.    Failing to disclose to any merchant broker, payment processor, or financial institution any
23  material fact related to obtaining a merchant account including, but not limited to, the identity of the
24  owner, manager, director, or officer of the applicant for or holder of a merchant account, and any
25  material connection between the owner, manager, director, or officer of the applicant for or holder of a
26  merchant account and any person who has been or is placed in a merchant account monitoring program,
27  has had a merchant account terminated by a payment processor or a financial institution, or has been
28  fined or otherwise disciplined in connection with a merchant account by a payment processor or a

Preliminary Injunction - Page 13

1    financial institution; and

2        C.       Engaging in any practice that may have the effect of circumventing the chargeback

3 monitoring programs or other risk management programs implemented by the credit card payment

4 associations.

5                          **V. CEASING COLLECTION ACTIVITY**

6        **IT IS FURTHER ORDERED** that defendants, whether acting directly or through any

7 corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,

8 agents, servants, employees, attorneys, and all persons or entities in active concert or participation with

9 them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily

10 restrained and enjoined from causing any withdrawal, assessment of a fee, or other payment to be made

11 against any consumer account, or otherwise causing collection of, or attempts to collect, payment,

12 directly or indirectly, from a consumer, for any product, program, or service offered or provided to

13 consumers, where the purported authorization for such payment occurred prior to the effective date of

14 this Order.

15                          **VI. FINANCIAL STATEMENTS**

16        **IT IS FURTHER ORDERED** that, unless previously submitted, each defendant shall serve upon

17 counsel for the Commission, no later than ten (10) business days after entry of this Order:

18        A.       A completed individual financial statement accurate as of the date of entry of this Order,

19 on the form attached to this Order (**Attachment A**), signed under penalty of perjury. The financial

20 statement shall include assets held inside and outside the territory of the United States, shall be accurate

21 as of the date of the entry of this Order, and shall be verified under oath. Each individual defendant shall

22 attach to the completed financial statement copies of all local, state, provincial, and federal income and

23 property tax returns, with attachments and schedules, as called for by the instructions to the financial

24 statement; and

25        B.       A completed corporate financial statement for each corporate defendant accurate as of the

26 date of entry of this Order, on the form attached to this Order (**Attachment B**), signed under penalty of

27 perjury. Each financial statement shall include assets held inside and outside the territory of the United

28 States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Each

Preliminary Injunction - Page 14

1 | corporate defendant shall attach to the completed financial statements copies of all local, state,

2 | provincial, and federal income and property tax returns, with attachments and schedules, as called for by

3 | the instructions to the financial statements.

4 | ### VII.  ASSET FREEZE

5 | **IT IS FURTHER ORDERED** that defendants, whether acting directly or through any

6 | corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,

7 | agents, servants, employees, and attorneys, and all other persons or entities in active concert or

8 | participation with them who receive actual notice of this Order by personal service or otherwise, except

9 | as directed by further order of the Court, are hereby preliminarily restrained and enjoined from:

10 | A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing,

11 | dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other

12 | interest in, or otherwise disposing of any asset, or any interest therein, wherever located, including

13 | outside the territorial United States, that is owned by, controlled by, or in the actual or constructive

14 | possession of, in whole or in part, any defendant or any other person or entity, and is so held or

15 | controlled for the benefit of, or subject to access by, or belonging to, any named defendant in this action

16 | or any other corporation, partnership, trust, foundation, or any other entity directly or indirectly owned,

17 | managed, or controlled by, or under common control with, any defendant including, but not limited to,

18 | any assets held by or for any defendant in any account at any bank or savings and loan institution, or with

19 | any credit card processing agent, automated clearing house processor, network transaction processor,

20 | bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding

21 | or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund,

22 | storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading

23 | company, precious metal dealer, or other financial institution or depository of any kind, either within or

24 | outside the territorial United States; and

25 | B.    Failing to provide a written accounting within three (3) days from the date of entry of this

26 | Order for each asset subject to the provisions of Section VII.A.

