1  BAUTE & TIDUS LLP
   Mark D. Baute (State Bar No. 127329)
2  mbaute@bautelaw.com
   Jeffrey A. Tidus (State Bar No. 089585)
3  jtidus@bautelaw.com
   Patrick M. Maloney (State Bar No. 197844)
4  pmaloney@bautelaw.com
   801 South Figueroa Street, Suite 1100
5  Los Angeles, California 90017
   Telephone: (213) 630-5000
6  Facsimile: (213) 683-1225

7  Attorneys for Plaintiff
   SYMANTEC CORPORATION

8

9

10

FILED

2007 MAR 27  PM 3: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ Le ____DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

**VIA FAX**

11  SYMANTEC CORPORATION,

12          Plaintiff,

13

14    vs.

15  EDIRECTSOFTWARE, a Canadian
    partnership; JESSE WILLMS, an
16  individual; LINDA WILLMS, an
    individual; MICHAEL CALLAWAY,
17  an individual; 1016363 ALBERTA
    LTD., a Canadian Corporation; 1021018
18  ALBERTA LTD., a Canadian
    Corporation; and DOES 1-10, inclusive,
19
20          Defendants.
21

22

23

24

25

26

27

28

Case No 07 CV 0563   BEN WMc

**COMPLAINT FOR:**

(1)  **TRADEMARK
     INFRINGEMENT**
(2)  **LANHAM ACT § 43(a)**
(3)  **COPYRIGHT
     INFRINGEMENT**
(4)  **FRAUD**
(5)  **TRAFFICKING IN
     COUNTERFEIT LABELS,
     DOCUMENTATION
     AND/OR PACKAGING
     (18 U.S.C. § 2318)**
(6)  **UNFAIR COMPETITION
     (Cal. B&P § 17200, et seq.)**
(7)  **COMMON LAW UNFAIR
     COMPETITION**
(8)  **STATE LAW FALSE
     ADVERTISING**
(9)  **INTENTIONAL
     INTERFERENCE WITH
     PROSPECTIVE
     ECONOMIC
     ADVANTAGE**
(10) **NEGLIGENT
     INTERFERENCE WITH
     PROSPECTIVE
     ECONOMIC
     ADVANTAGE**

**JURY TRIAL DEMANDED**

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173.                                                          COMPLAINT

PI Exhibit 60 Page 03064

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over the claims in this action which relate to copyright, trademark and federal unfair competition laws pursuant to the provisions of 15 U.S.C. §1121, 28 U.S.C. §1338 and 28 U.S.C. §1331.

2.      This Court has supplemental jurisdiction over the claims in this complaint which arise under the statutory and common law of the State of California pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b). The Plaintiff alleges on information and belief that software that is the subject of this complaint was mailed to customers in the Southern District of California. The infringing products which are the subject of this litigation were distributed and/or offered for distribution in the Southern District of California, and the claims alleged in this action arose in the Southern District of California.

## PARTIES

4.      Plaintiff Symantec Corporation ("Plaintiff" or "Symantec") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, and qualified to do business in California. Symantec's corporate offices are in California, including corporate headquarters in the San Francisco bay area and offices in the counties of Los Angeles and San Diego, California.

5.      Plaintiff is informed and believes and on that basis alleges that defendant Jesse Willms is an individual with his principal residence in Alberta, Canada, and principal business addresses in Montana, USA and in Alberta, Canada. Plaintiff is informed and believes and on that basis alleges that defendant Jesse Willms sometimes does business under the fictitious names set forth in this

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

COMPLAINT

- 1 -

PI Exhibit 60 Page 03065

1  complaint. Plaintiff may seek to amend this complaint to add additional such
2  fictitious names when they are ascertained.

3      6.    Plaintiff is informed and believes and on that basis alleges that
4  defendant Linda Willms is an individual with her principal residence in Alberta,
5  Canada, and principal business addresses in Montana, USA and in Alberta,
6  Canada. Plaintiff is informed and believes and on that basis alleges that defendant
7  Linda Willms sometimes does business under the fictitious names set forth in this
8  complaint. Plaintiff may seek to amend this complaint to add additional such
9  fictitious names when they are ascertained.

10     7.    Plaintiff is informed and believes and on that basis alleges that
11 defendant Michael Callaway ("Callaway") is an individual with his principal
12 residence in Alberta, Canada, and principal business addresses in Montana, USA
13 and in Alberta, Canada. Plaintiff is informed and believes and on that basis
14 alleges that defendant Jesse Willms sometimes does business under the fictitious
15 names set forth in this complaint. Plaintiff may seek to amend this complaint to
16 add additional such fictitious names when they are ascertained.

17     8.    Defendants Jesse Willms, Linda Willms and Callaway are sometimes
18 referred to in this complaint as the "Individual Defendants."

19     9.    Plaintiff is informed and believes and on that basis alleges that
20 defendant eDirectSoftware ("eDirect") is a partnership organized under the laws of
21 the province of Alberta, Canada.

22     10.   Plaintiff is informed and believes and on that basis alleges that
23 defendant 1016363 Alberta Ltd. ("1016363") is a Canadian corporation with
24 principal business address in Alberta, Canada.

25     11.   Plaintiff is informed and believes and on that basis alleges that
26 defendant 1021018 Alberta Ltd. ("1021018") is a Canadian corporation with
27 principal business address in Alberta, Canada.

28     12.   Defendants eDirect, 1016363 and 1021018 are sometimes referred to

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

-2-

COMPLAINT

1  in this complaint as the "Business Entity Defendants."

2      13.   Plaintiff is informed and believes and on that basis alleges that each
3  of the defendants sometimes does business under the name edirectsoftware.com,
4  and that each of the defendants participates in the operation, management and
5  control of the internet website at www.edirectsoftware.com.

6      14.   Plaintiff is informed and believes and on that basis alleges that each
7  of the Individual Defendants is an owner of each of the Business Entity
8  Defendants.

9      15.   Plaintiff is informed and believes and on that basis alleges that each
10  of the Individual Defendants is an officer of each of the Business Entity
11  Defendants.

12     16.   Plaintiff is informed and believes and on that basis alleges that each
13  of the Individual Defendants is a director or manager of each of the Business
14  Entity Defendants.

15     17.   Plaintiff is informed and believes and on that basis alleges that each
16  of the Individual Defendants manages the affairs of each of the Business Entity
17  Defendants and as such is aware of the activities of each of the Business Entity
18  Defendants as alleged in this Complaint.

19     18.   Plaintiff is informed and believes and on that basis alleges that each
20  of the Individual Defendants sometimes does business under the names
21  edirectsoftware.com and edirectsoftware, and that each of the defendants has
22  created, operates and uses a website at the internet location
23  www.edirectsoftware.com for the wrongful activities alleged in this complaint.

24     19.   Plaintiff is informed and believes and on that basis alleges that each
25  of the Individual Defendants in his or her capacity as owner, officer, director,
26  manager and/or executive of each of the Business Entity Defendants, is personally
27  aware of, and has authorized, approved, ratified, participated in, and instigated the
28  wrongful conduct set forth in this complaint.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173                                                              COMPLAINT
- 3 -

Pl Exhibit 60 Page 03067

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1       20.    Plaintiff is informed and believes and on that basis alleges that each

2   of the Individual Defendants is personally aware of, and has authorized, approved,

3   ratified, participated in, and instigated the wrongful conduct set forth in this

4   complaint.

5       21.    Plaintiff is unaware of the true names and capacities of the defendants

6   sued herein under the fictitious names DOE 1 - DOE 10, inclusive.  Plaintiff will

7   seek leave to amend to state the true names and capacities of such defendants

8   when such information is ascertained.

9       22.    At all times material herein, each of the defendants was the agent,

10   employee, and/or representative of each of the remaining defendants, and, in doing

11   the things alleged herein, was acting within the scope of such agency,

12   employment, or representation.

13       23.    Plaintiff is informed and believes and on that basis alleges that there

14   exists, and at all times relevant hereto there existed, a unity of interest and

15   ownership between each of the Business Entity Defendants and each of the

16   Individual Defendants such that any individuality and separateness of each of the

17   Business Entity Defendants ceased or never existed, and each of the Individual

18   Defendants is the alter ego of each of the Business Entity Defendants.

19       24.    Plaintiff is informed and believes and on that basis alleges that each

20   of the Individual Defendants created and continues to use each of the Business

21   Entity Defendants to shield him or her from liability for the actions complained of

22   in this complaint.

23       25.    Plaintiff is informed and believes and on that basis alleges that each

24   of the Individual Defendants has and continues to: commingle and fail to

25   segregate each of the Business Entity Defendants' funds and other assets from his

26   or her own; treat assets nominally belonging to each of the Business Entity

27   Defendants as his or her own; and share a unity of ownership, control and

28   management with each of the Business Entity Defendants.

91117.3

-4-

PI Exhibit 60 Page 03068

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1     26.    Plaintiff is informed and believes and on that basis alleges that each

2  of the Business Entity Defendants has inadequate capitalization and functions as a

3  mere shell and/or conduit for the business ventures of each of the Individual

4  Defendants such that any activities attributed to the former are in fact activities of

5  the latter, and that each of the Individual Defendants uses each of the Business

6  Entity Defendants as a subterfuge designed to avoid liability for the wrongful

7  conduct attributable to himself or herself as alleged throughout this complaint.

8     27.    Adherence to the fiction of the existence of each of the Business

9  Entity Defendants as an entity separate and distinct from each of the Individual

10  Defendants would permit an abuse of the corporation and/or limited liability

11  company privilege and would promote injustice and fraud in that it would enable

12  each of the Individual Defendants to continue to commit the actions complained of

13  in this complaint while shielding himself or herself from liability by use of each of

14  the insolvent Business Entity Defendants.

15            **CENTRAL ALLEGATIONS OF WRONGDOING**

16     28.    Plaintiff manufactures and distributes software for personal

17  computers.

