Robert C. Griffin
Reneé L. Coppock
CROWLEY HAUGHEY HANSON
TOOLE & DIETRICH PLLP
490 North 31st Street, Suite 500
Billings, Montana 59103-2529
(406) 252-3441
(406) 259-4159 (Facsimile)

Scott T. Wilsdon (*pro hac vice*)
John H. Jamnback (*pro hac vice*)
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
(206) 516-3800
(206) 516-3888 (Facsimile)

Attorneys for Plaintiff Microsoft Corporation

## UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BILLINGS DIVISION

|  |  |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | No. CV-06-53-BLG-RFC |
| Plaintiff, | PLAINTIFF MICROSOFT CORPORATION'S MOTION FOR LEAVE TO AMEND COMPLAINT |
| v. | |
| EDIRECTSOFTWARE, a Canadian partnership; JESSE WILLMS; LINDA WILLMS; 1016363 ALBERTA LTD., a Canadian corporation; and 1021018 ALBERTA LTD., a Canadian corporation, | |
| Defendants. | |

Plaintiff Microsoft Corporation ("Microsoft") respectfully moves this Court for an

order granting leave to file its First Amended Complaint against defendants eDirectSoftware,

Jesse Willms, Linda Willms, 1016363 Alberta Ltd., and 1021018 Alberta Ltd. (collectively,

"Defendants"). The proposed amended complaint, which is attached as Exhibit A to this

Motion, adds claims for infringing importation of copyrighted works, tortious interference,

conversion, and trespass to chattels against Defendants, names Dave Willms as a defendant as

PI Exhibit 61 Page 03119

to certain claims, and adds a new claim for breach of contract against several John Doe defendants.

Microsoft brings this Motion pursuant to Federal Rule of Civil Procedure 15(a).

Pursuant to Local CR 7.1(j), Microsoft states that Defendants have been informed that Microsoft intends to file this motion.

Microsoft's Motion is based on the Memorandum in Support, the Declaration of Kristi Lamb Bankhead, the Declaration of Steven D. Blackburn, the Declaration of Tamara Johnson, the Declaration of Miles Hawkes, the Declaration of Michael Houck, the Declaration of Tom Montgomery, and the files and records in this action.

Dated this 25th day of October, 2006.

/s/  Robert C. Griffin
Robert C. Griffin
Reneé L. Coppock
CROWLEY HAUGHEY HANSON
TOOLE & DIETRICH PLLP


/s/  Scott T. Wilsdon
Scott T. Wilsdon (*pro hac vice*)
John H. Jamnback (*pro hac vice*)
YARMUTH WILSDON CALFO PLLC

Attorneys for Plaintiff Microsoft Corporation

PI Exhibit 61 Page 03120

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 25th day of October, 2006:

```
[  ] U.S. Mail          Shane P. Coleman
[  ] FedEx              Jason S. Ritchie
[  ] Hand-Delivery      HOLLAND & HART
[  ] Facsimile          401 North 31st Street, Suite 1500
[  ] Email              Billings, MT 59101-1200
[X] ECF Electronic Filing
```

```
[  ] U.S. Mail          Robert C. Griffin
[  ] FedEx              CROWLEY HAUGHEY HANSON
[  ] Hand-Delivery      TOOLE & DIETRICH P.L.L.P.
[  ] Facsimile          490 North 31st Street, Suite 500
[  ] Email              Billings, MT 59103-2529
[X] ECF Electronic Filing
```

```
[  ] U.S. Mail          Reneé L. Coppock
[  ] FedEx              CROWLEY HAUGHEY HANSON
[X] Hand-Delivery       TOOLE & DIETRICH P.L.L.P.
[  ] Facsimile          490 North 31st Street, Suite 500
[  ] Email              Billings, MT 59103-2529
[  ] ECF Electronic Filing
```

```
[X] U.S. Mail           Paul N. Tauger
[  ] FedEx              SCHNADER HARRISON SEGAL & LEWIS
[  ] Hand-Delivery      Suite 2200
[  ] Facsimile          One Montgomery Street
[  ] Email              San Francisco, CA 94104-5501
[  ] ECF Electronic Filing
```

```
[X] U.S. Mail           Ronald J. Ventola
[  ] FedEx              SCHNADER HARRISON SEGAL & LEWIS
[  ] Hand-Delivery      Suite 3600
[  ] Facsimile          1600 Market Street
[  ] Email              Philadelphia, PA 19103-7286
[  ] ECF Electronic Filing
```

/s/ Scott T. Wilsdon
Scott T. Wilsdon
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, WA 98104

# EXHIBIT A

Robert C. Griffin
Reneé L. Coppock
CROWLEY HAUGHEY HANSON
TOOLE & DIETRICH PLLP
490 North 31st Street, Suite 500
Billings, Montana 59103-2529
(406) 252-3441
(406) 259-4159 (Facsimile)

Scott T. Wilsdon (*pro hac vice*)
John H. Jamnback (*pro hac vice*)
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104
(206) 516-3800
(206) 516-3888 (Facsimile)

Attorneys for Plaintiff Microsoft Corporation

## UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> EDIRECTSOFTWARE, a Canadian partnership; JESSE WILLMS; LINDA WILLMS; DAVE WILLMS; 1016363 ALBERTA LTD., a Canadian corporation; 1021018 ALBERTA LTD., a Canadian corporation; and JOHN DOES 1-10, <br><br> Defendants. | No. CV-06-53-BLG-RFC <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

## INTRODUCTION

1.     This is an action by Microsoft Corporation ("Microsoft") to recover damages

arising from infringement of Microsoft's copyrights and trademarks in its software by

eDirectSoftware, Jesse Willms, Linda Willms, Dave Willms, 1016363 Alberta Ltd. and

1021018 Alberta Ltd. ("the eDirect Defendants"), and defendants John Does 1-10 ("the John

Exhibit A Page 1

PI Exhibit 61 Page 03123

Doe Defendants") (collectively, "Defendants") and to enjoin Defendants' future infringements. The eDirect Defendants are actively engaged in trafficking in counterfeit, tampered and/or infringing Microsoft software and components, and counterfeit and unauthorized product keys used to install and/or activate that software. The John Doe Defendants are supplying Microsoft software and unauthorized product keys to the eDirect Defendants in violation of copyright, trademark, and other laws and in breach of their license agreements with Microsoft. Microsoft seeks damages and injunctive relief against Defendants, an accounting of the eDirect Defendants' illegal profits, and the imposition of a constructive trust upon the eDirect Defendants' illegal profits.

## THE PARTIES

2.    Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. Microsoft develops, markets, distributes, and licenses computer software.

3.    Upon information and belief, defendant eDirectSoftware is a Canadian partnership with its principal places of business in Billings, Montana and Sherwood Park, Alberta. Upon information and belief, eDirectSoftware's members are citizens of Canada. eDirectSoftware advertises software and computer related products on the Internet at www.edirectsoftware.com. Among the products advertised by eDirectSoftware are purported Microsoft software and components.

4.    Defendant Jesse Willms is a resident of Sherwood Park, Alberta, Canada, and, upon information and belief, is a citizen of Canada. Jesse Willms is the owner of eDirectSoftware. Upon information and belief, Jesse Willms personally participated in

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF -- Page 2

Exhibit $\underline{A}$ Page $\underline{2}$

and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and derived direct financial benefit from that wrongful conduct.

5.    Defendant Linda Willms is a resident of Sherwood Park, Alberta, Canada, and, upon information and belief, is a citizen of Canada. Linda Willms is an eDirectSoftware executive and is listed in the "WHOIS" registry as the registrant for the eDirectSoftware.com domain. Upon information and belief, Linda Willms personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and derived direct financial benefit from that wrongful conduct.

6.    Defendant Dave Willms is a resident of Sherwood Park, Alberta, Canada, and upon information and belief, is a citizen of Canada. Dave Willms is the registered owner of the PayPal account that the eDirect Defendants have used and are continuing to use to facilitate and receive the proceeds of their illegal trafficking in counterfeit, tampered and/or infringing Microsoft software, and counterfeit and unauthorized product keys used to install and/or activate that software. Upon information and belief, Dave Willms has derived and is continuing to derive direct financial benefit from this wrongful conduct.

7.    Defendant 1016363 Alberta Ltd. is a numbered corporation formed and registered under the laws of Alberta, Canada. Upon information and belief, 1016363 Alberta Ltd. is a member of the partnership, together with defendant 1021018 Alberta Ltd., doing business as eDirectSoftware. Defendant Linda Willms is the registered director and sole shareholder of 1016363 Alberta Ltd.

8.    Defendant 1021018 Alberta Ltd. is a numbered corporation formed and registered under the laws of Alberta, Canada. Upon information and belief, 1021018 Alberta

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 3

Exhibit A Page 3

Ltd. is a member of the partnership, together with defendant 1016363 Alberta Ltd., doing business as eDirectSoftware. Defendant Jesse Willms is the registered director and sole shareholder of 1021018 Alberta Ltd.

9.    Upon information and belief, defendants John Does 1-10 are individuals and entities whose names currently are unknown to Microsoft and who have acted in concert with the eDirect Defendants and participated in the acts and practices alleged herein. As a direct and proximate result of the John Doe Defendants' wrongful conduct, Microsoft has suffered damages and other harm.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 17 U.S.C. § 1203, 18 U.S.C. § 2318, and 28 U.S.C. §§ 1331 and 1338(a).

11.    This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Montana and/or other states pursuant to 28 U.S.C. § 1367(a) because the claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

12.    Additionally, this Court has original jurisdiction over all of Microsoft's claims pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and, upon information and belief, is between citizens of different states and in which citizens or subjects of a foreign state are additional parties.