27 | ### VIII.  DUTIES OF THIRD PARTIES

28 | **IT IS FURTHER ORDERED** that any financial institution, business entity, or person

Preliminary Injunction - Page 15

1 | maintaining or having custody or control of any account or other asset of any defendant, or any

2 | corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under

3 | common control with any defendant, which is served with a copy of this Order, or otherwise has actual or

4 | constructive knowledge of this Order, shall:

5 |      A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment,

6 | transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or

7 | other disposal of any of the assets, funds, documents, or other property held by, or under its control:

8 |            1.    On behalf of, or for the benefit of, any defendant or any other party subject to

9 |                 Section VII above;

10 |            2.    In any account maintained in the name of, or for the benefit of, or subject to

11 |                 withdrawal by, any defendant or other party subject to Section VII above; and

12 |            3.    That are subject to access or use by, or under the signatory power of, any

13 |                 defendant or other party subject to Section VII above;

14 |      B.    Deny defendants access to any safe deposit boxes or storage facilities that are either:

15 |            1.    Titled in the name, individually or jointly, of any defendant, or other party subject

16 |                 to Section VII above; or

17 |             2.    Subject to access by any defendant or other party subject to Section VII above;

18 |      C.    Provide the Commission, within five (5) days of the date of service of this Order, a sworn

19 | statement setting forth:

20 |            1.    The identification number of each account or asset titled in the name, individually

21 |                 or jointly, of any defendant, or held on behalf of, or for the benefit of, any

22 |                 defendant or other party subject to Section VII above, including all trust accounts

23 |                 managed on behalf of any defendant or subject to any defendant's control;

24 |            2.    The balance of each such account, or a description of the nature and value of such

25 |                 asset;

26 |            3.    The identification and location of any safe deposit box, commercial mail box, or

27 |                 storage facility that is either titled in the name, individually or jointly, of any

28 |                 defendant, or is otherwise subject to access or control by any defendant or other

1  |  party subject to Section VII above, whether in whole or in part; and

2  |  4.  If the account, safe deposit box, storage facility, or other asset has been closed or

3  |  removed, the date closed or removed and the balance on said date; and

4  |  D.  Upon plaintiff's request, within five (5) business days of said request, provide the

5  |  Commission with copies of all records or other documentation pertaining to each such account or asset

6  |  including, but not limited to, originals or copies of account applications, account statements, corporate

7  |  resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other

8  |  debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

9  |  ## IX. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

10 |  **IT IS FURTHER ORDERED** that defendants shall:

11 |  A.  To the extent they have not already done so, within three (3) business days following

12 |  entry of this Order, take such steps as are necessary to repatriate to the territory of the United States of

13 |  America all assets that are located in a country other than the United States or Canada and are held by or

14 |  for defendants or are under defendants' direct or indirect control, jointly, severally, or individually;

15 |  B.  To the extent they have not already done so, within three (3) business days following

16 |  entry of this Order, provide plaintiff with a full accounting of all assets that are located outside of the

17 |  United States or Canada that have been transferred to the United States pursuant to Subsection A above

18 |  and are held by or for any defendant or are under any defendant's direct or indirect control, jointly,

19 |  severally, or individually, including the addresses and names of any foreign or domestic financial

20 |  institution or other entity holding the assets, along with the account numbers and balances;

21 |  C.  Hold and retain all such assets and prevent any transfer, disposition, or dissipation

22 |  whatsoever of any such assets; and

23 |  D.  To the extent they have not already done so, within three (3) business days following

24 |  entry of this Order, provide plaintiff access to defendants' records and documents held by financial

25 |  institutions or other entities outside the United States and Canada, by signing and delivering to plaintiff's

26 |  counsel the Consent to Release of Financial Records attached to this Order (**Attachment C**).