18     29.    Plaintiff has produced several different versions of its Norton

19  SystemWorks ("NSW") products, including NSW 2003 and NSW 2003

20  Professional Edition and annual revisions of both versions.  The most recent NSW

21  products include Norton SystemWorks 2005, Norton SystemWorks 2005 Premier

22  Edition, Norton SystemWorks 2006, and Norton SystemWorks 2006 Premier

23  Edition.

24     30.    Each NSW product consists of a suite of several popular and useful

25  software programs, including but not limited to: Norton AntiVirus; Norton

26  Utilities; Norton CleanSweep; Roxio's GoBack; and Norton Ghost.  NSW also is

27  distributed with the "LiveUpdate" feature as alleged elsewhere in this Complaint.

28     31.    Plaintiff also manufactures stand-alone versions of some of the

911173

-5-

COMPLAINT

1   software products bundled together in its NSW product. One popular product is.

2   Norton AntiVirus. Plaintiff has manufactured several versions of Norton

3   AntiVirus for distribution and sale as separate products with their own disks and

4   distinctive retail packaging, including but not limited to Norton AntiVirus 2004,

5   Norton AntiVirus 2004 Professional Edition and Norton AntiVirus 2005.

6       32.     Symantec also manufactures pcAnywhere, with which computer users

7   can remotely perform certain functions on computers. Symantec has manufactured

8   several versions of pcAnywhere, including but not limited to pcAnywhere

9   versions 10.5, 11.0 and 11.5.

10      33.     Symantec also manufactures Norton Internet Security, including but

11  not limited to Norton Internet Security Family Edition and Norton Internet

12  Security 2005.

13      34.     Symantec also manufactures Symantec AntiVirus Small Business

14  Edition, an anti-virus program.

15      35.     Symantec also manufactures LiveUpdate, a computer software

16  program available by subscription which enables users of certain Symantec

17  software products to receive updates via downloads during the period of the

18  subscription. LiveUpdate is included in several Norton and/or Symantec products.

19      36.     Symantec also manufactures WinFax Pro 10.0, a program that enables

20  computer users to send and receive faxes.

21      37.     Symantec requires that all genuine, authorized copies of its software

22  be accompanied with certain labeling, documentation and/or packaging. Among

23  other things, the distinctive labeling, documentation and/or packaging provides

24  assurances to consumers that they have purchased genuine Norton and/or

25  Symantec software.

26      38.     Some of Symantec's software products are distributed with serial

27  numbers, which Symantec refers to as "product keys." The product key is

28  necessary to "activate" a Symantec software product during or shortly after

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

PI Exhibit 60 Page 03070

1    installation. Generally, the software will operate for only a short period if it is
2    installed without activation with the product key.

3        39.    A genuine product key may be used by a purchaser of genuine Norton
4    and/or Symantec software to obtain certain technical services, upgrades, and
5    renewals. Without an authorized and properly registered product key, Symantec
6    may refuse to provide such benefits to the holder of purported Norton and/or
7    Symantec software, in part because the lack of a proper product key is strong
8    evidence the software is counterfeit.

9        40.    The product keys also provide assurances to consumers that they have
10   purchased genuine Norton and/or Symantec software.

11       41.    Plaintiff distributes some of its software products pursuant to
12   agreements, commonly referred to as "OEM" agreements. Generally, such
13   agreements allow customers ("licensees") who sell and/or distribute computers to
14   distribute copies of Plaintiff's software with those computers. Plaintiff's OEM
15   agreements contain restrictions on the use, distribution, sale and resale of
16   Plaintiff's software by the licensee.

17       42.    The OEM agreements require, among other things, that the licensee
18   also require its customers in turn to comply with the terms of the OEM agreement,
19   including the restrictions therein as to the use, distribution, sale and resale of
20   Plaintiff's software covered by the OEM agreements.

21       43.    Some of Plaintiff's software titles are distributed on discs pursuant to
22   an OEM agreement. The OEM agreements require such discs to be distributed, if
23   at all, with the computers each licensee sells to its own customers.

24       44.    Plaintiff's OEM agreements require each disc containing software
25   authorized for sale or distribution pursuant to an OEM agreement to be labeled as
26   "OEM" software which can only be sold or distributed with the computer
27   equipment sold by the licensee. Sale or distribution of OEM discs by themselves,
28   *i.e.*, without the required computer equipment, violates the terms of Plaintiff's

BALTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3                                                                    **COMPLAINT**

-7-

PI Exhibit 60 Page 03071

1    OEM agreement. Such sale or distribution also violates the requirements set forth

2    on the label printed on each OEM disc.

3        45.    The defendants advertise merchandise for sale, including software

4    represented to be produced by Plaintiff.

5        46.    In or about 2005, Plaintiff became aware that the defendants were

6    marketing and selling products using Plaintiff's trademarks, representing that such

7    products were produced by Plaintiff, when in fact the defendants were marketing

8    and selling products neither manufactured by nor authorized by Symantec,

9    representing them as software manufactured by Symantec.

10        47.    During 2005 Plaintiff began receiving information that the defendants

11    were marketing, distributing and selling software, bearing the Norton and

12    Symantec trademarks and logos, but which was neither produced by Plaintiff nor

13    authorized by Plaintiff to be produced or sold. Plaintiff alleges on information and

14    belief that customers who purchased such software believed it to be produced by

15    Plaintiff, and were confused and misled by the defendants' marketing, labeling,

16    and sale of software using Plaintiff's trademarks.

17        48.    In or about August 2005, Plaintiff, through its agents, purchased a

18    copy of Symantec's WinFax Pro 10.0 from the defendants' website at

19    edirectsoftware.com.

20        49.    The defendants sent a disc marked with the Symantec name and logo

21    and the name "WinFax Pro 10.0," designed to look like a genuine Symantec

22    product.

23        50.    The product was shipped as a bare disc in a sleeve, without any retail

24    box, instruction manual or other packaging materials.

25        51.    The return address on the shipping envelope was "c/o edirectsoftware,

26    PO Box 320482, San Francisco, CA 94132-0482."

27        52.    Symantec inspected the disc and determined that it was counterfeit,

28    and was neither produced by Symantec nor authorized by Symantec to be

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

- 8 -

COMPLAINT

1   produced by any other person or entity.

2       53.   In or about August 2005, Plaintiff, through its agents, purchased a

3   copy of Symantec's pcAnywhere 11.5 from the defendants' website at

4   edirectsoftware.com.

5       54.   The defendants sent a disc marked with the Symantec name and logo

6   and the name "pcAnywhere 11.5," designed to look like a genuine Symantec

7   product.

8       55.   The product was shipped as a bare disc in a sleeve, without any retail

9   box, instruction manual or other packaging materials.

10      56.   The return address on the shipping envelope was "c/o edirectsoftware,

11  PO Box 320482, San Francisco, CA 94132-0482."

12      57.   Symantec inspected the disc and determined that it was counterfeit,

13  and was neither produced by Symantec nor authorized by Symantec to be

14  produced by any other person or entity.

15      58.   Several consumers submitted discs to Symantec that they had

16  purchased from defendants. Plaintiff is informed and believes and on that basis

17  alleges that those customers purchased those discs during the period September

18  2004 through February 2006.

19      59.   Those discs also proved to be counterfeit. The counterfeit discs

20  include purported NSW 2005 Premier, Norton Internet Security 2005, Norton

21  AntiVirus 2004, Norton AntiVirus 2005, and Norton Ghost 10.0.

22      60.   Plaintiff is informed and believes and on that basis alleges that the

23  discs were delivered in white sleeves without any retail packaging, without any

24  instruction manuals, and without any of the materials that would come with a

25  genuine Symantec product.

26      61.   Symantec inspected the discs and packaging materials and determined

27  that they were counterfeit, and were neither produced by Symantec nor authorized

28  by Symantec to be produced by any other person or entity.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3                                                           COMPLAINT

- 9 -

62.     On or about April 20, 2006, the Plaintiff notified the defendants that Plaintiff believed defendants were selling counterfeit Norton and/or Symantec software products, and demanding that they immediately cease and desist from such wrongful and infringing conduct.

63.     Defendants responded and initially promised to cooperate with the Plaintiff. Defendants disclosed some information concerning their source of supply of the purported Norton and Symantec products, and promised to submit their inventory of purported Norton and Symantec products to Plaintiff for inspection and evaluation.

64.     Defendants did submit some purported Norton and Symantec products for inspection and evaluation by the Plaintiff.

65.     Plaintiff determined that the discs Defendants provided for inspection were either outright counterfeits or discs that were offered for sale in violation of Symantec's OEM agreements, as described previously in this Complaint.

66.     Defendants failed to provide all of their inventory to the Plaintiff for inspection and analysis. Plaintiff is informed and believes and on that basis alleges that the reason defendants failed to provide all their inventory is that defendants were aware that the discs they withheld were counterfeit and/or unauthorized copies of Plaintiff's software products.

67.     Despite the Plaintiff's notice, defendants have failed and refused to cease their infringing activities. Instead, defendants have chosen to willfully ignore the Plaintiff's rights, and to wrongfully profit by willfully and intentionally continuing to market and sell counterfeit products using the Plaintiff's name, service marks and intellectual property owned by Plaintiff.

68.     Plaintiff is informed and believes and on that basis alleges that defendants sell unauthorized copies of Plaintiff's software with counterfeit product key codes. The unauthorized copies of Plaintiff's software do not legitimately entitle purchasers to install or use the software, or to obtain technical support,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

PI Exhibit 60 Page 03074

1  upgrades or renewals. Plaintiff is informed and believes and on that basis alleges

2  that such consumers are less likely to purchase genuine Norton and/or Symantec

3  products in the future.

4       69.    Defendants sell illegal counterfeit copies of Plaintiff's software.

5  Defendants falsely represent to potential buyers that the software defendants sell is

6  manufactured by Plaintiff. The software that defendants deliver to purchasers

7  bears the Symantec name and trademarks, but is neither produced by Plaintiff

8  Symantec nor produced under Plaintiff Symantec's authorization or any Symantec

9  license.