Exhibit A Page 4

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 4

13.     Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391(b),

§ 1391(d) and § 1400(a) because (i) the acts of infringement and other alleged wrongful

conduct occurred in the District, (ii) Defendants may be found in the District, and (iii)

Defendants have sufficient connection with the District to make venue proper.  Additionally,

personal jurisdiction as to the eDirect Defendants is proper pursuant to Federal Rule of Civil

Procedure 4(k)(2).

## FACTS COMMON TO ALL CLAIMS

14.     Microsoft develops, advertises, markets, distributes, and licenses a number of

computer software programs.  Microsoft's software programs are recorded on magnetic

diskettes and/or CD-ROMs, and they are packaged and distributed together with associated

proprietary materials such as user's guides, user's manuals, end-user license agreements

("EULAs"), Certificates of Authenticity ("COAs"), and other components.

15.     Microsoft and its partners distribute some software and other components to

customers pursuant to Volume License Agreements.  Licensees typically consist of

companies and organizations that desire to install and use Microsoft software on multiple

personal computers.  The Volume License Agreements permit the licensees to install and use

Microsoft software on a specified number of computers, and subject to other conditions set

forth in the Volume License Agreement.

16.     The CD-ROMs, also known as media, distributed pursuant to a Volume

License Agreement, are marked with language restricting redistribution and unauthorized

uses of the software.  For example, a 2004 Volume License version of a Microsoft software

program known as Windows XP Pro is marked with the following language:  "All use

Exhibit A Page 5

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF -- Page 5

subject to volume license agreement. Do not make illegal copies of this disc. **Not for retail or OEM Distribution. Not for Resale."** (Emphasis in original.)

17.     Microsoft distributes unique Volume License Keys ("VLKs") to each of its licensees. Each VLK consists of a 25-character alphanumeric code arranged in five groups of five characters each, and must be entered at the time the software is installed on the licensee's computer or computers. The VLK is needed to unlock the software program, or bypass activation, and to enable its use.

18.     VLKs are generated by Microsoft; each VLK distributed by Microsoft is unique to the licensee to whom it is distributed. Pursuant to the terms of their Volume License Agreements, licensees are required to keep their VLKs confidential and to use their best efforts to prevent the disclosure of their VLKs to any unauthorized third party.

19.     Microsoft and its partners also distribute some software and other components to Original Equipment Manufacturers ("OEMs") and System Builder ("SB") customers. OEMs and SB typically install Microsoft software on a specified number of computers manufactured by them, and subject to other conditions set forth in their License Agreements with Microsoft.

20.     Microsoft distributes unique 25-character alphanumeric keys to its OEM and SB customers. The OEM and SB keys are similar to the VLKs Microsoft distributes to its Volume License customers. The OEM or SB key is needed to unlock the software program and to enable its use.

21.     Microsoft and its partners also distribute some software and other components through special academic programs to provide low cost software to students currently enrolled in K-12 and higher educational institutions. Microsoft distributes Student

Exhibit A Page 6

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 6

Media at a steep discount to provide students in the United States, in developing nations, and worldwide low cost access to the latest software technology and information in furtherance of their educational development. The Student Media program is intended only for students at qualified educational institutions and the license agreements under which such media is distributed restrict the distribution of such media to those students.

22.     In the United States, an institution enrolled in one of the special academic programs may order student media throughout the term of its agreement only from Authorized Education Resellers ("AERs"). Microsoft AERs are specially trained and authorized to distribute Student Media to qualified education users. Academic institutions, AERs, and students are prohibited from reselling Student Media because the programs through which Student Media is distributed are designed to provide low cost software to qualified students, and not to the general public.

23.     Microsoft distributes unique 25-character alphanumeric keys to its Student Media customers. The keys accompanying Student Media are similar to the VLKs, and the OEM and SB keys. The key accompanying a particular unit of Student Media is needed to unlock the software program and to enable its use.

24.     Microsoft and its partners also distribute some software to qualified educational users through boxed, retail versions of Microsoft software known as Academic Edition full packaged product. Academic Edition media is available at a reduced price to educational institutions, faculty, staff members, and students that require five or fewer units of software or do not wish to enroll in one of the special academic programs through which Student Media is available. Academic Edition media may be acquired only from AERs and is available only to qualified education users.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 7

Exhibit __A__ Page __7__

25.     Because a CD-ROM containing Microsoft's copyrighted software is capable of being installed on a potentially unlimited number of computers, Microsoft relies on the unique product keys and special installation and in some cases activation features within the software, to prevent or at least restrict the installation and use of its software by unauthorized third parties.

26.     Microsoft Windows XP:  Microsoft has developed, advertises, markets, distributes, and licenses software packages known as Microsoft Windows XP Professional ("Windows XP").  Windows XP is an operating system for desktop and laptop systems.  It performs a number of computer-related operations including, but not limited to, providing support for various applications and allowing remote access to data and applications stored in Windows XP desktops from network connections.  Microsoft holds a valid copyright in Windows XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows XP, bearing the number TX 5-407-055 is attached hereto as Exhibit 1 and is incorporated by reference.

27.     Microsoft Windows 2000 Pro:  Microsoft has developed, advertises, markets, distributes and licenses a software package known as Microsoft Windows 2000 Professional ("Windows 2000 Pro").  Windows 2000 Pro is an operating system for business desktop and laptop systems.  It performs a number of computer-related operations including, but not limited to, running software applications, connecting to Internet and intranet sites, and accessing files, printers, and network resources.  Microsoft holds a valid copyright in Windows 2000 Pro (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and

Exhibit A Page 8

correct copy of the Registration Certificate for Microsoft Windows 2000 Pro, bearing

number TX 5-036-267, is attached hereto as Exhibit 2 and is incorporated by reference.

     28.   <u>Microsoft Office 2003</u>:  Microsoft Office 2003 Professional ("Office 2003")

is a suite of popular Microsoft software programs.  Microsoft holds a valid copyright in

Office 2003 (including user's reference manuals, user's guides, and screen displays) that was

duly and properly registered with the United States Copyright Office.  A true and correct

copy of the Registration Certificate for Microsoft Office 2003, bearing number TX 5-837-

617, is attached as Exhibit 3 and is incorporated by reference.  Office 2003 includes the

following popular Microsoft software programs:

     a.   Microsoft Access 2003, a program that allows users to create and

manipulate databases and to store data.  Microsoft holds a valid copyright in Microsoft

Access 2003 (including user's reference manuals, user's guides, and screen displays) that

was duly and properly registered with the United States Copyright Office.  A true and

correct copy of the Copyright Registration Certificate for Microsoft Access 2003, bearing

number TX 5-872-225, is attached as Exhibit 4 and is incorporated by reference.

     b.   Microsoft Excel 2003, a program that allows users to create and

manipulate spreadsheets, perform calculations, and store numerical data.  Microsoft holds a

valid copyright in Microsoft Excel 2003 (including user's reference manuals, user's guides,

and screen displays) that was duly and properly registered with the United States Copyright

Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft

Excel 2003, bearing number TX 5-837-636, is attached as Exhibit 5 and is incorporated by

reference.

Exhibit _A_ Page _9_

PI Exhibit 61 Page 03131

c.     Microsoft Outlook 2003, a program that allows users and networked teams to create and manage calendars, tasks, contacts, and email communications. Microsoft holds a valid copyright in Microsoft Outlook 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2003, bearing number TX 5-900-087, is attached as Exhibit 6 and is incorporated by reference.

d.     Microsoft PowerPoint 2003, a program that allows users to create, organize and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2003, bearing number TX 5-852-649, is attached as Exhibit 7 and is incorporated by reference.

e.     Microsoft Word 2003, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2003, bearing number TX 5-900-088, is attached as Exhibit 8 and is incorporated by reference.

f.     Microsoft Publisher 2003, a desktop publishing program that allows users to create, customize, and publish materials such as newsletters, brochures, flyers, catalogs, and Web sites. Microsoft holds a valid copyright in Microsoft Publisher 2003

Exhibit A Page 10

(including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2003, bearing number TX 5-837-618, is attached as Exhibit 9 and is incorporated by reference.

29.    Microsoft Office XP:  Office XP Professional with FrontPage, and Microsoft Office XP Standard ("Office XP") are suites of popular Microsoft software programs. Microsoft holds a valid copyright in Office XP (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office XP, bearing number TX 5-329-272, is attached as Exhibit 10 and is incorporated by reference. Office XP includes the following popular Microsoft software programs:

a.    Microsoft Access 2002, a program that allows users to create and manipulate databases and to store data. Microsoft holds a valid copyright in Microsoft Access 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2002, bearing number TX 5-321-421, is attached as Exhibit 11 and is incorporated by reference.

b.    Microsoft Excel 2002, a program that allows users to create and manage spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel

Exhibit _A_ Page _11_

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 11

2002, bearing number TX 5-318-231, is attached as Exhibit 12 and is incorporated by reference.

   c. <u>Microsoft Outlook 2002</u>, a program that allows users and networked teams to create and manage calendars, tasks, contacts, and email communications. Microsoft holds a valid copyright in Microsoft Outlook 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2002, bearing number TX 5-321-422, is attached as Exhibit 13 and is incorporated by reference.

   d. <u>Microsoft PowerPoint 2002</u>, a program that allows users to create, organize and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2002, bearing number TX 5-318-232, is attached as Exhibit 14 and is incorporated by reference.

   e. <u>Microsoft Word 2002</u>, a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Word 2002, bearing number TX 5-321-425, is attached as Exhibit 15 and is incorporated by reference.

Exhibit _A_ Page _12_

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 12

      f.     <u>Microsoft FrontPage 2002,</u> a computer program that allows users to create and manage Internet websites. Microsoft holds a valid copyright in Microsoft FrontPage 2002 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft FrontPage 2002, bearing number TX 5-321-423, is attached as Exhibit 16 and is incorporated by reference.