27 |

28 |

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1

## X. NONINTERFERENCE WITH REPATRIATION

2      **IT IS FURTHER ORDERED** that defendants are hereby preliminarily restrained and enjoined

3 from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of

4 foreign assets, or in the hindrance of the repatriation required by the preceding Section IX of this Order

5 including, but not limited to:

6      A.      Sending any statement, letter, facsimile, email or wire transmission, or telephoning or

7 engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or

8 other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such

9 time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

10      B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities

11 of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order,

12 until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

13

## XI. LIMITED EXPEDITED DISCOVERY

14      **IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34,

15 and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f),

16 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

17      A.      Take the deposition of any person, whether or not a party, for the purpose of discovering

18 the nature, location, status, and extent of the assets of defendants, and defendants' affiliates and

19 subsidiaries; the nature and location of documents reflecting the business transactions of defendants, and

20 defendants' affiliates and subsidiaries; the location of any premises where defendants, directly or through

21 any third party, conduct business operations; the defendants' whereabouts; and/or the applicability of any

22 evidentiary privileges to this action; and

23      B.      Demand the production of documents from any person, whether or not a party, relating to

24 the nature, status, and extent of the assets of defendants, and defendants' affiliates and subsidiaries; the

25 nature and location of documents reflecting the business transactions of defendants, and defendants'

26 affiliates and subsidiaries; the location of any premises where defendants, directly or through any third

27 party, conduct business operations; the defendants' whereabouts; and/or the applicability of any

28 evidentiary privileges to this action.

Preliminary Injunction - Page 18

1       Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall

2 be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall

3 be deemed sufficient for the production of any such documents that are maintained or stored only as

4 electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties.

5 The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and

6 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken

7 pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward

8 any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of

9 Civil Procedure for the United States District Court for the Western District of Washington, including

10 those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery

11 upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in

12 Section XVI of this Order.

13       **XII. MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY**

14       **IT IS FURTHER ORDERED** that defendants, whether acting directly or indirectly through any

15 corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,

16 agents, servants, employees, attorneys, and all persons or entities in active concert or participation with

17 them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily

18 restrained and enjoined from:

19       A.     Failing to create and maintain books, records, accounts, bank statements, current

20 accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers

21 and source documents, documents indicating title to real or personal property, and any other data which,

22 in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions,

23 dispositions, and uses of the defendants' assets;

24       B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing

25 of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that

26 relate in any way to the business practices or business or personal finances of defendants; to the business

27 practices or finances of entities directly or indirectly under the control of defendants; or to the business

28 practices or finances of entities directly or indirectly under common control with any other defendant;

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1 | and

2 |       C.      Creating, operating, or exercising any control over any new business entity, whether

3 | newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole

4 | proprietorship, or corporation, without first providing plaintiff with a written statement disclosing (1) the

5 | name of the business entity; (2) the address and telephone number of the business entity; (3) the names of

6 | the business entity's officers, directors, principals, managers, and employees; and (4) a detailed

7 | description of the business entity's intended activities.

8 | ### XIII. PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

9 | **IT IS FURTHER ORDERED** that defendants, whether acting directly or indirectly through any

10 | corporation, partnership, subsidiary, division, affiliate, or other entity or device, and their officers,

11 | agents, servants, employees, attorneys, and all persons or entities in active concert or participation with

12 | them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily

13 | restrained and enjoined from:

14 |       A.      Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth

15 | date, telephone number, email address, Social Security number, Social Insurance number, credit card

16 | number, bank account number, or other financial or identifying personal information of any person from

17 | whom or about whom any defendant obtained such information in connection with activities alleged in

18 | the FTC's Complaint; and

19 |       B.      Benefitting from or using the name, address, birth date, telephone number, email address,

20 | Social Security number, Social Insurance number, credit card number, bank account number, or other

21 | financial or identifying personal information of any person from whom or about whom any defendant

22 | obtained such information in connection with activities alleged in the FTC's Complaint.

23 |       *Provided, however*, that defendants may disclose such financial or identifying personal

24 | information to a law enforcement agency or as required by any law, regulation, or court order.