10       70.    Plaintiff is informed and believes, and on that basis alleges, that

11  defendants marketed, sold and delivered counterfeit Norton and/or Symantec

12  software with which the purchasers or recipients of such software themselves

13  produced infringing copies of Plaintiff's copyrighted works by installing the

14  counterfeit programs on their computers. As part of that installation process, each

15  of those purchasers produces unauthorized copies of Plaintiff's copyrighted works

16  with each such installation.

17  **FIRST CLAIM FOR RELIEF**

18  **[Trademark Infringement**

19  **Lanham Act, 15 U.S.C. § 1051 - 1157]**

20  **(Against All Defendants)**

21       71.    Paragraphs 1 through 70 are incorporated by this reference as though

22  set forth herein in full.

23       72.    Plaintiff registered the name "Symantec" in the United States Patent

24  and Trademark Office on April 21, 1992, registration number 1683688. Plaintiff

25  owns the trademark, which continues to be in full force and effect.

26       73.    Plaintiff registered the name "Norton SystemWorks" in the United

27  States Patent and Trademark Office on September 11, 2001, registration number

28  2488092. Plaintiff owns the trademark, which continues to be in full force and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 || effect.

2     74.   Plaintiff registered the name "Norton AntiVirus" in the United States

3 Patent and Trademark Office on March 16, 1993, registration number 1758084.

4 Plaintiff owns the trademark, which continues to be in full force and effect.

5     75.   The name "Ghost" was registered in the United States Patent and

6 Trademark Office on November 28, 1978, registration number 1107115. Plaintiff

7 owns the trademark, which continues to be in full force and effect.

8     76.   Plaintiff registered the name "LiveUpdate" in the United States Patent

9 and Trademark Office on May 4, 1999, registration number 2243057. Plaintiff

10 owns the trademark, which continues to be in full force and effect.

11     77.   The name "Norton Utilities" was registered in the United States

12 Patent and Trademark Office on October 18, 1988, registration number 1508960.

13 Plaintiff owns the trademark, which continues to be in full force and effect.

14     78.   The name "pcAnywhere" was registered in the United States Patent

15 and Trademark Office on July 13, 1993, registration number 1781148. Plaintiff

16 owns the trademark, which continues to be in full force and effect.

17     79.   The name "Cleansweep" was registered in the United States Patent

18 and Trademark Office on November 21, 1995, registration number 1936913.

19 Plaintiff owns the trademark, which continues to be in full force and effect.

20     80.   From and after the date of registration of each of its trademarks,

21 Plaintiff has used the trademarks continuously to identify its products. Plaintiff

22 markets, distributes and sells software under those trademarks in California,

23 throughout the United States, and in foreign countries.

24     81.   Plaintiff is informed and believes and on that basis alleges that at all

25 times relevant to the matters alleged in this complaint, the defendants knew that

26 the names "Symantec," "SystemWorks," "Norton AntiVirus," "Ghost,"

27 "pcAnywhere," and other trademarks were registered trademarks, owned by

28 Plaintiff. Plaintiff is informed and believes and on that basis alleges that, despite

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

- 12 -

COMPLAINT

1  that knowledge, defendants intentionally continued to infringe Plaintiff's

2  trademarks by advertising, marketing, selling and delivering software bearing

3  Plaintiff Symantec's names and trademarks, designed to look like Plaintiff

4  Symantec's software.

5      82.   Defendants, in violation of 15 U.S.C. § 1114, use in commerce

6  reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered

7  marks in connection with the sale, offering for sale, distribution, or advertising of

8  software designed to look like Plaintiff's software but which is neither genuine

9  Symantec software nor authorized by Symantec for distribution or sale. Such

10  unauthorized counterfeit copies are likely to cause confusion, or to cause mistake,

11  or to deceive, and have caused actual confusion, mistake and/or deception among

12  consumers who purchase defendants' products mistakenly believing they are

13  genuine, authorized versions of Plaintiff's products.

14      83.   Plaintiff is informed and believes and on that basis alleges that

15  defendants, in violation of 15 U.S.C. § 1114, reproduce, counterfeit, copy, or

16  colorably imitate Plaintiff's registered marks and apply such reproduction,

17  counterfeit, copy, or colorable imitation to labels, CDs, packages, and/or

18  advertisements intended to be used in commerce upon or in connection with the

19  sale, offering for sale, distribution, or advertising of software designed to look like

20  Plaintiff's software but which is neither genuine Symantec software nor authorized

21  by Symantec for distribution or sale. Such unauthorized counterfeit copies are

22  likely to cause confusion, or to cause mistake or to deceive, and have caused

23  actual confusion, mistake and/or deception among consumers who purchase

24  defendants' products mistakenly believing they are genuine, authorized versions

25  of Plaintiff's products.

26      84.   Plaintiff is informed and believes and on that basis alleges that

27  defendants use Plaintiff's trademarks in interstate commerce by: (1) advertising

28  defendants' products bearing the Plaintiff's trademarks on the internet; and

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911117.3                                                          COMPLAINT
                              - 13 -

1  (2) shipping counterfeit copies of Plaintiff's software in interstate commerce.

2  Defendants' use of Plaintiff's trademarks on defendants' products has misled and

3  confused consumers as to the source and quality of defendants' products.

4     85.  Plaintiff is informed and believes and on that basis alleges that as a

5  proximate result of the defendants' use of Plaintiff's trademarks, defendants have

6  taken unfair advantage of Plaintiff's research, development, advertising,

7  marketing, and consumer recognition of the Symantec name and logo, the Norton

8  name, Norton SystemWorks, pcAnywhere, Norton AntiVirus, LiveUpdate, Ghost,

9  Norton Internet Security and other trademarks.  Plaintiff is informed and believes

10  and on that basis alleges that defendants have sold substantial amounts of software

11  using Plaintiff's trademarks, and have thereby enjoyed substantial profits, which

12  Plaintiff believes are in excess of $8,000,000.

13     86.  Plaintiff is informed and believes and on that basis alleges that unless

14  restrained by this Court, defendants will continue to infringe Plaintiff's

15  trademarks, thereby creating numerous claims against defendants and multiple

16  proceedings, and that monetary compensation cannot provide Plaintiff with

17  adequate relief for the damage caused by defendants to Plaintiff's trademarks,

18  consumer recognition, and public confidence in Plaintiff's products.

19     87.  Defendants' actions, if not restrained, will continue to cause

20  irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

21  Defendants misrepresent their own products as those manufactured by Plaintiff.

22  Plaintiff is informed and believes, and on that basis alleges, that consumers who

23  purchase defendants' products, believing they have purchased Plaintiff's software,

24  will not purchase the genuine software from Plaintiff.  Plaintiff has permanently

25  lost such consumers as customers, and has permanently lost the profits Plaintiff is

26  entitled to under its trademarks.

27     88.  Plaintiff is informed and believes, and on that basis alleges, that if

28  defendants' products do not work properly, defendants' actions have further

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

- 14 -

COMPLAINT

1   caused irreparable harm to Plaintiff's name and reputation, because defendants

2   market and sell their products bearing false reproductions of Plaintiff's

3   trademarks.

**SECOND CLAIM FOR RELIEF**

**[False Designation of Origin — Lanham Act § 43(a)]**

**(Against All Defendants)**

7   89.   Paragraphs 1 through 88 are incorporated by this reference as though

8   set forth herein in full.

9   90.   Plaintiff has marketed, advertised and promoted its software under the

10  names and logos "Symantec," "Norton SystemWorks," "Norton AntiVirus,"

11  "pcAnywhere," "Ghost," "LiveUpdate," "Norton CleanSweep," "Norton Internet

12  Security," "Symantec AntiVirus Small Business Edition," and other names and

13  logos. As a result of this marketing, advertising and promotion, Plaintiff's names

14  and logos have come to mean and are understood to mean Plaintiff's products, and

15  are the means by which Plaintiff's products are distinguished from other software

16  in the United States and worldwide.

17  91.   Because of Plaintiff's long, continuous and exclusive use of the

18  names and logos as described in this complaint, Plaintiff's names and logos have

19  acquired secondary meaning and are associated by both the software industry and

20  the public with Plaintiff's products.

21  92.   Defendants' activities in advertising and/or promoting their software

22  bearing Plaintiff's names, logos, trademarks and counterfeit serial numbers or

23  product keys constitute false designation of origin, false description, and a false

24  representation that defendants' software originates from or is sponsored, approved

25  or authorized by Plaintiff. Thus, defendants' activities constitute violations of

26  Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

27  93.   Plaintiff is informed and believes and on that basis alleges that

28  defendants have sold numerous counterfeit copies of Plaintiff's software, and have

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

- 15 -

COMPLAINT

1 | thereby enjoyed substantial profits, which Plaintiff believes are in excess of

2 | $8,000,000.

3 | 94.     As a result of the foregoing, Plaintiff has been damaged in an amount

4 | which has not been precisely ascertained, but which will be alleged by amendment

5 | at such time when it is precisely ascertained.

6 | 95.     The activities of defendants have caused and will cause irreparable

7 | harm to Plaintiff for which Plaintiff has no adequate remedy at law in that (1) if

8 | defendants' wrongful conduct continues, consumers are likely to become further

9 | confused as to the ownership and/or affiliations of defendants' products; (2) the

10 | infringement by defendants constitutes an interference with Plaintiff's goodwill

11 | and customer relationships; and (3) defendants' wrongful conduct, and the

12 | damages resulting to Plaintiff, are continuing.  Accordingly, Plaintiff is entitled to

13 | preliminary and permanent injunctive relief.

14 | 96.     Defendants have committed the acts alleged above with previous

15 | knowledge of Plaintiff's prior use and superior rights to its names and logos, and

16 | with previous knowledge of the reputation of Plaintiff's products.

17 | 97.     Further, defendants' actions were for the willful and calculated

18 | purpose of attracting customers to their products based upon the good will of

19 | Plaintiff's name and business reputation, so as to mislead and deceive purchasers

20 | and the public.  Defendants' actions have caused and/or are likely to cause

21 | confusion and mistake among purchasers and the public as to the ownership or

22 | association of their products, all to defendants' gain and Plaintiff's damage.