      30.     <u>Microsoft Office 2000</u>: Microsoft Office 2000 Professional and Microsoft Office 2000 Premium ("Office 2000") are suites of popular Microsoft software programs. Microsoft holds a valid copyright in Office 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Office 2000, bearing number TX 4-905-936, is attached as Exhibit 17 and is incorporated by reference. Office 2000 includes the following popular Microsoft software programs:

      a.     <u>Microsoft Access 2000,</u> a program that allows users to create and manipulate databases and to store data. Microsoft holds a valid copyright in Microsoft Access 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Access 2000, bearing number TX 4-905-950, is attached as Exhibit 18 and is incorporated by reference.

      b.     <u>Microsoft Excel 2000,</u> a program that allows users to create and manage spreadsheets, perform calculations, and store numerical data. Microsoft holds a valid copyright in Microsoft Excel 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 13

Exhibit $A$ Page 13

Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2000, bearing number TX 4-905-949, is attached as Exhibit 19 and is incorporated by reference.

         c.     <u>Microsoft Outlook 2000,</u> a program that allows users and networked teams to create and manage calendars, tasks, contacts, and email communications. Microsoft holds a valid copyright in Microsoft Outlook 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2000, bearing number TX 4-906-019, is attached as Exhibit 20 and is incorporated by reference.

         d.     <u>Microsoft PowerPoint 2000,</u> a program that allows users to create, organize and present overhead and slide presentations. Microsoft holds a valid copyright in Microsoft PowerPoint 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft PowerPoint 2000, bearing number TX 4-905-952, is attached as Exhibit 21 and is incorporated by reference.

         e.     <u>Microsoft Word 2000,</u> a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft Word 2000, bearing number TX 4-905-951, is attached as Exhibit 22 and is incorporated by reference.

Exhibit _A_ Page | 4

PI Exhibit 61 Page 03136

f.     Microsoft Publisher 2000, a desktop publishing program that allows

users to create, customize, and publish materials such as newsletters, brochures, flyers,

catalogs, and websites.  Microsoft holds a valid copyright in Microsoft Publisher 2000

(including user's reference manuals, user's guides, and screen displays) that was duly and

properly registered with the United States Copyright Office.  A true and correct copy of the

Copyright Registration Certificate for Microsoft Publisher 2000, bearing number TX 4-905-

937, is attached as Exhibit 23 and is incorporated by reference.

31.     Microsoft Money 2004:  Microsoft has developed, advertises, markets,

distributes and licenses a software package known as Microsoft Money 2004 ("Money

2004").  Money 2004 is a personal finance program that allows users to track and manage

their finances electronically.  Microsoft holds a valid copyright in Money 2004 (including

user's reference manuals, user's guides, and screen displays) that was duly and properly

registered with the United States Copyright Office.  A true and correct copy of the

Registration Certificate for Microsoft Money 2004, bearing number TX 5-800-362, is

attached as Exhibit 24 and is incorporated by reference.

32.     Microsoft Windows 2003 Server:  Microsoft has developed, advertises,

markets, distributes and licenses a software package known as Microsoft Windows 2003

Server ("Windows 2003 Server").  Windows 2003 Server is a multi-purpose network

operating system for businesses of all sizes.  Microsoft holds a valid copyright in Windows

2003 Server (including user's reference manuals, user's guides, and screen displays) that

was duly and properly registered with the United States Copyright Office.  A true and

correct copy of the Registration Certificate for Microsoft Windows 2003 Server, bearing

number TX 5-811-026, is attached as Exhibit 25 and is incorporated by reference.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 15

Exhibit A Page 15

33.   Microsoft Exchange Server 2003:  Microsoft has developed, advertises, markets, distributes and licenses a software package known as Microsoft Exchange Server 2003 Enterprise ("Exchange Server 2003").  Exchange Server 2003 is server software that enables users to send and receive electronic mail and other forms of interactive communications through a computer network.  Microsoft holds a valid copyright in Exchange Server 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Exchange Server 2003, bearing number TX 5-871-115, is attached as Exhibit 26 and is incorporated by reference.

34.   Microsoft Project 2003:  Microsoft has developed, advertises, markets, distributes and licenses software packages known as Microsoft Project Server 2003 and Microsoft Office Project Professional 2003 (collectively, "Project 2003").  Project 2003 is a suite of Enterprise Project Management software that is designed to assist businesses in managing schedules and resources.  Microsoft holds valid copyrights in Project 2003 (including user's reference manuals, user's guides, and screen displays) that were duly and properly registered with the United States Copyright Office.  True and correct copies of the Copyright Registration Certificate for Microsoft Project Server 2003 and Microsoft Office Project Professional 2003, bearing numbers TX 5-837-616 and TX 5-837-615, respectively, are attached as Exhibits 27 and 28, and are incorporated by reference.

35.   Microsoft Visio 2003:  Microsoft has developed, advertises, markets, distributes and licenses a software package known as Microsoft Visio 2003 ("Visio 2003").  Visio 2003 is a diagramming application that helps business and technical users to document, design, communicate and automate complex ideas, processes and systems.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 16

Exhibit A Page 16

Microsoft holds a valid copyright in Visio 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Visio 2003, bearing number TX 5-837-614, is attached as Exhibit 29 and is incorporated by reference.

36.   Microsoft FrontPage 2003:  Microsoft has developed, advertises, markets, distributes and licenses a software package known as Microsoft FrontPage 2003. FrontPage 2003 is a computer program that allows users to create and manage Internet websites. Microsoft holds a valid copyright in FrontPage 2003 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft FrontPage 2003, bearing number TX 5-837-613, is attached as Exhibit 30 and is incorporated by reference.

37.   Microsoft SQL Server 2000:  Microsoft has developed, advertises, markets, distributes and licenses software packages known as Microsoft SQL Server 2000 Enterprise Edition and Microsoft SQL Server 2000 Standard Edition ("SQL Server 2000"). SQL Server 2000 is data management software that enables users to create and manage enterprise data and analytical applications on multiple platforms. Microsoft holds a valid copyright in SQL Server 2000 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft SQL Server 2000, bearing number TX 5-195-890, is attached as Exhibit 31 and is incorporated by reference.

Exhibit _A_ Page _17_

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 17

38.     <u>Microsoft Windows 2000 Server</u>:  Microsoft has developed, advertises, markets, distributes and licenses software packages known as Microsoft Windows 2000 Server and Microsoft Windows 2000 Advanced Server (collectively, "Windows 2000 Server").  Windows 2000 Server is a multi-purpose network operating system for businesses of all sizes.  Microsoft holds a valid copyright in Windows 2000 Server (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 2000 Server, bearing number TX 5-036-268, is attached as Exhibit 32 and is incorporated by reference.

39.     <u>Microsoft Windows 98</u>:  Microsoft has developed, advertises, markets, distributes and licenses a software package known as Microsoft Windows 98 ("Windows 98").  Windows 98 performs a number of computer-related operations including, but not limited to, allocating computer memory, scheduling the execution of application software, and managing the flow of information and communication among the various components of the personal computer.  Microsoft holds a valid copyright in Windows 98 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 98, bearing number TX 4-687-920, is attached as Exhibit 33 and is incorporated by reference.

40.     <u>Microsoft Office 97</u>:  Microsoft Office 97 Professional Edition ("Office 97") is a suite of popular Microsoft software programs.  Microsoft holds a valid copyright in Office 97 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 18

Exhibit A Page 18

copy of the Registration Certificate for Microsoft Office 97, bearing number TX 4-395-984, is attached as Exhibit 34 and is incorporated by reference.

41.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

a.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236 and Renewal for computer programs and computer programming services;

b.     "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

c.     "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

d.     WINDOWS FLAG LOGO, Trademark Registration No. 1,816,354, for computers, computer peripherals, and computer programs and manuals sold as a unit;

e.     COLORED WINDOWS LOGO, Trademark Registration No. 1,815,350, for computers, computer peripherals, and computer programs and manuals sold as a unit;

f.     "POWERPOINT," Trademark Registration No. 1,475,795, for pre-recorded computer programs recorded on magnetic disks;

g.     "MICROSOFT ACCESS," Trademark Registration No. 1,741,086, for computer programs for use with databases and manuals sold as a unit;

h.     PUZZLE PIECE LOGO, Trademark Registration No. 1,982,562 for computer programs and instruction manuals sold as a unit;

Exhibit A Page 19

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 19

i.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843,
for computer software and manuals sold as a unit therewith; and

j.     "OUTLOOK," Trademark Registration No. 2,188,125, for computer
programs, specifically programs providing enhanced electronic mail and scheduling
capabilities and instructional manuals sold as a unit.

42.    True and correct copies of the Trademark Registrations for Paragraphs 41.a.
through 41.j. are attached hereto as Exhibits 35 through 44, respectively, and are
incorporated by reference.

### DEFENDANTS' INFRINGEMENT

43.    Beginning at a time unknown and continuing to the present, Defendants
eDirectSoftware, Jesse Willms, Linda Willms, 1016363 Alberta Ltd. and 1021018 Alberta
Ltd. have actively engaged in the illegal and unlawful business of trafficking in counterfeit,
tampered and/or infringing computer software and components, and counterfeit and/or
unauthorized VLKs and other keys used to install and use that software.  Upon information
and belief, Defendant Dave Willms has derived and is continuing to derive direct financial
benefit from this wrongful conduct.

44.    Beginning at a time unknown and continuing to the present, the John Doe
Defendants have provided Microsoft Student Media, Volume License Media, and other
software covered by Microsoft's copyrights, and VLKs and other product keys associated
with those works, to the eDirect Defendants in breach of the John Doe Defendants' license
agreements with Microsoft and in violation of copyright and trademark law.