25 | ### XIV. COMPLIANCE MONITORING

26 | **IT IS FURTHER ORDERED** that for the purpose of monitoring compliance with this Order,

27 | upon written request from the FTC, defendants shall provide to counsel for plaintiff within ten (10) days

28 | of the request:

FEDERAL TRADE COMMISSION
915 Second Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

1    A.    Copies of all marketing materials for any product, program, or service in use at the time of

2  the receipt of plaintiff's request. Such marketing materials shall include, but not be limited to, sales and

3  customer service scripts, websites, banner ads, emails, recorded outbound telephone messages, and other

4  materials provided to consumers, employees, independent contractors, or other third party agents; and

5    B.    The full list, or if agreed by the parties, some sample of that list, of all consumers who

6  have paid defendants, directly or indirectly, any fee, purchase price, or other payment since the date of

7  entry of this Order in connection with any product, program, or service, and all refunds defendants have

8  provided to said consumers. The list shall contain each consumer's name, address, telephone number,

9  date of transaction, and amount paid, the amount refunded, and the website through which the consumer

10  made the purchase.

11    ## XV.  DISTRIBUTION OF ORDER BY DEFENDANTS

12    **IT IS FURTHER ORDERED** that defendants shall immediately provide a copy of this Order to

13  each of their corporations, partnerships, subsidiaries, divisions, affiliates, marketing affiliate, sales

14  entities, successors, assigns, independent contractors, or other entity or device, and their officers,

15  directors, partners, members, agents, servants, employees, sales persons, representatives, attorneys, and

16  all other persons or entities in active concert or participation with them. Within ten (10) days following

17  entry of this Order, each defendant shall file with this Court and serve on plaintiff's counsel an affidavit

18  identifying the names, titles, addresses, and telephone numbers of the persons that defendants have

19  served with a copy of this Order in compliance with this provision.

20    ## XVI.  SERVICE OF THIS ORDER BY PLAINTIFF

21    **IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission,

22  personal or overnight delivery, electronic mail, or U.S. Mail, by agents and employees of the

23  Commission or any federal law enforcement agency, on (1) defendants, or (2) any other person or entity

24  that may be subject to any provision of this Order. Service upon any branch or office of any entity shall

25  effect service upon the entire entity.

26    ## XVII.  CONSUMER REPORTING AGENCIES

27    **IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15

28  U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any

FEDERAL TRADE COMMISSION
915 Second Ave., Su. 2896
Seattle, Washington 98174
(206) 220-6350

1 | defendant to plaintiff.

2 | ### XVIII.  RETENTION OF JURISDICTION

3 | **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

4 | purposes.

5 |

6 | **IT IS SO ORDERED,** this _____ day of _____, 2011, at ____.m.

7 |

8 | _____

9 | United States District Judge
Western District of Washington

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Preliminary Injunction - Page 22

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.  "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3.  "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4.  Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5.  Type or print legibly.

6.  Initial each page in the space provided in the lower right corner.

7.  Sign and date the completed financial statement on the last page.


**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment A**

## BACKGROUND INFORMATION

**Item 1.**     **Information About You**

Your Full Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____ Drivers License No. _____

Current Address _____ From (Date) _____

Rent or Own? _____ Telephone No. _____ Facsimile No. _____

E-Mail Address _____ Internet Home Page _____

Previous Addresses for past five years:

Address_____ Rent or Own?_____ From/Until_____

Address_____ Rent or Own?_____ From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they

were used_____

**Item 2.**     **Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s)

during which they were used _____

Address (if different from yours) _____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address _____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.**     **Information About Your Previous Spouse**

Previous Spouse's Name & Address _____

_____ Social Security No. _____ Date of Birth _____

Initials _____

**Item 4.**       **Contact Information**

Name & Address of Nearest Living Relative or Friend _____

_____ Telephone No. _____

**Item 5.**       **Information About Dependents Who Live With You**

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

‣Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 6.**       **Information About Dependents Who Do Not Live With You**

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

‣Name Address _____

Date of Birth _____ Relationship _____ Social Security No._____

‣Name & Address _____

Date of Birth _____ Relationship _____ Social Security No._____

**Item 7.**       **Employment Information**

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

‣Company Name & Address _____

Dates Employed:  From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

_____

Page 3                                                                            Initials _____