23 | 98.     Plaintiff is also entitled to recovery of attorneys' fees and costs of suit

24 | pursuant to 15 U.S.C. § 1117.

25 |

26 |

27 |

28 |

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

COMPLAINT

- 16 -

**THIRD CLAIM FOR RELIEF**

[Copyright Infringement

17 U.S.C. § 501]

(Against All Defendants)

99.    Paragraphs 1 through 98 are incorporated by this reference as though set forth herein in full.

100.   Plaintiff designed, created, developed and owns or licenses software, including each of the software programs included in the various versions of NSW, which constitute the original work of Plaintiff.

101.   Plaintiff designed, created, developed and owns or licenses the software contained in pcAnywhere, which constitutes the original work of Plaintiff.

102.   Plaintiff designed, created, developed and owns or licenses the software contained in Norton Internet Security, which constitutes the original work of Plaintiff.

103.   Plaintiff designed, created, developed and owns or licenses the software contained in Symantec AntiVirus Small Business Edition, which constitutes the original work of Plaintiff.

104.   Plaintiff complied with all laws governing copyright and secured the exclusive rights and privileges in and to the copyrights of Norton AntiVirus, Norton Utilities, Norton CleanSweep, Norton Ghost, pcAnywhere, Norton Internet Security, and other software.

105.   Plaintiff has produced copies of the software in compliance with all copyright laws, whether by producing copies itself or under license to third parties.

106.   Defendants infringed Plaintiff's copyrights by marketing, selling and delivering software largely, if not entirely, copied from Plaintiff's software.

107.   Plaintiff informed defendants that Plaintiff owned both the trademark

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   and the copyright for the software defendants have infringed.

2   108.   Plaintiff informed defendants that defendants were infringing

3   Plaintiff's trademarks and copyrights.

4   109.   Despite that warning, defendants, and each of them, continue to

5   advertise, market, sell and deliver counterfeit copies of Plaintiff's software,

6   knowing that the discs they deliver are counterfeits and infringing on Plaintiff's

7   copyrights.   These actions have caused and continue to cause irreparable injury to

8   Plaintiff by inducing Plaintiff's prospective customers to purchase software from

9   defendants instead of from Plaintiff, and by misleading consumers as to the source

10   of the software.

11   110.   At least from and after early 2004, defendants have been producing,

12   marketing, selling and delivering counterfeit copies of Plaintiff's software, in

13   violation and derogation of Plaintiff's copyrights on such software, thereby

14   engaging in unfair trade practices and unfair competition against Plaintiff, causing

15   irreparable damage to Plaintiff.

16   111.   Plaintiff is informed and believes and on that basis alleges that as a

17   proximate result of the defendants' marketing, selling and delivering counterfeit

18   copies of Plaintiff's software, defendants have taken unfair advantage of

19   Plaintiff's research, development, advertising, marketing, and consumer

20   recognition of the copyrighted content of the software sold by Plaintiff.   Plaintiff

21   is informed and believes and on that basis alleges that defendants have sold

22   numerous counterfeit copies of Plaintiff's software, and have thereby enjoyed

23   substantial profits, which Plaintiff believes are in excess of $8,000,000.

24   112.   Defendants' actions, if not restrained, will continue to cause

25   irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

26   Defendants misrepresent their own products as those manufactured by Plaintiff.

27   Plaintiff is informed and believes, and on that basis alleges, that consumers who

28   purchase defendants' products, believing they have purchased Plaintiff's software,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173                                           COMPLAINT
                          - 18 -

1  will not purchase the genuine software from Plaintiff.  Plaintiff has permanently

2  lost such consumers as customers, and has permanently lost the profits Plaintiff is

3  entitled to under its copyrights.

## FOURTH CLAIM FOR RELIEF

### [Fraud]

### (Against all Defendants)

7      113.  Paragraphs 1 through 112 are incorporated by this reference as

8  though set forth herein in full.

9      114.  Plaintiff is informed and believes and on that basis alleges that

10  defendants, in their marketing and advertising and on their internet web sites, have

11  deliberately misrepresented to consumers that the products sold are Symantec

12  and/or Norton products, knowing that they are not.

13      115.  Plaintiff is informed and believes and on that basis alleges that

14  defendants intend that consumers will communicate those misrepresentations to

15  Plaintiff in order to obtain customer service and updates or upgrades on terms and

16  conditions that are available only to owners of genuine, authorized Symantec

17  and/or Norton software products.

18      116.  Plaintiff is informed and believes and on that basis alleges that

19  defendants make those misrepresentations intending that Plaintiff will act in

20  reasonable reliance thereon, including but not limited to by providing customer

21  service and updates or upgrades to purchasers of defendants' products on terms

22  and conditions that are available only to owners of genuine, authorized Symantec

23  and/or Norton software products.

24      117.  Plaintiff has justifiably relied on the misrepresentations of defendants

25  in that, on information and belief, Plaintiff has provided customer service and

26  updates or upgrades to some purchasers of defendants' products as if those

27  consumers had purchased genuine Symantec and/or Norton software products.

28      118.  Plaintiff has suffered damages as a proximate result of the

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911117.3

**COMPLAINT**

-19-

1  defendants' wrongful acts in an amount as yet undetermined, but in an amount that
2  will be proven at trial.

3      119.  Defendants' conduct was and continues to be oppressive, fraudulent
4  and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount
5  to be proven at trial.

**FIFTH CLAIM FOR RELIEF**

**[Civil Action for Trafficking in Counterfeit Labels, Documentation
and/or Packaging in Violation of 18 U.S.C. § 2318]**

**(Against All Defendants)**

10     120.  Paragraphs 1 through 119 are incorporated by this reference as
11 though set forth herein in full.

12     121.  Plaintiff is informed and believes and on that basis alleges that
13 defendants knowingly and without Plaintiff's authorization distribute and/or intend
14 for distribution labels, packaging, and/or documentation, including but not limited
15 to counterfeit serial numbers or product keys, without the genuine, authorized
16 copies of Plaintiff's software that Plaintiff intended such labels, packaging and/or
17 documentation to accompany.

18     122.  Plaintiff is informed and believes and on that basis alleges that
19 defendants have in their custody and/or control substantial quantities of software
20 that defendants intend to distribute as Symantec and/or Norton software, in
21 violation of 18 U.S.C. § 2318(a).

22     123.  Defendants' actions, if not restrained, will continue to cause
23 irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

24     124.  Plaintiff has suffered damages as a proximate result of the
25 defendants' wrongful acts in an amount as yet undetermined, but in an amount that
26 will be proven at trial.

27     125.  Defendants' conduct was and continues to be oppressive, fraudulent
28 and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

- 20 -

COMPLAINT

1   to be proven at trial.

2       126.   Plaintiff is also entitled to recovery of attorneys' fees and costs of suit

3   pursuant to 18 U.S.C. § 2318(f).

### SIXTH CLAIM FOR RELIEF

4

5                         [Unfair Competition

6                   Calif. B&P Code § 17200, et seq.]

7                      (Against all Defendants)

8       127.   Paragraphs 1 through 126 are incorporated by this reference as

9   though set forth herein in full.

10      128.   The wrongful acts by defendants, as alleged throughout this

11  complaint, constitute unlawful, unfair or fraudulent business acts and/or practices

12  and unfair, deceptive, untrue or misleading statements and advertising in violation

13  of California Business and Professions Code ("B&P") § 17200.

14      129.   As a result of irreparable injuries to Plaintiff caused by defendants'

15  actions for which Plaintiff has no adequate remedy at law, defendants' acts

16  constituting unfair competition should be enjoined, and the Court should make

17  such orders or judgments as may be necessary to prevent the use of any practice

18  which constitutes unfair competition under B&P § 17203.

19      130.   Under B&P § 17203, and in addition to, or in lieu of, the damages

20  Plaintiff has sustained to its business and reputation as a result of defendants'

21  actions, Plaintiff seeks as damages restitution and/or disgorgement of the profits

22  that defendants have made by virtue of their acts of unfair competition, in an

23  amount as yet undetermined but as shall be proven at trial.

### SEVENTH CLAIM FOR RELIEF

24

25                 [Common Law Unfair Competition]

26                      (Against all Defendants)

27      131.   Paragraphs 1 through 130 are incorporated by this reference as

28  though set forth herein in full.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3                                                    **COMPLAINT**

- 21 -

1   132.   Defendants have pirated the fruits of Plaintiff's labor and are

2   "palming off" those fruits as their own.

3   133.   Due to defendants' acts of unfair competition, trade dress

4   infringement, and deception, buyers of counterfeit software sold by defendants

5   under the Norton and/or Symantec label have been deceived as to the source,

6   approval and/or sponsorship of defendants' software, believing they are

7   purchasing software manufactured by Plaintiff when in fact they are not.

8   134.   As a result of defendants' acts of unfair competition, Plaintiff has lost

9   sales and profits in an amount as yet undetermined but in an amount that will be

10   proven at trial.

11   135.   Defendants' conduct was and continues to be oppressive, fraudulent

12   and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

13   to be proven at trial.

### EIGHTH CLAIM FOR RELIEF

### [False Advertising

### Calif. B&P Code §§ 17500, 17200]

### (Against all Defendants)

18   136.   Paragraphs 1 through 135 are incorporated by this reference as

19   though set forth herein in full.

20   137.   Plaintiff is informed and believes, and on that basis alleges, that

21   defendants included descriptions of Plaintiff's software, pictures of Plaintiff's

22   software and depictions of Plaintiff's trademarks and logos in their advertising

23   materials.

24   138.   Plaintiff is informed and believes, and on that basis alleges, that

25   defendants also used language and phrases copied from Plaintiff's advertising

26   literature in their advertising materials, which were disseminated to the public.

27   139.   The descriptions, pictures, depictions, language and phrases

28   constitute untrue or misleading statements and advertising in violation of B&P

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173                                                   COMPLAINT

- 22 -

1  § 17500 in that they suggest the software for sale in the defendants' advertising is
2  software manufactured by Plaintiff, when, in truth, what is being sold is
3  defendants' inferior products.