Exhibit _A_ Page _20_

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 20

45.     The eDirect Defendants advertise and distribute counterfeit, tampered and/or infringing Microsoft software and components in interstate and foreign commerce on the Internet through the eDirect Defendants' website at www.edirectsoftware.com.

46.     On or about January 26, 2005, the eDirect Defendants distributed one unit of Microsoft Windows XP Pro to an investigator. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further established that the VLK included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit VLK label.

47.     On or about January 26, 2005, the eDirect Defendants distributed one unit of Microsoft Office Pro Enterprise 2003 to an investigator. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further established that the VLK included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit VLK label.

48.     On or about May 9, 2005, Microsoft received a unit of Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about February 28, 2005. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 21

Exhibit _A_ Page _21_

established that the VLK included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit VLK label.

49.     On or about May 24, 2005, the eDirect Defendants distributed one unit of Microsoft Windows 2000 Pro to an investigator. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it had been tampered with chemical solvents or by other means to obliterate the copyright restriction printed on the software (CD-ROM).

50.     On or about May 24, 2005, the eDirect Defendants distributed one unit of Microsoft XP Pro to an investigator. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, the key included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit key label.

51.     On or about September 7, 2005, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about August 8, 2005. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it consisted of a "recovery" disc that is only distributed to customers of Original Equipment Manufacturers (OEMs), such as Dell Computers, and is not available for retail sale. That analysis further established that the key included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit label.

52.     On or about September 19, 2005, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 22

Exhibit _A_  Page _22_

had been purchased from the eDirect Defendants on or about April 1, 2005. Microsoft

analyzed the software and determined that while the software (CD-ROM) was genuine, it was

a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is

not authorized for distribution to any customer other than a Volume License customer. That

analysis further established that the VLK included in the transaction was counterfeit (*i.e.*,

generated by a source other than Microsoft) and was displayed on a counterfeit VLK label.

53.     On or about September 29, 2005, Microsoft received one unit of Windows XP

Pro from a cooperating third party. Upon information and belief, the software had been

purchased from the eDirect Defendants within the previous six months. Microsoft analyzed

the software and determined that while the software (CD-ROM) was genuine, it was

distributed with a product key that was not authorized for use with the software distributed by

the eDirect Defendants, and was displayed on an illicit COA label.

54.     On or about October 6, 2005, the eDirect Defendants distributed two units of

Microsoft Windows XP Pro to an investigator. Microsoft analyzed the software and

determined that while the CD-ROMs were genuine, they consisted of recovery discs that are

only distributed to customers of Original Equipment Manufacturers (OEMs), such as Dell

Computers, and are not available for retail sale. That analysis further established that the

product keys included in the transaction were not authorized for use with the software with

the software distributed by the eDirect Defendants, and were displayed on illicit or counterfeit

labels.

55.     On or about October 6, 2005, the eDirect Defendants distributed one unit of

Microsoft Office Pro 2003 to an investigator. Microsoft analyzed the software and

determined that while the software (CD-ROM) was genuine, it was a type that is distributed

by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further established that the VLK included in the transaction was not authorized for use with the software distributed by the eDirect Defendants, and was displayed on a counterfeit VLK label.

56.     On or about December 28, 2005, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about December 5, 2005. Microsoft analyzed the software and determined that the software (CD-ROM) was counterfeit.

57.     On or about January 11, 2006, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about December 12, 2005. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was distributed with a COA label that had been tampered to remove the name of the OEM and that the product key displayed on the COA label was authorized for use only on computers built by that OEM.

58.     On or about February 13, 2006, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about January 29, 2006. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further established that the VLK included in the transaction was counterfeit (*i.e.*, generated by a source other than Microsoft) and was displayed on a counterfeit VLK label.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 24

Exhibit A Page 24

59.     On or about February 13, 2006, Microsoft received one unit of Microsoft
Windows XP Pro from a cooperating third party. Upon information and belief, the software
had been purchased from the eDirect Defendants on or about January 30, 2006. Microsoft
analyzed the software and determined that while the software (CD-ROM) was genuine, it was
a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is
not authorized for distribution to any customer other than a Volume License customer. That
analysis further established that the VLK included in the transaction was counterfeit (i.e.,
generated by a source other than Microsoft) and was displayed on a counterfeit VLK label.

60.     On or about February 22, 2006, Microsoft received one unit of Microsoft
Windows XP Pro from a cooperating third party. Upon information and belief, the software
had been purchased from the eDirect Defendants on or about November 8, 2005. Microsoft
analyzed the software and determined that while the software (CD-ROM) was genuine, it was
a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is
not authorized for distribution to any customer other than a Volume License customer. That
analysis further established that the VLK included in the transaction was counterfeit (i.e.,
generated by a source other than Microsoft), was displayed on a counterfeit VLK label, and
distributed with a counterfeit end user manual.

61.     On or about February 22, 2006, Microsoft received one unit of Microsoft
Windows XP Pro from a cooperating third party. Upon information and belief, the software
had been purchased from the eDirect Defendants on or about February 3, 2006. Microsoft
analyzed the software and determined that while the software (CD-ROM) was genuine, it was
a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is
not authorized for distribution to any customer other than a Volume License customer. That

Exhibit A Page 25

analysis further established that the VLK included in the transaction was counterfeit (*i.e.*, generated by a source other than Microsoft) and was displayed on a counterfeit VLK label.

62.     On or about March 2, 2006, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about November 21, 2005. Microsoft analyzed the software and determined that while the software (CD-ROM) was genuine, it was a type that is distributed by Microsoft only pursuant to a Volume License Agreement, and is not authorized for distribution to any customer other than a Volume License customer. That analysis further established that the VLK included in the transaction was counterfeit (*i.e.*, generated by a source other than Microsoft) and was displayed on a counterfeit VLK label.

63.     On or about March 22, 2006, Microsoft received one unit of Microsoft Windows XP Pro from a cooperating third party. Upon information and belief, the software had been purchased from the eDirect Defendants on or about January 4, 2006. Microsoft analyzed the software and determined that the software (CD-ROM) was counterfeit.

64.     In each of the transactions described in Paragraphs 47 to 49, 53, 56 and 59 to 63, the eDirect Defendants distributed Volume License software to individuals who were not Volume License customers of Microsoft, in violation of Microsoft's license rights. To support the installation of that software, the eDirect Defendants further distributed VLKs that were either counterfeit or misappropriated from Microsoft or its Volume License customers.

65.     In late September 2006, Microsoft learned of an inventory of several thousand units of counterfeit and/or infringing Microsoft products at the warehouse of Austin Fulfillment, a mail fulfillment company, in Las Vegas, Nevada. The Microsoft software and components at Austin Fulfillment have been identified as belonging to the eDirect Defendants

Exhibit __A__ Page __26__

and, upon information and belief, were intended to be shipped to eDirect's customers and other third parties at eDirect's direction and on eDirect's behalf.

66.     On October 10, 2006, this Court issued an order impounding the eDirect Defendants' inventory of Microsoft products at Austin Fulfillment.  Pursuant to the Court's order, the Microsoft products at Austin Fulfillment were placed in the custody of a substitute custodian and examined by Microsoft product identification specialists.  That examination revealed the following:

- 305 units of counterfeit software media;
- 1,192 units of software with counterfeit or illicit Certificates of Authenticity ("COAs");
- 686 units of software with counterfeit, misappropriated or otherwise unauthorized product keys;
- 30,217 units of infringing software, including:
    - 25,005 units of Student Media;
    - 2,679 units of Volume License Media;
    - 1,299 units of Original Equipment Manufacturer ("OEM") Media;
    - 895 units of System Builder Media;
- 1,279 units of genuine, non-infringing retail software.[1]

The vast majority of the Student Media found at Austin Fulfillment had been imported to the United States from Jordan.  Microsoft has not been paid for that software.

---

[1] The total number of units of software described in this paragraph exceeds the 31,507 units impounded because certain units of software fall within more than one category.  For example, some of the OEM Media was accompanied by counterfeit COA Labels.  Similarly, some of the Volume License Media was counterfeit.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 27

Exhibit A Page 27

67.     In early October 2006, Microsoft learned of an inventory of counterfeit and/or infringing Microsoft products at Big Boy Distribution in Riviera Beach, Florida. The Microsoft software and components at Big Boy Distribution has been identified as belonging to the eDirect Defendants and, upon information and belief, were intended to be shipped to eDirect's customers and other third parties at eDirect's direction and on eDirect's behalf.

68.     In October 2006, Microsoft learned that Big Boy Distribution had facilitated the importation to the United States and Canada of tens of thousands of units of Microsoft software at the direction and on behalf of the eDirect Defendants. Upon information and belief, several thousand units of Microsoft Volume License Media were imported to the United States and Canada from the Netherlands. Additionally, upon information and belief, several thousand units of Microsoft Student Media were imported to the United States from Jordan at the direction and on behalf of the eDirect Defendants.

69.     The eDirect Defendants have continued these illegal practices despite receiving multiple written and oral warnings from Microsoft:

a.      On or about March 14, 2005, Microsoft contacted Defendant Jesse Willms regarding the eDirect Defendants' unauthorized use of the Microsoft OEM System Builder Gold Member logo and the Microsoft Certified Partner logo on the www.edirectsoftware.com website. In a telephone conversation and follow-up electronic mail message, Microsoft warned that the eDirect Defendants had offered Microsoft OEM software for sale in violation of Microsoft's licensing rights and that the eDirect Defendants had sold software for use only pursuant to a Volume License agreement in violation of Microsoft's licensing rights. Microsoft informed Defendant Jesse Willms that the eDirect Defendants must cease and desist from distributing such software.