**Item 7. continued**

Income Received: This year-to-date: $_____     _____: $_____

       20_____: $_____     _____: $_____

       _____: $_____     _____: $_____

►Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received: This year-to-date: $_____     _____: $_____

       20_____: $_____     _____: $_____

       _____: $_____     _____: $_____

►Company Name & Address _____

Dates Employed: From (Month/Year) _____ To (Month/Year) _____

Positions Held with Beginning and Ending Dates _____

Income Received: This year-to-date: $_____     _____: $_____

       20_____: $_____     _____: $_____

       _____: $_____     _____: $_____

**Item 8.**  **Pending Lawsuits Filed by You or Your Spouse**

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

**Item 9.**      **Pending Lawsuits Filed Against You or Your Spouse**

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 10.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |

**Item 11.**      **Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

►Business' Name & Address _____

Business Format (*e.g.,* corporation) _____ Description of Business _____

_____ Position(s) Held, and By Whom _____

Initials _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

#### Item 12. Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____  Cash Held For Your Benefit $_____

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

#### Item 13. U.S. Government Securities

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Name on Account | Type of Obligation | Security Amount | Maturity Date |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

Initials _____

**Item 14.** **Publicly Traded Securities and Loans Secured by Them**

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

▸Issuer _____ Type of Security _____ No. of Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against Security $_____

Broker House, Address _____ Broker Account No. _____

**Item 15.** **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

▸Business Format _____ Business' Name & Address _____

_____ Ownership % _____

Owner (e.g., self, spouse) _____ Current Fair Market Value $_____

**Item 16.** **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

▸Opposing Party's Name & Address _____

Court's Name & Address _____ Docket No. _____

Nature of Lawsuit _____ Date of Judgment _____ Amount $_____

Initials _____

**Item 17.**      **Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly Payment $_____

**Item 18.**      **Life Insurance Policies**

List all life insurance policies held by you, your spouse, or your dependents.

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

▸Insurance Company's Name, Address, & Telephone No. _____

_____

Insured _____ Beneficiary _____ Face Value $_____

Policy No. _____ Loans Against Policy $_____ Surrender Value $_____

**Item 19.**      **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

▸Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No. _____

_____

Account No. _____ Surrender Value $_____

Page 8                                                  Initials _____

**Item 20.**     **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 21.**     **Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles**

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

►Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

►Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

Initials _____

**Item 21. Continued**

▸Vehicle Type _____ Make _____ Model _____ Year _____

Registered Owner's Name _____ Registration State & No. _____

Address of Vehicle's Location _____

Purchase Price $_____ Current Value $_____ Account/Loan No. _____

Lender's Name and Address _____

Original Loan Amount $_____ Current Loan Balance $_____ Monthly Payment $_____

**Item 22.      Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value $_____

Basis of Valuation_____ Loan or Account No._____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Initials _____

**Item 23.**      **Credit Cards**

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**Item 24.**      **Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |
| | $ | |

**Item 25.**      **Judgments or Settlements Owed**

List all judgments or settlements owed by you, your spouse, or your dependents.

Opposing Party's Name & Address

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

**Item 26.**     **Other Loans and Liabilities**

List all other loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____

Nature of Liability_____     Name(s) on Liability_____

Date of Liability_____     Amount Borrowed $_____     Current Balance $_____

Payment Amount $_____     Frequency of Payment_____

▸Name & Address of Lender/Creditor _____

Nature of Liability_____     Name(s) on Liability_____

Date of Liability_____     Amount Borrowed $_____     Current Balance $_____

Payment Amount $_____     Frequency of Payment_____

## OTHER FINANCIAL INFORMATION

**Item 27.**     **Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. *Provide a copy of each signed tax return that was filed during the last three years.*

| Tax Year | Name(s) on Return | Refund Expected |
|----------|-------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 28.**     **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years. *Provide a copy of each application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|------------------------|--------------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Initials _____

**Item 29.**    **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. *Provide copies of all executed trust documents.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