4      140.   The false and misleading statements and advertising also constitute
5  practices that serve as a predicate for a B&P § 17200 violation, and Plaintiff
6  separately alleges a violation of B&P § 17200.

7      141.   As a result of defendants' actions, Plaintiff has been damaged in an
8  amount as yet undetermined, but in an amount that will be proven at trial.

9      142.   Defendants' conduct was and continues to be oppressive, fraudulent
10  and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount
11  to be proven at trial.

12                      **NINTH CLAIM FOR RELIEF**
13        **[Intentional Interference with Prospective Economic Advantage]**
14                        **(Against all Defendants)**

15      143.   Paragraphs 1 through 142 are incorporated by this reference as
16  though set forth herein in full.

17      144.   This count arises under the unfair competition laws of the State of
18  California.

19      145.   Plaintiff has over the years developed a large base of customers and
20  institutions who purchase Plaintiff's products.  Plaintiff has also developed a
21  substantial and valuable economic relationship with its products, namely software
22  products including but not limited to Norton AntiVirus, pcAnywhere, Norton
23  Internet Security, and Symantec AntiVirus Small Business Edition.

24      146.   Defendants contacted Plaintiff's actual and prospective customers
25  with the intent to deprive Plaintiff of those customers' business.  Those customers
26  then purchased products from defendants rather than from Plaintiff.  Defendants
27  also interfered with Plaintiff's relationship with its products by marketing and
28  distributing inferior and confusing counterfeit and/or knock-off versions.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3                                                    **COMPLAINT**
                              - 23 -

1    147.   As a proximate result of defendants' conduct, Plaintiff suffered

2   damages in a sum in excess of $8,000,000.

3    148.   The acts of defendants were willful and malicious.  Plaintiff is

4   therefore entitled to punitive damages in an amount not less than $10,000,000.

5   Unless restrained, defendants will continue to solicit Plaintiff's customers and

6   money damages could not afford adequate relief.

## TENTH CLAIM FOR RELIEF

### [Negligent Interference with Prospective Economic Advantage]

### (Against all Defendants)

10    149.   Paragraphs 1 through 148 are incorporated by this reference as

11   though set forth herein in full.

12    150.   This count arises under the unfair competition laws of the State of

13   California.

14    151.   Plaintiff has over the years developed a large base of customers and

15   institutions who purchase Plaintiff's products.  Plaintiff has also developed a

16   substantial and valuable economic relationship with its products, namely software

17   products including but not limited to Norton AntiVirus, pcAnywhere, Norton

18   Internet Security, and Symantec AntiVirus Small Business Edition.

19    152.   Defendants have a duty to use due care to refrain from wrongful

20   actions that would interfere with Plaintiff's prospective economically

21   advantageous relationships with Plaintiff's existing customers, potential

22   customers, and products.

23    153.   Defendants breached their duties by soliciting Plaintiff's existing

24   and/or potential customers for the purpose of selling to them products bearing

25   Plaintiff's trademarks but which defendant knew or should have known were

26   counterfeit.  Those customers then purchased counterfeit products from defendants

27   rather than genuine Symantec products from Plaintiff.  Defendants also interfered

28   with Plaintiff's relationship with its products by marketing confusing knock-off

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

-24-

COMPLAINT

1 versions when defendants should have known those versions were counterfeit.

2      154.   As a proximate result of defendants' conduct, Plaintiff suffered

3 damages in a sum in excess of $8,000,000.

4 **PRAYER**

5     WHEREFORE, Plaintiff prays for judgment as follows:

6 I.    On the First Claim for Relief for Trademark Infringement (Lanham Act, 15

7     U.S.C. § 1051 - 1157):

8     A.    That defendants, their officers, agents, and servants, and all persons

9     acting in concert with them, be temporarily restrained, preliminarily

10     enjoined during the pendency of this action, and permanently

11     enjoined thereafter from engaging in further acts of:

12       1.    using photos of Plaintiff's products or depictions of Plaintiff's

13       products or logos in defendants' advertising;

14       2.    advertising, selling, licensing, or otherwise marketing or

15       distributing defendants' pirated copies of Plaintiff's software,

16       or any product configuration similar to Plaintiff's products;

17       3.    using language and phrases contained in Plaintiff's advertising

18       literature in defendants' advertising;

19       4.    contacting, soliciting, directing advertisements to, or in any

20       other manner using any information about any consumer to

21       whom defendants have sold, distributed, delivered and/or

22       directed advertising for Norton and/or Symantec products or

23       counterfeit Norton and/or Symantec products; and

24       5.    selling, licensing, or otherwise marketing or distributing

25       unauthorized copies of Plaintiff's software with counterfeit

26       serial numbers or product keys.

27     B.    That defendants be required to turn over to Plaintiff (1) all their

28     existing inventory of purported Norton and/or Symantec products,

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

- 25 -

COMPLAINT

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  (2) all labels, packages, documentation and/or serial numbers

2  (product keys) for purported Norton and/or Symantec products, and

3  (3) the names, addresses, telephone numbers, e-mail addresses and

4  other information concerning any and all consumers to whom

5  defendants have sold, distributed, delivered and/or directed

6  advertising for Norton and/or Symantec products or counterfeit

7  Norton and/or Symantec products.

8  C. That defendants pay to Plaintiff the damages Plaintiff has sustained as

9    a consequence of their conduct.

10  D. That defendants be required to account for and pay over to Plaintiff

11    all the profits which they have derived from their wrongful activities

12    and to pay such damages to Plaintiff as to this Court shall appear just

13    and proper.

14  E. That defendants pay to Plaintiff punitive and/or treble damages for

15    their intentional and willful wrongful acts.

16  F. That, upon election by Plaintiff, Defendants be required to pay the

17    maximum allowable amount of statutory damages for their willful

18    infringement of Plaintiff's trademarks.

19  G. That Plaintiff recover its costs and reasonable attorneys' fees.

20  H. That Plaintiff recover prejudgment interest under 15 USC § 1117(b)

21    commencing on the date of service of this Complaint.

22  I. That Plaintiff have such other and further relief as to this Court shall

23    appear just and proper.

24 II. On the Second Claim for Relief for False Designation of Origin — Lanham

25  Act § 43(a):

26  A. That defendants, their officers, agents, and servants, and all persons

27    acting in concert with them, be temporarily restrained, preliminarily

28    enjoined during the pendency of this action, and permanently

91117.3

- 26 -

COMPLAINT

1    enjoined thereafter from engaging in further acts of:

2    1.    using photos of Plaintiff's products or depictions of Plaintiff's

3    products or logos in defendants' advertising;

4    2.    advertising, selling, licensing, or otherwise marketing or

5    distributing defendants' pirated copies of Plaintiff's software,

6    or any product configuration similar to Plaintiff's products;

7    3.    using language and phrases contained in Plaintiff's advertising

8    literature in defendants' advertising;

9    4.    contacting, soliciting, directing advertisements to, or in any

10    other manner using any information about any consumer to

11    whom defendants have sold, distributed, delivered and/or

12    directed advertising for Norton and/or Symantec products or

13    counterfeit Norton and/or Symantec products; and

14    5.    selling, licensing, or otherwise marketing or distributing

15    unauthorized copies of Plaintiff's software with counterfeit

16    serial numbers or product keys.

17    B.    That defendants be required to turn over to Plaintiff (1) all their

18    existing inventory of purported Norton and/or Symantec products,

19    (2) all labels, packages, documentation and/or serial numbers

20    (product keys) for purported Norton and/or Symantec products, and

21    (3) the names, addresses, telephone numbers, e-mail addresses and

22    other information concerning any and all consumers to whom

23    defendants have sold, distributed, delivered and/or directed

24    advertising for Norton and/or Symantec products or counterfeit

25    Norton and/or Symantec products.

26    C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

27    a consequence of their conduct.

28    D.    That defendants be required to account for and pay over to Plaintiff

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173

- 27 -

COMPLAINT

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1     all the profits which they have derived from their wrongful activities

2     and to pay such damages to Plaintiff as to this Court shall appear just

3     and proper.

4     E.     That defendants pay to Plaintiff punitive and/or treble damages for

5            their intentional and willful wrongful acts.

6     F.     That Plaintiff recover its costs and reasonable attorneys' fees.

7     G.     That Plaintiff recover prejudgment interest under 15 USC § 1117(b)

8            commencing on the date of service of this Complaint.

9     H.     That Plaintiff have such other and further relief as to this Court shall

10           appear just and proper.

11   III.   On the Third Claim for Relief for Copyright Infringement:

12    A.     That defendants, their officers, agents, and servants, and all persons

13           acting in concert with them, be temporarily restrained, preliminarily

14           enjoined during the pendency of this action, and permanently

15           enjoined thereafter from engaging in further acts of:

16           1.    using photos of Plaintiff's products or depictions of Plaintiff's

17                 products or logos in defendants' advertising;

18           2.    advertising, selling, licensing, or otherwise marketing or

19                 distributing defendants' pirated copies of Plaintiff's software,

20                 or any product configuration similar to Plaintiff's products;

21           3.    using language and phrases contained in Plaintiff's advertising

22                 literature in defendants' advertising;

23           4.    contacting, soliciting, directing advertisements to, or in any

24                 other manner using any information about any consumer to

25                 whom defendants have sold, distributed, delivered and/or

26                 directed advertising for Norton and/or Symantec products or

27                 counterfeit Norton and/or Symantec products; and

28           5.    selling, licensing, or otherwise marketing or distributing

911117.3

- 28 -

COMPLAINT

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1             unauthorized copies of Plaintiff's software with counterfeit

2             serial numbers or product keys.

3      B.     That defendants be required to turn over to Plaintiff (1) all their

4             existing inventory of purported Norton and/or Symantec products,

5             (2) all labels, packages, documentation and/or serial numbers

6             (product keys) for purported Norton and/or Symantec products, and

7             (3) the names, addresses, telephone numbers, e-mail addresses and

8             other information concerning any and all consumers to whom

9             defendants have sold, distributed, delivered and/or directed

10           advertising for Norton and/or Symantec products or counterfeit

11           Norton and/or Symantec products.

12      C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

13           a consequence of their conduct.