Exhibit A Page 28

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 28

PI Exhibit 61 Page 03150

b.      On or about July 29, 2005, Microsoft notified the eDirect Defendants by letter that the eDirect Defendants had distributed Microsoft software designated for distribution only pursuant Microsoft's "Fresh Start for Donated Computers Program" (a program established for primary and secondary schools to ensure that their donated computers are properly licensed) in violation of Microsoft's intellectual property rights. Microsoft further demanded that the eDirect Defendants cease and desist from their infringing conduct.

c.      On or about July 29, 2005, Microsoft notified the eDirect Defendants by letter that the eDirect Defendants had distributed Microsoft OEM software designated for distribution only with qualifying computer hardware in violation of Microsoft's intellectual property rights. Microsoft further demanded that the eDirect Defendants cease and desist from their infringing conduct.

d.      On or about August 15, 2005, Microsoft sent an e-mail message to the eDirect Defendants at the e-mail address Sales@eDirectSoftware.com to follow up on the July 29, 2005 letters. Microsoft received an e-mail message from that e-mail address which asked, "What is Microsoft fresh start software." Although Microsoft provided a toll free number and invited Defendants to call to discuss the issue, the eDirect Defendants did not call.

70.      Defendants' continued distribution and sale of infringing Microsoft software and components has caused and is continuing to cause consumers to be confused, mistaken or deceived about the authenticity of Microsoft products distributed by Defendants. Since 2004, Microsoft has received reports from hundreds of consumers who contacted Microsoft because they were concerned about the authenticity of Microsoft products advertised or distributed by

Exhibit A Page 29

the eDirect Defendants. Defendants' wrongful conduct has caused and is continuing to cause harm to Microsoft's business reputation and good will.

71.    The eDirect Defendants have persisted in their illegal practices despite numerous warnings from Microsoft. Defendants' violations are willful, deliberate and committed with prior notice and knowledge of Microsoft's copyrights and registered marks. Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Microsoft. Microsoft brings this action to recover damages for the harm it has sustained, to impose a constructive trust upon the eDirect Defendants' illegal profits and assets purchased with those profits, and to obtain injunctive relief prohibiting Defendants' further violations and infringements.

## COUNT I

### (Copyright Infringement, 17 U.S.C. § 501, *et seq.*)

### (Against All Defendants Except Dave Willms)

72.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 71, inclusive.

73.    Microsoft is the sole owner and licensor of Microsoft Windows XP Professional, Windows 2000 Professional, Office 2003 Professional, Office 97 Professional, Windows 98, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, and of all corresponding copyrights and Certificates of Registration.

74.    Defendants have infringed the copyrights in Microsoft's software, including, but not limited to Microsoft Windows XP Professional, Windows 2000 Professional, Office 2003 Professional, Office 97 Professional, Windows 98, and other software and components

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 30

Exhibit _A_ Page _30_

covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks

or imitations thereof, by distributing infringing materials in the United States of America,

without approval or authorization from Microsoft.

75.     Defendants' conduct has been willful within the meaning of the Copyright Act.

At a minimum, Defendants acted with willful blindness to and in reckless disregard of

Microsoft's registered copyrights.

76.     As a result of their wrongful conduct, Defendants are liable to Microsoft for

copyright infringement.  Microsoft has suffered, and will continue to suffer, substantial losses,

including, but not limited to, damage to its business reputation and goodwill.  Microsoft is

entitled to recover damages, which include its losses and all profits Defendants have made as

a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

77.     Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C.

§ 504(c).  In addition, because Defendants' infringement has been willful within the meaning

of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17

U.S.C. § 504(c)(2).

78.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to

an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Microsoft

has no adequate remedy at law for Defendants' wrongful conduct because, among other

things, (a) Microsoft's copyrights are unique and valuable property which have no readily

determinable market value, (b) Defendants' infringement harms Microsoft's business

reputation and goodwill such that Microsoft could not be made whole by any monetary award,

and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

Exhibit A Page 31

79. Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II

### (Infringing Importation of Copyrighted Works, 17 U.S.C. § 602)

### (Against All Defendants Except Dave Willms)

80. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 79, inclusive.

81. Microsoft is the sole owner and licensor of Microsoft Windows XP Professional, Office 2003 Professional, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, and of all corresponding copyrights and Certificates of Registration. Microsoft manufactures certain software media for distribution in countries other than the United States.

82. Defendants have infringed the copyrights in Microsoft's software, including, but not limited to Microsoft Windows XP Professional, Office 2003 Professional, and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, by importing to the United States that copyrighted software, without approval or authorization from Microsoft.

83. Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

84. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 32

Exhibit __A__ Page __32__

entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

85.    Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

86.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

87.    Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

### COUNT III

### (Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2))

### (Against All eDirect Defendants Except Dave Willms)

88.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 87, inclusive.

89.    Defendants were and are actively engaged in the business of importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized VLKs and product keys, knowing or having reason to know that such VLKs and

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 33

Exhibit A Page 33

product keys (a) are primarily designed or produced for the purpose of circumventing activation and/or validation features of Microsoft software, (b) have only limited commercially significant purpose or use other than to circumvent Microsoft's activation and/or validation features, or (c) are marketed by Defendants and persons acting in concert with Defendants for use in circumventing Microsoft's installation, activation and/or validation features, in violation of 17 U.S.C. § 1201(a)(2).

90.     Defendants' violations have injured and will continue to injure Microsoft by depriving Microsoft of sales of authorized software, impairing Microsoft's ability to protect its intellectual property rights, and interfering with Microsoft's contractual and prospective business relations. Microsoft is entitled to recover actual damages and Defendants' profits made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 1203(c)(2). Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

91.     Defendants have violated 17 U.S.C. § 1201(a)(2) willfully and for purposes of commercial advantage or private financial gain.

92.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 1203(b)(1) and to an order impounding any materials involved in violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(b)(3). Defendants knew or should have known that importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized VLKs and product keys was and is illegal and prohibited. Such violations have caused and will continue to cause Microsoft irreparable harm, and Microsoft has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, Defendants will continue to violate 17 U.S.C. § 1201(a)(2).

Exhibit $\underline{A}$ Page $\underline{34}$

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 34

PI Exhibit 61 Page 03156

93.     Microsoft is also entitled to recover its attorney's fees and costs of suit
pursuant to 17 U.S.C. § 1203.

### COUNT IV

### (Trademark Infringement, 15 U.S.C. § 1114, et seq.)

### (Against All eDirect Defendants Except Dave Willms)

94.     Microsoft repeats and incorporates by this reference each and every allegation
set forth in paragraphs 1 through 93, inclusive.

95.     Defendants' activities constitute infringement of Microsoft's federally
registered trademarks and service mark in violation of the Lanham Act, including, but not
limited to, 15 U.S.C. § 1114(1).

96.     Because Microsoft has marketed, advertised, promoted, distributed, and
licensed its software under the trademarks and service mark described in this Complaint, these
trademarks and service mark are the means by which Microsoft's software is distinguished
from the software and related items of others in the same field or related fields.

97.     Because of Microsoft's long, continuous, and exclusive use of these
trademarks and service mark, they have come to mean, and are understood by customers, end
users, and the public to signify software programs or services of Microsoft.

98.     The infringing materials that Defendants have and are continuing to use, offer,
advertise, market, install or distribute are likely to cause confusion, mistake, or deception as
to their source, origin, or authenticity.

99.     Further, Defendants' activities are likely to lead the public to conclude,
incorrectly, that the infringing materials that Defendants are using, advertising, installing,

Exhibit A Page 35

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 35

marketing, offering, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

100. Defendants used, offered, advertised, marketed, installed, offered or distributed infringing material with the willful and calculated purposes of (i) misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials, and (ii) trading upon Microsoft's goodwill and business reputation. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

101. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill. Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

102. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful, within the meaning of the Lanham Trademark Act, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). Alternatively, the award of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

103. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A), and pursuant to 28 U.S.C. § 1651. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 36

Exhibit A Page 36

value, (b) Defendants' infringement constitutes harm to Microsoft's business reputation and

goodwill such that Microsoft could not be made whole by any monetary award, (c) if

Defendants' wrongful conduct is allowed to continue, the public is likely to become further

confused, mistaken, or deceived as to the source, origin or authenticity of the infringing

materials, and (d) Defendants' wrongful conduct, and the resulting damages to Microsoft, is

continuing.

104.    Microsoft is also entitled to recover its attorney's fees and costs of suit

pursuant to 15 U.S.C. § 1117.

**COUNT V**

**(False Designation of Origin, 15 U.S.C. § 1125, _et seq._)**

**(Against All eDirect Defendants Except Dave Willms)**

105.    Microsoft repeats and incorporates by this reference each and every allegation

set forth in paragraphs 1 through 104, inclusive.

106.    Because Microsoft advertises, markets, distributes, and licenses its software

under the trademarks and service mark described in this Complaint, these trademarks and

service mark are the means by which Microsoft's software is distinguished from the software

or products of others in the same field or related fields.

107.    Because of Microsoft's long, continuous, and exclusive use of these

trademarks and service mark, they have come to mean, and are understood by customers, end

users, and the public to signify software or services of Microsoft.

108.    Microsoft has designed distinctive and aesthetically pleasing displays, logos,

icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its

software programs.