**Item 30.**    **Transfers of Assets**

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Initials _____

## SUMMARY FINANCIAL SCHEDULES

**Item 31.**      **Combined Balance Sheet for You, Your Spouse, and Your Dependents**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand (Item 12) | $_____ | Credit Cards (Item 23) | $_____ |
| Cash in Financial Institutions (Item 12) | $_____ | Motor Vehicles - Liens (Item 21) | $_____ |
| U.S. Government Securities (Item 13) | $_____ | Real Property - Encumbrances (Item 22) | $_____ |
| Publicly Traded Securities (Item 14) | $_____ | Loans Against Publicly Traded Securities (Item 14) | $_____ |
| Other Business Interests (Item 15) | $_____ | Taxes Payable (Item 24) | $_____ |
| Judgments or Settlements Owed to You  (Item 16) | $_____ | Judgments or Settlements Owed (Item 25) | $_____ |
| Other Amounts Owed to You (Item 17) | $_____ | Other Loans and Liabilities (Item 26) | $_____ |
| Surrender Value of Life Insurance (Item 18) | $_____ | Other Liabilities (Itemize) | |
| Deferred Income Arrangements (Item 19) | $_____ | _____ | $_____ |
| Personal Property (Item 20) | $_____ | _____ | $_____ |
| Motor Vehicles (Item 21) | $_____ | _____ | $_____ |
| Real Property (Item 22) | $_____ | _____ | $_____ |
| Other Assets (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

**Item 32.** **Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary - After Taxes | $ | Mortgage Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties | $ | Property Taxes for Residence(s) | $ |
| Interest | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income | $ | Food Expenses | $ |
| Profits from Sole Proprietorships | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs | $ | Utilities | $ |
| Distributions from Trusts and Estates | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | Other Household Expenses | $ |
| Gambling Income | $ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| Total Income | $ | Total Expenses | $ |

Initials _____

## ATTACHMENTS

__Item 33.__    __Documents Attached to this Financial Statement__

List all documents that are being submitted with this financial statement.

Item No. Document                                      Description of Document
   Relates To

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____


I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                    Signature

Initials _____

## FEDERAL TRADE COMMISSION

### FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.      Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2.      In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3.      When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4.      Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5.      Type or print legibly.

6.      An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

**Attachment B**

## BACKGROUND INFORMATION

**Item 1.**     **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**     **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**     **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**     **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

**Item 5.**     **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Item 6.**     **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Initials _____

**Item 7.**        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Initials _____

**Item 10.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |
|      |           |         |         |

**Item 11.**      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
|                                   |                  |
|                                   |                  |
|                                   |                  |
|                                   |                  |

**Item 12.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |
|      |           |         |

Initials _____

**Item 13.**     **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials_____

**Item 14.**     **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

**Item 18.**        **Financial Statements**

Page 8                                                                 Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |
|      |               |                         |                     |                           |          |

### Item 19.     Financial Summary

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

|                        | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------------------------|----------------------|------------|-------------|-------------|
| Gross Revenue          | $                    | $          | $           | $           |
| Expenses               | $                    | $          | $           | $           |
| Net Profit After Taxes | $                    | $          | $           | $           |
| Payables               | $                    |            |             |             |
| Receivables            | $                    |            |             |             |

### Item 20.     Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |
|                                          |                        |             | $               |

### Item 21.     Government Obligations and Publicly Traded Securities

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**  **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**  **Other Assets**

Page 10                                                                                                           Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

## Item 24.        Trusts and Escrows

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

## Item 25.        Monetary Judgments and Settlements Owed To the Corporation

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**  **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**  **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Page 12                                                                 Initials_____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

## Item 28.    Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

## Item 29.    Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

## Item 30.    Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Page 13                                                                              Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

**Item 31.**     **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

**Item 32.**     **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document Relates To     Description of Document

Initials _____

---

---

---

---

---

---

---

---

---

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____

(Date)                                  Signature


                                        _____

                                        Corporate Position

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of *FTC v. Jesse Willms, et al.*, now pending in the United States District Court for the Western District of Washington at Seattle, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be the relevant principal. This consent form is being executed pursuant to court order.

Dated: _____, 2011    Signed: _____

**Attachment C**