14      D.    That defendants be required to account for and pay over to Plaintiff

15           all the profits which they have derived from their wrongful activities

16           and to pay such damages to Plaintiff as to this Court shall appear just

17           and proper.

18      E.    That, upon election by Plaintiff, defendants be required to pay the

19           maximum allowable amount of statutory damages for their willful

20           infringement of Plaintiff's copyrights.

21      F.    That Plaintiff recover its costs and reasonable attorneys' fees.

22      G.    That Plaintiff have such other and further relief as to this Court shall

23           appear just and proper.

24  IV.    On the Fourth Claim for Relief for Fraud:

25      A.    That defendants, their officers, agents, and servants, and all persons

26           acting in concert with them, be temporarily restrained, preliminarily

27           enjoined during the pendency of this action, and permanently

28           enjoined thereafter from engaging in further acts of:

91117.3                         COMPLAINT

- 29 -

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1.    using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2.    advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3.    using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4.    contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5.    selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.    That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities

PI Exhibit 60 Page 03094

1   and to pay such damages to Plaintiff as to this Court shall appear just

2   and proper.

3   E.   That defendants pay to Plaintiff punitive damages for their intentional

4       and willful wrongful acts.

5   F.   That Plaintiff recover its costs and reasonable attorneys' fees.

6   G.   That Plaintiff have such other and further relief as to this Court shall

7       appear just and proper.

8  V.  On the Fifth Claim for Relief for Trafficking in Counterfeit Labels,

9      Documentation and/or Packaging in Violation of 18 U.S.C. § 2318:

10  A.   That defendants, their officers, agents, and servants, and all persons

11      acting in concert with them, be temporarily restrained, preliminarily

12      enjoined during the pendency of this action, and permanently

13      enjoined thereafter from engaging in further acts of:

14      1.   using photos of Plaintiff's products or depictions of Plaintiff's

15          products or logos in defendants' advertising;

16      2.   advertising, selling, licensing, or otherwise marketing or

17          distributing defendants' pirated copies of Plaintiff's software,

18          or any product configuration similar to Plaintiff's products;

19      3.   using language and phrases contained in Plaintiff's advertising

20          literature in defendants' advertising;

21      4.   contacting, soliciting, directing advertisements to, or in any

22          other manner using any information about any consumer to

23          whom defendants have sold, distributed, delivered and/or

24          directed advertising for Norton and/or Symantec products or

25          counterfeit Norton and/or Symantec products; and

26      5.   selling, licensing, or otherwise marketing or distributing

27          unauthorized copies of Plaintiff's software with counterfeit

28          serial numbers or product keys.

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911117.3

- 31 -

COMPLAINT

PI Exhibit 60 Page 03095

B.  That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.  That Defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.  That defendants be required to turn over to the Court all copies of software bearing or containing the Norton or Symantec name, label(s), trademark(s), logo(s), documentation, and/or authorization codes purporting to indicate genuine and/or authorized Norton and/or Symantec products.

E.  That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities.

F.  That Defendants be required to pay over to Plaintiff the Plaintiff's actual damages as provided in 18 U.S.C. § 2318(f)(3).

G.  That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

H.  That Plaintiff recover its costs and reasonable attorneys' fees.

I.  That Plaintiff have such other and further relief as to this Court shall appear just and proper.

VI.  On the Sixth Claim for Relief for Unfair Competition (Calif. B&P Code § 17200, *et seq.*):

A.  That defendants, their officers, agents, and servants, and all persons

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

PI Exhibit 66 Page 03096

acting in concert with them, be temporarily restrained, preliminarily

enjoined during the pendency of this action, and permanently

enjoined thereafter from engaging in further acts of:

1. using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2. advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3. using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4. contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5. selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B. That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C. That defendants be required to account for and pay over to Plaintiff

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3

- 33 -

COMPLAINT

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    all the profits which they have derived from their wrongful activities

2    and to pay such damages to Plaintiff as to this Court shall appear just

3    and proper.

4    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

5    E.    That Plaintiff have such other and further relief as to this Court shall

6          appear just and proper.

7    VII.  On the Seventh Claim for Relief for Common Law Unfair Competition:

8    A.    That defendants, their officers, agents, and servants, and all persons

9          acting in concert with them, be temporarily restrained, preliminarily

10         enjoined during the pendency of this action, and permanently

11         enjoined thereafter from engaging in further acts of:

12         1.    using photos of Plaintiff's products or depictions of Plaintiff's

13               products or logos in defendants' advertising;

14         2.    advertising, selling, licensing, or otherwise marketing or

15               distributing defendants' pirated copies of Plaintiff's software,

16               or any product configuration similar to Plaintiff's products;

17         3.    using language and phrases contained in Plaintiff's advertising

18               literature in defendants' advertising;

19         4.    contacting, soliciting, directing advertisements to, or in any

20               other manner using any information about any consumer to

21               whom defendants have sold, distributed, delivered and/or

22               directed advertising for Norton and/or Symantec products or

23               counterfeit Norton and/or Symantec products; and

24         5.    selling, licensing, or otherwise marketing or distributing

25               unauthorized copies of Plaintiff's software with counterfeit

26               serial numbers or product keys.

27   B.    That defendants be required to turn over to Plaintiff (1) all their

28         existing inventory of purported Norton and/or Symantec products,

911117.3

- 34 -

COMPLAINT

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  (2) all labels, packages, documentation and/or serial numbers

2  (product keys) for purported Norton and/or Symantec products, and

3  (3) the names, addresses, telephone numbers, e-mail addresses and

4  other information concerning any and all consumers to whom

5  defendants have sold, distributed, delivered and/or directed

6  advertising for Norton and/or Symantec products or counterfeit

7  Norton and/or Symantec products.

8  C.  That defendants pay to Plaintiff the damages Plaintiff has sustained as

9  a consequence of their conduct.

10  D.  That defendants be required to account for and pay over to Plaintiff

11  all the profits which they have derived from their wrongful activities

12  and to pay such damages to Plaintiff as to this Court shall appear just

13  and proper.

14  E.  That defendants pay to Plaintiff punitive damages for their intentional

15  and willful wrongful acts.

16  F.  That Plaintiff recover its costs and reasonable attorneys' fees.

17  G.  That Plaintiff have such other and further relief as to this Court shall

18  appear just and proper.

19  VIII.  On the Eighth Claim for Relief for False Advertising (Calif. B&P Code

20  §§ 17500, 17200):

21  A.  That defendants, their officers, agents, and servants, and all persons

22  acting in concert with them, be temporarily restrained, preliminarily

23  enjoined during the pendency of this action, and permanently

24  enjoined thereafter from engaging in further acts of:

25  1.  using photos of Plaintiff's products or depictions of Plaintiff's

26  products or logos in defendants' advertising;

27  2.  advertising, selling, licensing, or otherwise marketing or

28  distributing defendants' pirated copies of Plaintiff's software,

911173

- 35 -

COMPLAINT

PI Exhibit 60 Page 03099

1      or any product configuration similar to Plaintiff's products;

2      3.    using language and phrases contained in Plaintiff's advertising

3         literature in defendants' advertising;

4      4.    contacting, soliciting, directing advertisements to, or in any

5         other manner using any information about any consumer to

6         whom defendants have sold, distributed, delivered and/or

7         directed advertising for Norton and/or Symantec products or

8         counterfeit Norton and/or Symantec products; and

9      5.    selling, licensing, or otherwise marketing or distributing

10        unauthorized copies of Plaintiff's software with counterfeit

11        serial numbers or product keys.

12    B.    That defendants be required to turn over to Plaintiff (1) all their

13        existing inventory of purported Norton and/or Symantec products,

14        (2) all labels, packages, documentation and/or serial numbers

15        (product keys) for purported Norton and/or Symantec products, and

16        (3) the names, addresses, telephone numbers, e-mail addresses and

17        other information concerning any and all consumers to whom

18        defendants have sold, distributed, delivered and/or directed

19        advertising for Norton and/or Symantec products or counterfeit

20        Norton and/or Symantec products.

21    C.    That defendants be required to account for and pay over to Plaintiff

22        all the profits which they have derived from their wrongful activities

23        and to pay such damages to Plaintiff as to this Court shall appear just

24        and proper.

25    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

26    E.    That Plaintiff have such other and further relief as to this Court shall

27        appear just and proper.

28   IX.    On the Ninth Claim for Relief for Intentional Interference with Prospective

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

Pl Exhibit 60 Page 03100

1    Economic Advantage:

2    A.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

3          a consequence of their conduct.

4    B.    That defendants be required to account for and pay over to Plaintiff

5          all the profits which they have derived from their wrongful activities

6          and to pay such damages to Plaintiff as to this Court shall appear just

7          and proper.

8    C.    That defendants pay to Plaintiff punitive damages for their intentional

9          and willful wrongful acts.

10    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

11    E.    That Plaintiff have such other and further relief as to this Court shall

12          appear just and proper.

13    X.    On the Tenth Claim for Relief for Negligent Interference with Prospective

14    Economic Advantage:

15    A.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

16          a consequence of their conduct.

17    B.    That defendants be required to account for and pay over to Plaintiff

18          all the profits which they have derived from their wrongful activities

19          and to pay such damages to Plaintiff as to this Court shall appear just

20          and proper.

21    C.    That Plaintiff recover its costs and reasonable attorneys' fees.

22    D.    That Plaintiff have such other and further relief as to this Court shall

23          appear just and proper.