Exhibit _A_ Page _37_

109.   The eDirect Defendants' wrongful conduct includes the use, advertising, marketing, offering, or distribution of Microsoft's marks, name, and/or imitation visual designs (specifically displays, logos, icons, graphic designs, and/or packaging) that are virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

110.   The eDirect Defendants engaged in such wrongful conduct with the willful purpose of (i) misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and (ii) trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual design originate from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

111.   The eDirect Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

112.   As a result of the eDirect Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damage and losses, including, but not limited to, irreparable injury to its business reputation and goodwill. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation visual designs being used, offered, advertised, marketed, installed or distributed by the eDirect Defendants. Microsoft has no adequate remedy at law for the eDirect Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, names, and visual designs are unique and valuable property which have no readily determinable market value, (b) the eDirect Defendants'

Exhibit A Page 38

PI Exhibit 61 Page 03160

advertising, marketing, installation or distribution of imitation visual designs constitutes harm

to Microsoft's business reputation and goodwill such that Microsoft could not be made whole

by any monetary award, and (c) the eDirect Defendants' wrongful conduct, and the resulting

damage to Microsoft, is continuing.

## COUNT VI

## (Violation of Anti-Counterfeiting Amendments Act of 2004, 18 U.S.C. § 2318)

### (Against All Defendants Except Dave Willms)

113.   Microsoft repeats and incorporates by this reference each and every allegation
set forth in paragraphs 1 through 112, inclusive.

114.   Microsoft distributes its software with currency-like certificates or labeling
components known as Certificates of Authenticity and Certificate of Authenticity Labels
(collectively, "COA Labels"). Microsoft distributes COA Labels with its software to verify
that the software is genuine Microsoft software and is not counterfeit or infringing of any
copyright.

115.   Defendants have knowingly trafficked in illicit Microsoft COA Labels,
documentation and packaging (including certificates, licensing documents, registration cards
and similar labeling components), by distributing or intending to distribute genuine Microsoft
COA Labels, documentation and packaging, without the Microsoft software to which such
COA Labels, documentation and packaging were intended by Microsoft to be affixed,
enclosed or accompanied, in violation of 18 U.S.C. § 2318(a).

116.   Defendants have knowingly trafficked in counterfeit Microsoft COA Labels,
documentation and packaging (including VLK labels and other product key labels), by
affixing, enclosing, and accompanying Microsoft software and counterfeit and infringing

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 39

Exhibit _A_ Page 39

Microsoft software with counterfeit documentation and packaging, in violation of 18 U.S.C. § 2318(a).

117.    Defendants' wrongful conduct was committed within the United States and involved the use or intended use of mail or a facility of interstate or foreign commerce.

118.    Microsoft is entitled to recover damages and Defendants' profits pursuant to 18 U.S.C. § 2318(f)(3) or, alternatively, statutory damages pursuant to 18 U.S.C. § 2318(f)(4).

119.    Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

120.    Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 18 U.S.C. § 2318(f)(2)(C)(i).

### COUNT VII

### (Tortious Interference With Contractual Relations)

### (Against All eDirect Defendants Except Dave Willms)

121.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 120, inclusive.

122.    Upon information and belief, the eDirect Defendants have acquired and continue to acquire Microsoft Volume License Media and Microsoft Volume License Keys from third parties Microsoft licenses to install and use Microsoft software on a specified number of computers, and subject to other conditions set forth in Volume License Agreements.

123.    Upon information and belief, the eDirect Defendants have acquired and continue to acquire Microsoft Student Media from third parties Microsoft licenses to

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 40

Exhibit A Page 40

distribute, install, and/or use Microsoft software subject to restrictions on distribution of that Student Media and other conditions.

124. Microsoft's licenses with these third parties are valid contracts and the eDirect Defendants have knowledge of those contracts. For an improper purpose or using improper means, the eDirect Defendants have intentionally interfered and are continuing to intentionally interfere with those contracts, thereby inducing the third parties to breach their license agreements with Microsoft. Microsoft has been and is continuing to be damaged by the eDirect Defendants' interference and the third parties' breaches.

125. The eDirect Defendants' tortious interference with Microsoft's contractual relations has caused and will continue to cause irreparable injury to Microsoft unless the eDirect Defendants are preliminarily and permanently restrained and enjoined from this activity.

## COUNT VIII

### (Breach of Contract)

### (Against the John Doe Defendants)

126. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 125, inclusive.

127. The John Doe Defendants have contracted with Microsoft to install and use Microsoft software pursuant to Volume License Agreements. The Volume License Agreements permit the John Doe Defendants to install and use Microsoft software on a specified number of computers, and subject to other conditions set forth in the Volume License Agreement.

Exhibit A Page 41

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 41

128.    The John Doe Defendants have also contracted with Microsoft to distribute, install, and/or use software on Microsoft Student Media.  Authorized distribution and/or use of Student Media is limited to qualified education users, and is subject to other conditions set forth in the academic program licenses.

129.    The consideration supporting Microsoft's and the John Doe Defendants' obligations under the Volume License Agreements and/or the academic program agreements was fair and reasonable.  Microsoft has performed all conditions, covenants, and promises required by it on its part to be performed in accordance with the Volume License Agreements and/or the academic program agreements.

130.    The John Doe Defendants have distributed and continue to distribute to the eDirect Defendants Microsoft Volume License Media and/or Microsoft Volume License Keys in violation of the terms of their Volume License Agreements with Microsoft.

131.    The John Doe Defendants have distributed and continue to distribute to the eDirect Defendants Microsoft Student Media in violation of the terms of their academic program agreements with Microsoft.

132.    The John Doe Defendants' distribution to the eDirect Defendants of Microsoft Volume License Media, Microsoft Volume License Keys, and/or Microsoft Student Media constitutes breach of contract.  By reason of the John Doe Defendants' breaches of contract Microsoft has suffered and will continue to suffer damages in an amount to be proven at trial.

Exhibit _A_ Page 42

## COUNT IX

### (Conversion)

### (Against All eDirect Defendants Except Dave Willms)

133.    Microsoft repeats and incorporates by this reference each and every allegation
set forth in paragraphs 1 through 132, inclusive.

134.    The eDirect Defendants acquired and are exercising dominion over Student
Media owned by Microsoft for which Microsoft has not been paid.  Microsoft has suffered
damages due to the eDirect Defendants' unauthorized dominion over that Student Media.

135.    The eDirect Defendants' acquisition and unauthorized dominion over Student
Media owned by Microsoft, resulting in damages to Microsoft, constitutes common law
conversion.

136.    Microsoft is entitled to a return of the Student Media and/or damages resulting
from Defendants' wrongful conversion.

## COUNT XI

### (Trespass to Chattels)

### (Against All Defendants Except Dave Willms)

137.    Microsoft repeats and incorporates by this reference each and every allegation
set forth in paragraphs 1 through 136, inclusive.

138.    The Defendants have intentionally possessed, used and/or interfered with the
use of Microsoft software, including Student Media, without authorization from Microsoft.
Defendants' possession, use, and/or interference with the use of Microsoft software without
authorization from Microsoft has resulted in Microsoft's and/or third parties' dispossession of
the Microsoft software, deprivation of use of the Microsoft software, and/or impairment of the

Exhibit A Page 43

condition, quality, or usefulness of the Microsoft software. Defendants' conduct constitutes

trespass to chattels.

139.    Microsoft is entitled to a return of the Microsoft software and/or damages

resulting from Defendants' wrongful trespass to chattels.

## COUNT XI

### (Constructive Trust upon Illegal Profits)

### (Against All eDirect Defendants)

140.    Microsoft repeats and incorporates by this reference each and every allegation

set forth in paragraphs 1 through 139, inclusive.

141.    The eDirect Defendants' conduct constitutes deceptive, fraudulent, and

wrongful conduct in the nature of passing off the infringing software or related components as

approved or authorized by Microsoft.

142.    By virtue of the eDirect Defendants' wrongful conduct, the eDirect Defendants

have illegally received money and profits that rightfully belong to Microsoft.

143.    Microsoft is also entitled, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b),

17 U.S.C. § 1203(c), and 18 U.S.C. § 2318(f)(3), to recover any and all profits of the eDirect

Defendants that are attributable to their acts of infringement or violations thereof.

144.    Upon information and belief, the eDirect Defendants hold the illegally received

money and profits in the form of bank accounts, real property, and personal property

(including motor vehicles) that can be located and traced.

145.    The eDirect Defendants hold the money and profits they have illegally

received as constructive trustees for the benefit of Microsoft.

Exhibit _A_ Page 44

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 44

PI Exhibit 61 Page 03166

## COUNT XII

### (Unjust Enrichment)

### (Against All eDirect Defendants)

146.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 145, inclusive.

147.    The eDirect Defendants have usurped for themselves proprietary information, revenues, and other property rights belonging to Microsoft for the purpose of enhancing the commercial value of the eDirect Defendants' goods.

148.    As a direct and proximate result of their unlawful and improper acts, the eDirect Defendants have been unjustly enriched and Microsoft has suffered, and will continue to suffer, loss of profits by virtue of the eDirect Defendants' conduct. The exact amount of unjust profits realized by the eDirect Defendants and profits lost by Microsoft are presently unknown to it and cannot be readily ascertained without an accounting.

149.    The eDirect Defendants' unlawful advertising, marketing, installing, offering and/or distributing of counterfeit, tampered and/or infringing copies of Microsoft software and components, and their usurpation of Microsoft's proprietary information, revenues and other property rights belonging to Microsoft, has caused and will continue to cause irreparable injury to Microsoft unless the eDirect Defendants are preliminarily and permanently restrained and enjoined from this activity.

Exhibit __A__ Page __45__

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 45

## COUNT XIII

### (Accounting)

### (Against All eDirect Defendants)

150.     Microsoft repeats and incorporates by this reference each and every allegation
as set forth in paragraphs 1 through 149, inclusive.

151.     Microsoft is entitled, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504, 17 U.S.C.
§ 1203(c), and 18 U.S.C. § 2318, to recover any and all profits of the eDirect Defendants that
are attributable to their acts of infringement or violations thereof.