24

25

26

27

28

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

911173                                - 37 -                             **COMPLAINT**

PI Exhibit 60 Page 03101

1

2    ## DEMAND FOR JURY TRIAL

3    The Plaintiff hereby demands a trial by jury in this action.

4

5    Dated: March ⁊7, 2007                    BAUTE & TIDUS LLP

6
                                            By:
7                                               Mark D. Baute
8                                               Attorneys for Plaintiff
                                                SYMANTEC CORPORATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE & TIDUS LLP
801 SOUTH FIGUEROA STREET, SUITE 1100
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

91117.3                                                         **COMPLAINT**

- 38 -

**VIA FAX**

AO 121 (6/90)

| TO:<br><br>Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION    [ ] APPEAL | COURT NAME AND LOCATION<br>U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| DOCKET NO. | DATE FILED | 940 Front Street, #4290<br>San Diego, CA 92101 |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>EDIRECTSOFTWARE, a Canadian partnership;<br>[continued on Attachment A] |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment   [ ] Answer   [ ] Cross Bill   [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order   [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes   [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

SYMANTEC CORPORATION v. EDIRECTSOFTWARE., et al.
U.S.D.C. Case No.  [to be assigned]

Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559

ATTACHMENT A TO
REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
REGARDING A COPYRIGHT

*Defendants (continued) . . .*

. . .JESSE WILLMS, an individual; LINDA WILLMS, an individual;  MICHAEL
CALLAWAY, an individual; 1016363 ALBERTA LTD., a Canadian Corporation;
1021018 ALBERTA LTD., a Canadian Corporation; and DOES 1-10, inclusive.

93651.1

*Attachment*
*SYMANTEC v. EDIRECTSOFTWARE*

## SYMANTEC CORPORATION v. EDIRECTSOFTWARE, et al.
U.S.D.C. Case No.   [to be assigned]

Register of Copyrights
Copyright Office
Library of Congress
Washington, D.C. 20559

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127<br>TX 6-358-626<br>TX 6-361-698<br>FX 6-361-699 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954<br>TX-6-358-627 | pcAnywhere | SYMANTEC CORPORATION |

93651.1

*Attachment*
*SYMANTEC v. EDIRECTSOFTWARE*

Case 3:07-cv-00563-DMS-NLS   Document 1   Filed 03/27/07   Page 43 of 44

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

SYMANTEC CORPORATION

## DEFENDANTS

EDIRECTSOFTWARE, a Canadian partnership;
[continued on Attachment 1]

**FILED**

2007 MAR 27 PM 3:46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BAUTE & TIDUS LLP
801 South Figueroa Street
Suite 1100
Los Angeles, CA  90017
(213) 630-5000

ATTORNEYS (IF KNOWN)

'07 CV 0563    BEN WMc

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. Secs. 1051-1157;
copyright infringement, 17 U.S.C. Sec. 501; trafficking in counterfeit labels, etc., 18 U.S.C. Sec. 2318; fraud; unfair competition.

## V. NATURE OF SUIT (PLACE AN 'X' IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [X] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN 'X' IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   Docket Number _____

DATE  March  27, 2007

SIGNATURE OF ATTORNEY OF RECORD  _Jeffrey A. Tidus_

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

130506  $350  SEL  3/27/07

UNITED STATES
DISTRICT COURT
Southern District of California

San Diego Division

№ 175550а          div

March 27, 2007

at        Case #          Qty    Amount

7005290 Dvd PC-P&S               48.50 CR
  Rate     RUP 112
362490                            66.50 CR
51300                            140.50 CR

invoice #                        2100.500

PREPAID ITEMS
CHECK CVT V SQUARTST
MLIFF
Per Dave   SM

1   BAUTE & TIDUS LLP
    Mark D. Baute (State Bar No. 127329)
2   mbaute@bautelaw.com
    Jeffrey A. Tidus (State Bar No. 089585)
3   jtidus@bautelaw.com
    777 South Figueroa Street, Suite 4900
4   Los Angeles, California 90017
    Telephone: (213) 630-5000
5   Facsimile: (213) 683-1225

6   Attorneys for Plaintiff
    SYMANTEC CORPORATION
7
    BRYAN CAVE LLP
8   Paul N. Tauger (State Bar No. 160552)
    paul.tauger@bryancave.com
9   Margarita Salazar (State Bar No. 224649)
    120 Broadway, Suite 300
10  Santa Monica, CA  90401-2386
    Telephone: (310) 576-2100
11  Facsimile: (310) 576-2200

12  Attorneys for Defendants
    EDIRECTSOFTWARE, JESSE WILLMS,
13  LINDA WILLMS, 1016363 ALBERTA LTD.,
    and 1021018 ALBERTA LTD.
14

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17  SYMANTEC CORPORATION,           )  Case No.  07 CV 0563 DMS (NLS)
18                                  )  [Complaint Filed: March 27, 2007]
                 Plaintiff,         )
19                                  )
        vs.                         )  STIPULATED PERMANENT
20                                  )  INJUNCTION
    EDIRECTSOFTWARE, a Canadian     )
21  partnership; JESSE WILLMS, an   )
    individual; LINDA WILLMS, an    )  Hon. Dana M. Sabraw
22  individual; MICHAEL CALLAWAY,   )
    an individual; 1016363 ALBERTA  )
23  LTD., a Canadian Corporation; 1021018 )
    ALBERTA LTD., a Canadian        )
24  Corporation; and DOES 1-10, inclusive, )
                                    )
25               Defendants.        )
                                    )
26

27

28

    [102469.4] SYMANTEC V. EDIRECTSOFTWARE            STIPULATED PERMANENT
    Case No. 07 CV 05563 DMS NLS                      INJUNCTION

1      **IT IS HEREBY STIPULATED** by and between the plaintiff, **SYMANTEC**

2 **CORPORATION** (hereinafter, "Plaintiff"), and defendants

3 **EDIRECTSOFTWARE,** a Canadian partnership, **JESSE WILLMS,** an individual,

4 **LINDA WILLMS,** an individual, **1016363 ALBERTA LTD.,** a Canadian

5 Corporation, and **1021018 ALBERTA LTD.,** a Canadian Corporation (hereinafter,

6 collectively "Defendants") that the following shall be ordered as a Permanent

7 Injunction in this matter and is so entered:

8      1.    The Defendants, their directors, principals, officers, agents, servants,

9 employees, in-house counsel, representatives, successors and assigns, and all those

10 acting in concert or participation with them shall be, and hereby are ENJOINED

11 from:

12         (a)    Imitating, copying, manufacturing, replicating, or making any

13             other unauthorized use, distribution or sale of products protected

14             by Plaintiff's' registered trademarks and/or trade name, including

15             the following trademarks and/or service marks:

16            (1)    "Symantec" name and distinctive yellow and black logo,

17                registration numbers 1654777, 1683688, and 2205386.

18            (2)    "Veritas," registration number 1687640.

19            (3)    "Norton SystemWorks", registration number 2488092.

20            (4)    "Norton AntiVirus", registration number 1758084.

21            (5)    "Ghost", registration number 1107115.

22            (6)    "LiveUpdate", registration number 2243057.

23            (7)    "Norton Utilities", registration number 1508960.

24            (8)    "pcAnywhere", registration number 1781148.

25            (9)    "CleanSweep", registration number 1936913 .

26           (10)    "WinFax", registration number 1757561.

27           (11)    "GoBack."

28

PI Exhibit 60 Page 03109

1      (12)   Norton "PartitionMagic," registration number 1981682.

2      (13)   "Backup Exec," registration number 1988765.

3  (b)   Copying, manufacturing, replicating or making any other

4      unauthorized use, distribution or sale of products protected by

5      Plaintiff's copyrights, including but not limited to the various

6      versions of each product listed in paragraph 1.(a) above.

7  (c)   Duplicating, manufacturing, replicating, assembling, producing,

8      distributing, offering for distribution, selling, offering for sale,

9      circulating, advertising, importing, exporting, marketing,

10     promoting, printing, displaying, transferring, and/or moving any

11     product or thing bearing any simulation, reproduction,

12     counterfeit, copy, or colorable imitation of Plaintiff's registered

13     trademarks, trade name, service marks, or copyrights, including,

14     but not limited to, the marks and copyrights represented by the

15     trademarks and/or service marks listed in subparagraph (a) above;

16  (d)   Using any simulation, reproduction, counterfeit, unauthorized,

17     copy, or colorable imitation of Plaintiff's registered trademarks,

18     trade name, service marks, or copyrights including, but not

19     limited to, marks and copyrights represented by the trademarks

20     and/or service marks listed in subparagraph (a) above, in

21     connection with the manufacture, duplication, replication,

22     assembly, production, distribution, offer for distribution, sale,

23     offer for sale, circulation, advertisement, import, export,

24     marketing, promotion, printing, display, transfer, and/or

25     movement of any product or thing not authorized or licensed by

26     Plaintiff; engaging in any other activity constituting an

27     infringement of Plaintiff's trademarks or copyrights, or of

28

PI Exhibit 60 Page 03110

1   Plaintiff's rights in, or right to use or exploit said trademarks or

2   copyrights, or constituting any dilution of Plaintiff's name,

3   reputation, or goodwill;

4   (e)   Using any false designation of origin or false description which

5   can or is likely to lead the trade or public, or individual members

6   thereof, erroneously to believe that any product or thing has been

7   manufactured, duplicated, replicated, assembled, produced,

8   distributed, offered for distribution, circulated, advertised,

9   imported, exported, marketed, promoted, printed, displayed,

10   transferred, moved, licensed, sponsored, approved, or authorized

11   by or for Plaintiff;

12   (f)   Using reproductions, counterfeits, copies, or colorable imitations

13   of Plaintiff's copyright and/or trademark protected software;

14   (g)   Duplication, assembly, production, manufacture, replication,

15   distribution, offer for distribution, sale, offer for sale, circulation,

16   advertisement, import, export, marketing, promotion, printing,

17   display, transfer, and/or movement, of counterfeit merchandise

18   not authorized by Plaintiff;

19   (h)   Using the name, logo, or other variations thereof of Plaintiff's

20   copyright and/or trademark protected software in any of the

21   Defendants' trade or corporate names;

22   (i)   Engaging in any other activity constituting an infringement of any

23   of Plaintiff's trademarks, service marks, or copyrights, or of

24   Plaintiff's rights in, or right to use or to exploit said trademarks,

25   service marks, or copyrights;

26   (j)   Using unsolicited e-mails to advertise, market, distribute,

27   promote, or otherwise publicize the sale of any Symantec product,

28

PI Exhibit 60 Page 03111

1                    or any product using any simulation, reproduction, counterfeit,

2                    copy, or colorable imitation of Symantec's registered trademarks,

3                    trade name, service marks, or copyrights including, but not

4                    limited to, marks and copyrights represented by the trademarks

5                    and/or service marks listed or referred to in subparagraphs (a) and

6                    (b) above; and

7        (k)     Assisting, aiding, or abetting any other person or business entity

8                    in engaging in or performing any of the activities referred to in

9                    subparagraphs (a) through (j) above.