152.     The amount of money due from the eDirect Defendants to Microsoft is
unknown to Microsoft and cannot be ascertained without a detailed accounting by the eDirect
Defendants of the precise number of units of infringing material offered for distribution and
distributed by the eDirect Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendants finding that they have:

a.     willfully infringed Microsoft's rights in the following federally
registered copyrights, in violation of 17 U.S.C. § 501:

(1)     TX 5-407-055 ("Microsoft Windows XP Professional");

(2)     TX 5-036-267 ("Microsoft Windows 2000 Professional");

(3)     TX 5-837-617 ("Microsoft Office 2003 Professional");

(4)     TX 5-872-225 ("Microsoft Access 2003");

(5)     TX 5-837-636 ("Microsoft Excel 2003");

(6)     TX 5-900-087 ("Microsoft Outlook 2003");

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 46

Exhibit $\underline{A}$ Page $\underline{46}$

(7)     TX 5-852-649 ("Microsoft PowerPoint 2003");

(8)     TX 5-900-088 ("Microsoft Word 2003");

(9)     TX 5-837-618 ("Microsoft Publisher 2003");

(10)    TX 5-329-272 ("Microsoft Office XP");

(11)    TX 5-321-421 ("Microsoft Access 2002");

(12)    TX 5-318-231 ("Microsoft Excel 2002");

(13)    TX 5-321-422 ("Microsoft Outlook 2002");

(14)    TX 5-318-232 ("Microsoft PowerPoint 2002");

(15)    TX 5-321-425 ("Microsoft Word 2002");

(16)    TX 5-321-423 ("Microsoft FrontPage 2002");

(17)    TX 4-905-936 ("Microsoft Office 2002");

(18)    TX 4-905-950 ("Microsoft Access 2000");

(19)    TX 4-905-949 ("Microsoft Excel 2000");

(20)    TX 4-906-019 ("Microsoft Outlook 2000");

(21)    TX 4-905-952 ("Microsoft PowerPoint 2000");

(22)    TX 4-905-951 ("Microsoft Word 2000");

(23)    TX 4-905-937 ("Microsoft Publisher 2000");

(24)    TX 5-800-362 ("Microsoft Money 2004");

(25)    TX 5-811-026 ("Microsoft Windows 2003 Server");

(26)    TX 5-871-115 ("Microsoft Exchange Server 2003");

(27)    TX 5-837-616 ("Microsoft Project Server 2003");

(28)    TX 5-837-615 ("Microsoft Office Project Professional 2003");

(29)    TX 5-837-614 ("Microsoft Visio 2003");

Exhibit A Page 47

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 47

> (30)   TX 5-837-613 ("Microsoft FrontPage 2003");
>
> (31)   TX 5-195-890 ("Microsoft SQL Server 2000");
>
> (32)   TX 5-036-268 ("Microsoft Windows 2000 Server");
>
> (33)   TX 4-687-920 ("Microsoft Windows 98");
>
> (34)   TX 4-395-984 ("Microsoft Office 97"); and
>
> (35)   Other items or works protected by Microsoft copyrights;

b.      willfully infringed Microsoft's rights by importing to the United States and elsewhere Microsoft Windows XP Professional, Office 2003 Professional and other software and components covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof;

c.      were and are actively engaged in the business of importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized VLKs and product keys, knowing or having reason to know that such VLKs and/or product keys (a) are primarily designed or produced for the purpose of circumventing activation and/or validation features of Microsoft software, (b) have only limited commercially significant purpose or use other than to circumvent Microsoft's activation and/or validation features, or (c) are marketed by Defendants and persons acting in concert with Defendants for use in circumventing Microsoft's activation and/or validation features, in violation of 17 U.S.C. § 1201(a)(2);

d.      willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

> (1)   1,200,236 ("MICROSOFT");

Exhibit A  Page 48

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 48

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS");

(4)     1,816,354 (WINDOWS FLAG LOGO);

(5)     1,815,350 (COLORED WINDOWS LOGO);

(6)     1,475,795 ("POWERPOINT");

(7)     1,741,086 ("MICROSOFT ACCESS");

(8)     1,982,562 (PUZZLE PIECE LOGO);

(9)     2,744,843 (COLORED FLAG DESIGN);

(10)    2,188, 125 ("OUTLOOK"); and

(11)    Other items or works protected by Microsoft trademarks;

e.      committed and are committing acts of false designation of origin, false

or misleading description of fact, and false or misleading representation against Microsoft, in

violation of 15 U.S.C. § 1125(a);

f.      trafficked in counterfeit and/or illicit Microsoft COA Labels, product

key labels, documentation and packaging, in violation of 18 U.S.C. § 2318(a);

g.      tortiously interfered with Microsoft's contractual relations;

h.      breached their contacts with Microsoft;

i.      wrongfully converted to their use Microsoft software;

j.      wrongfully trespassed against Microsoft software; and

k.      otherwise injured the business reputation and business of Microsoft by

the acts and conduct set forth in this Complaint.

2.      That the Court issue preliminary and permanent injunctive relief against

Defendants, and that Defendants, their officers, agents, representatives, servants, employees,

Exhibit A Page 49

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 49

attorneys, successors and assigns, and all others in active concert or participation with

Defendants, be enjoined and restrained from:

        a.     imitating, copying, or making any other infringing use or importation to

the United States or elsewhere, or infringing distribution of the software and/or materials now

or hereafter protected by the following copyright Certificates Registration Nos.:

        (1)    TX 5-407-055 ("Microsoft Windows XP Professional");

        (2)    TX 5-036-267 ("Microsoft Windows 2000 Professional");

        (3)    TX 5-837-617 ("Microsoft Office 2003 Professional");

        (4)    TX 5-872-225 ("Microsoft Access 2003");

        (5)    TX 5-837-636 ("Microsoft Excel 2003");

        (6)    TX 5-900-087 ("Microsoft Outlook 2003");

        (7)    TX 5-852-649 ("Microsoft PowerPoint 2003");

        (8)    TX 5-900-088 ("Microsoft Word 2003");

        (9)    TX 5-837-618 ("Microsoft Publisher 2003");

        (10)   TX 5-329-272 ("Microsoft Office XP");

        (11)   TX 5-321-421 ("Microsoft Access 2002");

        (12)   TX 5-318-231 ("Microsoft Excel 2002");

        (13)   TX 5-321-422 ("Microsoft Outlook 2002");

        (14)   TX 5-318-232 ("Microsoft PowerPoint 2002");

        (15)   TX 5-321-425 ("Microsoft Word 2002");

        (16)   TX 5-321-423 ("Microsoft FrontPage 2002");

        (17)   TX 4-905-936 ("Microsoft Office 2002");

        (18)   TX 4-905-950 ("Microsoft Access 2000");

Exhibit A Page 50

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 50

(19)   TX 4-905-949 ("Microsoft Excel 2000");

(20)   TX 4-906-019 ("Microsoft Outlook 2000");

(21)   TX 4-905-952 ("Microsoft PowerPoint 2000");

(22)   TX 4-905-951 ("Microsoft Word 2000");

(23)   TX 4-905-937 ("Microsoft Publisher 2000");

(24)   TX 5-800-362 ("Microsoft Money 2004");

(25)   TX 5-811-026 ("Microsoft Windows 2003 Server");

(26)   TX 5-871-115 ("Microsoft Exchange Server 2003");

(27)   TX 5-837-616 ("Microsoft Project Server 2003");

(28)   TX 5-837-615 ("Microsoft Office Project Professional 2003");

(29)   TX 5-837-614 ("Microsoft Visio 2003");

(30)   TX 5-837-613 ("Microsoft FrontPage 2003");

(31)   TX 5-195-890 ("Microsoft SQL Server 2000");

(32)   TX 5-036-268 ("Microsoft Windows 2000 Server");

(33)   TX 4-687-920 ("Microsoft Windows 98");

(34)   TX 4-395-984 ("Microsoft Office 97"); and

(35)   Any other items or works now or hereafter protected by any

Microsoft copyright;

b.      importing (to the United States), offering to the public, providing and

trafficking in counterfeit and/or unauthorized VLKs and product keys, knowing or having

reason to know that such VLKs and product keys (a) are primarily designed or produced for

the purpose of circumventing activation and/or validation features of Microsoft software, (b)

have only limited commercially significant purpose or use other than to circumvent

Exhibit A Page 51

Microsoft's activation and/or validation features, or (c) are marketed by Defendants and persons acting in concert with Defendants for use in circumventing Microsoft's activation and/or validation features;

      c.    imitating, copying, or making any other infringing use or infringing distribution of the software and/or materials now or hereafter protected by the Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

      (1)    1,200,236 ("MICROSOFT");

      (2)    1,256,083 ("MICROSOFT");

      (3)    1,872,264 ("WINDOWS");

      (4)    1,816,354 (WINDOWS FLAG LOGO);

      (5)    1,815,350 (COLORED WINDOWS LOGO);

      (6)    1,475,795 ("POWERPOINT");

      (7)    1,741,086 ("MICROSOFT ACCESS");

      (8)    1,982,562 (PUZZLE PIECE LOGO);

      (9)    2,744,843 (COLORED FLAG DESIGN);

      (10)    2,188, 125 ("OUTLOOK"); and

      (11)    Any other items or works now or hereafter protected by any Microsoft trademark;

      d.    manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software, component, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered Trademarks, Service

Exhibit _A_ Page 52

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 52

PI Exhibit 61 Page 03174

Mark or Copyright Registration Numbers, including, but not limited to, those listed in

Sections 2.a and 2.b above;

          e.      using any simulation, reproduction, counterfeit, copy, or colorable

imitation of Microsoft's registered Trademarks, Service Mark, or Copyright Registration

Numbers including, but not limited to, those listed in Sections 2.a and 2.b above, in

connection with the manufacture, assembly, production, distribution, offering for distribution,

circulation, sale, offering for sale, import, advertisement, promotion, or display of any

software program, component, and/or item not authorized or licensed by Microsoft;

          f.      using any false designation of origin or false or misleading description

or false or misleading representation that can or is likely to lead the trade or public

erroneously to believe that any software program, component, or item has been manufactured,

assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale,

imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or

for Microsoft, when such is not true in fact;

          g.      using reproductions, counterfeits, copies or colorable imitations of

Microsoft's copyrighted and trademark protected software and other materials in the

distribution, offering for distribution, circulating, sale, offering for sale, advertising,

importing, promoting, or displaying of any merchandise not authorized or licensed by

Microsoft;

          h.      using the names, logos, or other variations thereof of any of Microsoft's

copyright and/or trademark-protected software in any of the Defendants' trade or corporate

names;

Exhibit _A_ Page _53_

FIRST AMENDED COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – Page 53

FILED
BILLINGS DIV.