10      2.     This permanent injunction shall be applicable to and prohibit acts

11 performed within or directed towards any person or entity within the jurisdiction of

12 this Court (the United States, its territories and possessions) and the Court shall retain

13 jurisdiction over this action to the extent necessary to enforce and interpret this

14 injunction.

15      3.     The Defendants shall immediately deliver to Symantec all remaining

16 inventory of software, compact disks, floppy disks, DVDs, stampers, masters,

17 advertisements or artwork and/or other media bearing the Symantec, Veritas, Norton,

18 Norton Utilities, CleanSweep, Go Back, AntiVirus, PartitionMagic, pcAnywhere,

19 Ghost, WinFax, LiveUpdate, Backup Exec, and/or SystemWorks names, marks or

20 logos, including but not limited to all compact discs, software products, and all

21 replication materials, equipment and parts bearing any Symantec trademark or

22 copyrighted works. The Defendants further agree that they, their directors, principals,

23 officers, agents, servants, employees, in-house counsel, representatives, successors

24 and assigns, and all those acting in concert or participation with them will not

25 purchase, manufacture, replicate, duplicate, sell, ship or resell any Norton, Symantec

26 or Veritas product, except that Defendants may purchase genuine Symantec or Norton

27 software for their own use.

28

PI Exhibit 60 Page 03112

1    4.    The Defendants shall make their best efforts to avoid working with any

2  person or business entity that engages in unauthorized sales, manufacturing,

3  duplication, replication, or distribution of Veritas, Norton and/or Symantec products.

4  The Defendants further agree to not knowingly fulfill any order for any Veritas,

5  Norton and/or Symantec product which has not been authorized by Symantec.  The

6  Defendants further agree that if any such order is placed, Defendants shall

7  immediately inform Symantec and its counsel in writing of all particulars of such

8  order, including the name, address and telephone number of the person or business

9  entity placing the order, the product or products ordered, the quantities of each

10  product ordered, and any other information contained in such order, and Defendants

11  shall not fulfill such order without prior written authorization from Symantec, which

12  Symantec may decline to give in its sole discretion.

13

14  **IT IS SO ORDERED:**

15

16  Dated: _____        _____

17                                         UNITED STATES DISTRICT JUDGE

18

19  **IT IS SO STIPULATED:**

20

21  Dated: January 16, 2008        PLAINTIFF
                                   SYMANTEC CORPORATION
22

23                                 By: _____

24                                 Name: Joseph Fitzgerald
                                   Its: Vice President, Legal / Deputy General Counsel
25  Dated: January ___, 2008       DEFENDANT JESSE WILLMS

26

27                                 _____

28

[102409.4] SYMANTEC V. EDIRECTSOFTWARE              STIPULATED PERMANENT
Case No. 07 CV 05563 DMS NLS                        INJUNCTION
                                   5

1       4.    The Defendants shall make their best efforts to avoid working with any

2   person or business entity that engages in unauthorized sales, manufacturing,

3   duplication, replication, or distribution of Veritas, Norton and/or Symantec products.

4   The Defendants further agree to not knowingly fulfill any order for any Veritas,

5   Norton and/or Symantec product which has not been authorized by Symantec.  The

6   Defendants further agree that if any such order is placed, Defendants shall

7   immediately inform Symantec and its counsel in writing of all particulars of such

8   order, including the name, address and telephone number of the person or business

9   entity placing the order, the product or products ordered, the quantities of each

10  product ordered, and any other information contained in such order, and Defendants

11  shall not fulfill such order without prior written authorization from Symantec, which

12  Symantec may decline to give in its sole discretion.

13

14  **IT IS SO ORDERED:**

15

16  Dated: _____1-29-08_____                    _____

17                                     UNITED STATES DISTRICT JUDGE

18

19  **IT IS SO STIPULATED:**

20

21  Dated: January ____, 2008        PLAINTIFF

22                                   SYMANTEC CORPORATION

23

24                                   By: _____
                                     Name: _____
                                     Its: _____

25  Dated: January 15, 2008        DEFENDANT JESSE WILLMS

26

27

28

[102409.4] SYMANTEC V. EDIRECTSOFTWARE
Case No. 07 CV 0563 DMS NLS              5               STIPULATED PERMANENT
                                                            INJUNCTION

PI Exhibit 60 Page 03114

1   Dated: January 15, 2008          DEFENDANT LINDA WILLMS

2

3

4   Dated: January 15, 2008          DEFENDANT EDIRECTSOFTWARE, a
                                      Canadian Partnership
5

6
                                      By:
7                                     Name: Jesse Willms
                                      Its: CEO
8

9                                     By:
                                      Name: Jesse Willms
10                                    Its: CEO

11

12
    Dated: January 15, 2008          DEFENDANT 1016363 ALBERTA LTD., a
13                                    Canadian Corporation

14
                                      By:
15                                    Name: Jesse Willms
                                      Its: CEO
16

17
    Dated: January 15, 2008          DEFENDANT 1021018 ALBERTA LTD., a
18                                    Canadian Corporation

19
                                      By:
20                                    Name: Jesse Willms
                                      Its: CEO
21

22

23

24

25

26

27

28

[102409.4] SYMANTEC V. EDIRECTSOFTWARE                    STIPULATED PERMANENT
Case No. 07 CV 05563 DMS NLS                              INJUNCTION

                                      6

1

## APPROVED AS TO FORM AND CONTENT

2   Approved for Plaintiff:                           BAUTE & TIDUS LLP

3

4                                         By: _____
                                               Mark D. Baute
5

6   Approved for Defendants:                          BRYAN CAVE LLP

7

8
        Jan. 15, 2008
9                                         By: _____
                                               Paul N. Tauger
10                                             Margarita Salazar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[102409.4] SYMANTEC V. EDIRECTSOFTWARE                STIPULATED PERMANENT
Case No. 07 CV 05563 DMS NLS                          INJUNCTION

                                    7



1                 **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the aforesaid County, State of California; I am over the age

4   of 18 and not a party to the within action; my business address is

5

6   ✔           BAUTE & TIDUS LLP
              777 South Figueroa Street, Suite 4900
              Los Angeles, CA 90017
7               Tel: (213) 630-5000

8

9   ——        ACE MESSENGER AND ATTORNEY SERVICE, INC.
              811 Wilshire Boulevard, Suite 900
10               Los Angeles, CA 90017 Tel: (213) 623-3979

11        I served the following listed documents on the interested parties in this action

12   as follows:

13            <u>SYMANTEC v. EDIRECTSOFTWARE</u>
       USDC, Southern District, Case No. 07 CV 0563 DMS (NLS)
14                         [1740.31]

15

16            **STIPULATED PERMANENT INJUNCTION**

17

18   ——   By Personal Service I caused such envelope to be delivered by hand to the
         interested party as listed below.
19

20   ——   By Facsimile to the names and fax numbers listed below.

21   ——   By Federal Express ~ Next Business Day Delivery: by placing a true copy
         thereof in a sealed envelope(s) and addressed to the parties listed below.

22   ✔   By Mail: by placing a true copy thereof in a sealed envelope and addressed to
23          the parties listed below. I placed such envelope(s) for deposit in the U.S. Mail
         for service by the United States Postal Service, with postage thereon fully
24          prepaid.

25        I am "readily familiar" with this firm's practice of collection and processing
       correspondence for mailing. Under that practice, it would be deposited with
26   the U.S. Postal Service on that same day with postage thereon fully prepaid at
       Los Angeles, California, in the ordinary course of business. I am aware that,
27   on motion of the party served, service is presumed invalid if postal cancellation
28   date or postage meter date is more than one day after the date of deposit for

—————————————————————————————————

[102409.4]                                Symantec v. Edirectsoftware, Case No. 07 CV 05563 DMS NLS
                                                   PROOF OF SERVICE

1     mailing in affidavit.

2     ___    By E-Mail: I caused the above-referenced document(s) to be e-mailed to the
3     parties listed below, as noted.

4

5    Paul N. Tauger, Esq.                *Attorneys for Defendants*
      BRYAN CAVE LLP               EDIRECTSOFTWARE
6    120 Broadway, Suite 300            Mr. Jesse Willms
      Santa Monica, CA  90401-2386    Ms. Linda Willms
7    Telephone: ·310-576-2100        1016363 ALBERTA LTD. and
      Facsimile: 310-576-2200          1021018 ALBERTA LTD.
8    email: paul.tauger@bryancave.com

9    [Rev. May 1, 2007]

10

11

12

13    ☐     (STATE) I declare under penalty of perjury under the laws of the State of
      California that the foregoing is true and correct.

14

15    ☒     (FEDERAL) I hereby certify that I am employed in the office of a member of
      the Bar of this Court at whose direction the service was made, and I certify under
16   penalty of perjury that the foregoing is true and correct.

17    ☐     (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of
      the United States District Court, **Central District** of California, and I certify under
18   penalty of perjury that the foregoing is true and correct.

19

20        Executed on _____1/18/08_____ at Los Angeles, California.

21

22

23    _____Kirsten DeVere_____                 
      *print name*                      *signature*

24

25

26

27

28

[102409.4]                               Symantec v. Edirectsoftware, Case No. 07 CV 05563 DMS NLS
                           *4*                                 PROOF OF SERVICE

PI Exhibit 60 Page 03118