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

2007 FEB 5 AM 10 51

PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

MICROSOFT CORPORATION,
a Washington corporation,

Plaintiff,

v.

EDIRECTSOFTWARE, a Canadian
partnership; JESSE WILLMS; LINDA
WILLMS; DAVE WILLMS; 1016363
ALBERTA LTD., a Canadian corporation;
1021018 ALBERTA LTD., a Canadian
corporation; and JOHN DOES 1-10,

Defendants.

No. CV-06-53-BLG-RFC

PERMANENT INJUNCTION

The Court having considered the Joint Motion of Plaintiff Microsoft Corporation

("Microsoft") and Defendants eDirectSoftware, Jesse Willms, Linda Willms, Dave Willms,

1016363 Alberta Ltd., and 1021018 Alberta Ltd., and each of them (collectively, "the eDirect

Defendants") for Entry of a Permanent Injunction, and having reviewed the files and records

herein; now, therefore, enters the following

## PERMANENT INJUNCTION

1.      Defendants eDirectSoftware, Jesse Willms, Linda Willms, Dave Willms,

1016363 Alberta Ltd., and 1021018 Alberta Ltd., and their directors, principals, officers,

agents, servants, employees, representatives, successors and assigns, and all those persons

acting at their direction or control, are hereby **PERMANENTLY ENJOINED** and restrained

from engaging in the following acts or practices:

(a)      imitating, copying, or making any other infringing use or infringing

distribution of the software programs, components, end user license agreements or any other

1

items or things protected by Microsoft's copyrights, including, but not limited to, the

following Certificate Registration Numbers:

    (1)    TX 5-407-055 ("Microsoft Windows XP Professional");

    (2)    TX 5-036-267 ("Microsoft Windows 2000 Professional");

    (3)    TX 5-837-617 ("Microsoft Office 2003 Professional");

    (4)    TX 5-872-225 ("Microsoft Access 2003");

    (5)    TX 5-837-636 ("Microsoft Excel 2003");

    (6)    TX 5-900-087 ("Microsoft Outlook 2003");

    (7)    TX 5-852-649 ("Microsoft PowerPoint 2003");

    (8)    TX 5-900-088 ("Microsoft Word 2003");

    (9)    TX 5-837-618 ("Microsoft Publisher 2003");

    (10)    TX 5-329-272 ("Microsoft Office XP");

    (11)    TX 5-321-421 ("Microsoft Access 2002");

    (12)    TX 5-318-231 ("Microsoft Excel 2002");

    (13)    TX 5-321-422 ("Microsoft Outlook 2002");

    (14)    TX 5-318-232 ("Microsoft PowerPoint 2002");

    (15)    TX 5-321-425 ("Microsoft Word 2002");

    (16)    TX 5-321-423 ("Microsoft FrontPage 2002");

    (17)    TX 4-905-936 ("Microsoft Office 2002");

    (18)    TX 4-905-950 ("Microsoft Access 2000");

    (19)    TX 4-905-949 ("Microsoft Excel 2000");

    (20)    TX 4-906-019 ("Microsoft Outlook 2000");

    (21)    TX 4-905-952 ("Microsoft PowerPoint 2000");

PI Exhibit 61 Page 03177

(22)     TX 4-905-951 ("Microsoft Word 2000");

(23)     TX 4-905-937 ("Microsoft Publisher 2000");

(24)     TX 5-800-362 ("Microsoft Money 2004");

(25)     TX 5-811-026 ("Microsoft Windows 2003 Server");

(26)     TX 5-871-115 ("Microsoft Exchange Server 2003");

(27)     TX 5-837-616 ("Microsoft Project Server 2003");

(28)     TX 5-837-615 ("Microsoft Office Project Professional 2003");

(29)     TX 5-837-614 ("Microsoft Visio 2003");

(30)     TX 5-837-613 ("Microsoft FrontPage 2003");

(31)     TX 5-195-890 ("Microsoft SQL Server 2000");

(32)     TX 5-036-268 ("Microsoft Windows 2000 Server");

(33)     TX 4-687-920 ("Microsoft Windows 98");

(34)     TX 4-395-984 ("Microsoft Office 97"); and

(35)     Any other items or works now or hereafter reasonably known to
         the eDirect Defendants to be protected by any Microsoft
         copyright;

(b)     imitating, copying, or making any other infringing use or infringing

distribution of the software and/or materials now or hereafter protected by the Microsoft's

registered trademarks and service mark, including, but not limited to, the following

Trademark Registration Numbers:

(1)     1,200,236 ("MICROSOFT");

(2)     1,256,083 ("MICROSOFT");

(3)     1,872,264 ("WINDOWS");

3

  (4)  1,816,354 (WINDOWS FLAG LOGO);

  (5)  1,815,350 (COLORED WINDOWS LOGO);

  (6)  1,475,795 ("POWERPOINT");

  (7)  1,741,086 ("MICROSOFT ACCESS");

  (8)  1,982,562 (PUZZLE PIECE LOGO);

  (9)  2,744,843 (COLORED FLAG DESIGN);

  (10)  2,188, 125 ("OUTLOOK"); and

  (11)  Any other items or works now or hereafter protected by any Microsoft trademark;

  (c)  importing (to the United States), offering to the public, providing and trafficking in counterfeit and/or unauthorized volume license keys and product keys.

  (d)  manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software, component, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered Trademarks, Service Mark or Copyright Registration Numbers, including, but not limited to, those listed in subparagraphs (a) and (b) above;

  (e)  using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered Trademarks, Service Mark, or Copyright Registration Numbers including, but not limited to, those listed in subparagraphs (a) and (b) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, and/or item not authorized or licensed by Microsoft;

4

(f) using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public erroneously to believe that any software program, component, or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(g) using reproductions, counterfeits, copies or colorable imitations of Microsoft's copyrighted and trademark protected software and other materials in the distribution, offering for distribution, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any merchandise not authorized or licensed by Microsoft;

(h) using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software in any of the defendants' trade or corporate names;

(i) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights;

(j) trafficking, distributing or intending to distribute any counterfeit or illicit Microsoft Certificates of Authenticity or Certificate of Authenticity Labels, or any Microsoft documentation or packaging;

(k) tortiously interfering with Microsoft's contractual relations;

5

(l)      acquiring for distribution, offering for distribution or distributing
Microsoft Volume License Media and/or Volume License Keys obtained under a Volume
License Agreement;

(m)      acquiring for distribution, offering for distribution or distributing
Microsoft Student Media or other Microsoft products distributed under an academic program
agreement;

(n)      acquiring for distribution, offering for distribution or distributing
Microsoft Original Equipment Manufacturer Media or Systems Builder Media;

(o)      acquiring for distribution, offering for distribution or distributing
Microsoft Promotional Media and/or Volume License Keys obtained under a Volume License
Agreement;

(p)      acquiring for distribution, offering for distribution or distributing any
Microsoft products; provided, however, that the eDirect Defendants' purchase of a Microsoft
product for their own use in the conduct of their business, or for personal, non-commercial
use, so long as the Microsoft product is properly licensed for that purpose, shall not constitute
a violation of this injunction;

(q)      using the eDirect Defendants' Internet domain name, www.eDirect.com
for the purpose of acquiring for distribution, offering for distribution or distributing Microsoft
products; or selling or otherwise transferring the domain name to a third party or third parties,
unless said transfer is expressly conditioned on the transferee's agreement that the domain
name shall not be used for acquiring for distribution, offering for distribution or distributing
Microsoft products, and an acknowledgement by the transferee that the domain name is
subject to the terms of the Permanent Injunction; and

6

(r)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in (a) through (q) above.

2.     Upon proof to the satisfaction of the Court of a violation under this Permanent Injunction, the Court is authorized to award damages to Microsoft in the following amounts:

(a)     in the amount of One Hundred Fifty Thousand and 00/100 United States Dollars ($150,000) for any violation involving Microsoft products that are not counterfeit, tampered and/or infringing;

(b)     in the amount of One Million Five Hundred Thousand and 00/100 United States Dollars ($1,500,000) for violations involving counterfeit, tampered and/or infringing Microsoft products; and

(c)     Microsoft's attorneys' fees and costs.

The foregoing damages represent a good faith and reasonable estimation of damages that would be suffered by Microsoft should the eDirect Defendants' violate any of the terms of the Permanent Injunction.  Should the eDirect Defendants violate any of the terms of the Permanent Injunction, the damages described in this Paragraph shall be in addition to any other relief to which Microsoft is entitled as a result of the activities violating the Permanent Injunction.

DATED this _____ day of _____, 2007.

_____
Richard F. Cebull
United States District Judge

7