UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**1021018 ALBERTA LTD.**, an Alberta corporation, d/b/a JustThink Media,

    Plaintiff,

vs.

**NETPAYING, INC.**, a Florida corporation; **INNOVATIVE HEALTH PRODUCTS, INC.**, a Florida corporation; **JUGAL TANEJA**, an individual; and **MIHIR TANEJA**, an individual,

    Defendants.

_____/

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL
WITH DAMAGES AND INJUNCTIVE AND OTHER RELIEF SOUGHT**

Plaintiff 1021018 Alberta Ltd., an Alberta corporation doing business as JustThink Media ("JTM" or "Plaintiff"), complaining of defendants Netpaying, Inc., a Florida corporation ("Netpaying"), Innovative Health Products, Inc., a Florida corporation ("Innovative"), Jugal Taneja, an individual, and Mihir Taneja, an individual, collectively, "Defendants," states and alleges as follows:

1

## INTRODUCTION AND PARTIES

1.  In 2009, Defendants served as a credit card payment processor for Plaintiff, during which time Defendants processed over $10 million in payments for Plaintiff. This action arises out of the wrongful withholding by Defendants in over $1 million of proceeds processed by Defendants for Plaintiff, in addition to over $1 million in "reserves" that Defendants held in trust on behalf of Plaintiff, as well as Defendants' failure to process payments for a number of subscription renewals for Plaintiff's customers. Plaintiff is entitled to damages for Defendants' wrongful acts and omissions, and is also entitled to equitable and other relief to ensure that the amounts held by Defendants in trust are secured during the pendency of this action and ultimately returned to Plaintiff.

2.  Plaintiff 1021018 Alberta Ltd. is a corporation duly formed and existing under the laws of the Province of Alberta, Canada, and maintains its principal place of business in Sherwood Park, Alberta, Canada. At all times pertinent, Plaintiff did and does business under the name "JustThink Media," and is and was engaged generally in the business of selling various products and services online and designing online marketing campaigns for those products and services.

3.  Defendant Netpaying, Inc. ("Netpaying") is a corporation duly formed and existing under the laws of the State of Florida, and maintains its principal place of business in Largo, Florida. At all times pertinent, Netpaying is and was engaged generally in the business of serving as a credit card processor.

2

4.  Defendant Innovative Health Products, Inc. ("Innovative") is a corporation duly formed and existing under the laws of the State of Florida, and maintains its principal place of business in Largo, Florida.

5.  Defendant Jugal Taneja is an individual and a resident of the State of Florida, and, on information and belief, is an officer, director, shareholder, or other principal of Netpaying and Innovative. At all times pertinent, Jugal Taneja was acting in his individual capacity as well as his capacity as an officer, director, or other principal of Netpaying and Innovative.

6.  Defendant Mihir Taneja is an individual and a resident of the State of Florida, and, on information and belief, is an officer, director, shareholder, or other principal of Netpaying and Innovative. At all times pertinent, Mihir Taneja was acting in his individual capacity as well as his capacity as an officer, director, or other principal of Netpaying and Innovative.

7.  At all times pertinent, each of the Defendants were agents, servants, and employees of their co-defendants, and each of them, and in doing the things hereinafter alleged, were acting in the scope of their authority as agents, servants, and employees and with the permission, consent, authorization and ratification of their co-Defendants.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over the subject matter of this action under title 28, section 1332(a)(2) of the United States Code, as the amount in controversy exceeds the sum or value of $75,000 and the claims herein are between "citizens" of

3

a state or states (Defendants) and citizens or subjects of a foreign nation (Plaintiff). To wit, Plaintiff is a numbered Alberta, Canada corporation and an Alberta, Canada resident. On information and belief, all Defendants are residents of the State of Florida. The matter in controversy involves in excess of $2 million, which Defendants have unlawfully withheld from Plaintiff.

9. This Court has personal jurisdiction over Defendants (1) pursuant to Fla. Stat. § 48.193(1)(a) because Defendants operate, conduct, engage in or carry on a business or business venture in the State of Florida, and the claims made herein arise from such activities; (2) pursuant to Fla. Stat. § 48.193(1)(b), because Defendants committed tortious acts within the State of Florida by the acts and omissions set forth herein; and (3) pursuant to Fla. Stat. § 48.193(1)(b), because Defendants are engaged in substantial and not isolated activity within the State of Florida.

10. Venue is appropriate in the Middle District of Florida under title 28, section 1391(b)(2) of the United States Code because a substantial part of the events and omissions giving rise to this action occurred, and/or a substantial part of the property that is the subject of this action is situated, in this district. Venue is appropriate in the Tampa division of this Court because Defendants maintain their principal place of business in Largo, Florida, within the geographic bounds of this division. See Local Rule 1.02(b)(4), (c).

//

//

4

## PLAINTIFF'S AND DEFENDANTS' BUSINESSES

11. Plaintiff operates a diverse line of e-commerce businesses and is one of the most prominent and active online marketing companies in North America.

12. Plaintiff sells everything from credit related services, to teeth whitening products, to nutritional supplements.

13. All of Plaintiff's products and services are sold online, through Plaintiff's proprietary websites.

14. When a consumer decides to purchase one of Plaintiff's goods or services, and completes a transaction on one of Plaintiff's websites, the consumer's credit card is charged. Plaintiff's customers are also charged when their subscriptions to certain services and programs offered by Plaintiff are automatically renewed.

15. Plaintiff engages third parties ("Merchant Processors") to manage credit card transactions for Plaintiff's customers. When a customer purchases one of Plaintiff's products or services, Plaintiff's Merchant Processors take the customer's information (e.g. credit card number) from Plaintiff's website, and communicate this information to the customer's credit card issuer. If the credit card and transaction information are valid, the credit card issuer will charge the customer's credit card and credit the Merchant Processor with the amount of the sale. If the credit card or transaction information is invalid, the credit card issuer will decline the transaction. In either case, the information is communicated back to the Merchant Processor, and ultimately, the Merchant Processor transfers the funds from the valid sales to

5

Plaintiff (after deducting its payment).

16. Defendants are Merchant Processors.

## THE AGREEMENT

17. In the first half of 2009, Plaintiff and Defendants began negotiating a contract whereby Defendants would provide Merchant Processor services to Plaintiff. Defendant Jugal Taneja and Mihir Taneja were personally involved in negotiations with Plaintiff.

18. Defendant Netpaying entered a payment processing agreement on June 9, 2009 with Plaintiff ("Agreement"), where Netpaying would act as a Merchant Processor for Plaintiff. The terms of the Agreement were as follows:

- Processing fee of 4.64% per transaction
- An additional fee of 29 cents per transaction
- 5 cents settlement fee per transaction
- $10 monthly statement fee
- $15 chargeback fee
- Funding for payments would be four days in arrears
- Funding to merchant twice a week (Wednesday and Friday)
- Defendants would maintain a 10% "rolling reserve" for a period of six months
- Plaintiff was required to embed an upsell offer of Defendants into Plaintiff's order stream at a price of $6.95-$7.95 (45 day trial to the consumer), and Plaintiff would not share in any revenue derived from such upsell.

19. The upsell offer ("Upsell") was a product owned and operated by Defendants. After a consumer would purchase one of Plaintiff's products, Plaintiff was required, under the Agreement, to display a web page to the consumer with Plaintiff's Upsell. All revenue from the Upsell was to go to Defendants.

//

6

## CONTRACT BREACH AND MISCONDUCT

20. The business relationship between Plaintiff and Defendants began in the latter half of June 2009. Eventually, Plaintiff generated over $10 million in revenue through the product sales for which Defendants were processing payments for Plaintiff.

21. Defendants paid Plaintiff over $5 million for the initial customer payments received and processed by Defendants.

22. In or around July 2009, Defendants stopped making payments to Plaintiff. Plaintiff made numerous inquiries to Defendants regarding Defendants' failure to continue making payments. At first, Defendants responded that Defendants' merchant bank had refused payment to Defendants on a number of charges from Plaintiff's customers, and that the merchant bank's refusal to pay meant that Defendants could not forward the amounts due to Plaintiff. Defendants failed to respond to Plaintiff's inquiries in a satisfactory or meaningful fashion, and never provided Plaintiff with any explanation or reckoning of how Defendants had calculated the payments or reserves being withheld from Plaintiff.

23. Plaintiff continued to press Defendants for payment and/or explanation of the amounts withheld. However, ultimately Defendants entirely ceased communications with Plaintiff. Plaintiff then informed Defendants that it considered them to be in breach of the agreement between Plaintiff and Defendants, and that the amounts being withheld from Plaintiff by Defendants were wrongfully withheld and that Plaintiff would seek to hold Defendants liable for those amounts.

7

24. On information and belief, Defendants presently owe Plaintiff over $1 million in payments for the amounts that have been charged to Plaintiff's customers for sales by Plaintiff and processed by Defendants, in addition to over $1 million that was held in reserve but is now fully payable or releasable to Plaintiff from Defendants. Plaintiff also suffered additional damages because of Defendants' failure to process a number of automatic subscription renewals for Plaintiff's customers for a period of several weeks in July and August 2009, which cost Plaintiff additional revenue which is still being investigated and determined.

## FIRST CAUSE OF ACTION

### (Unjust Enrichment/Imposition of Constructive Trust)

25. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 24 above as though fully rewritten herein.

26. As a result of Defendants' acts and omissions as set forth herein, monies and other assets in which Plaintiff has a superior legal and equitable interest have been possessed and retained by Defendants, who have continued to withhold the same from Plaintiff, all to the detriment of Plaintiff.

27. Defendants have been unjustly enriched at the expense of Plaintiff by their possession and retention of the monies and other assets mentioned above.

28. As between Defendants on the one hand and Plaintiff on the other, it would be inequitable and unjust to allow Defendants to possess and retain the monies and other assets mentioned above while depriving Plaintiff of the same.

8

29. Plaintiff is entitled to an order declaring that all of the monies and other assets held by Defendants as alleged herein are held by Defendants as the constructive trustees for Plaintiff and requiring Defendants to return the same to Plaintiff or to pay the same into the registry of the Court immediately; or, in the alternative, appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of Plaintiff during the pendency of this action.

## SECOND CAUSE OF ACTION

### (Conversion)

30. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 29 as though fully rewritten herein.

31. At all times, Plaintiff was, and still is, entitled to the possession, use, enjoyment, and control of specifically identifiable funds deposited by Plaintiff with Defendants and held in trust by Defendants as a reserve.

32. Defendants have deprived Plaintiff of the possession, use, enjoyment, and control of the above-mentioned funds and have converted the same to Defendants' own possession, use, enjoyment, and control without any legal right to do so.

33. Plaintiff has demanded the immediate return of the above-mentioned funds to its possession, use, enjoyment, and control, but Defendants have failed and refused, and continue to fail and refuse, to comply with that demand.

PI Exhibit 63 Page 03193

34.   As a direct and proximate result of Defendants' conversion of Plaintiff's funds, Plaintiff is entitled to recover damages from Defendants in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

#### (Money Had and Received)

35.   Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 34 as though fully rewritten herein.

36.   Defendants wrongfully retained money paid by Plaintiff to Defendants in the form of the aforementioned funds deposited and held as reserve funds through the acts and omissions alleged herein.

37.   Defendants have enjoyed and continue to enjoy the benefit of the funds wrongfully retained from Plaintiff.   Defendants have no legal right to or justification for retaining the funds.

38.   As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff is entitled to recover damages from Defendants in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

#### (Breach of Contract – Against Netpaying Only)

39.   Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 38 as though fully rewritten herein.

40.   The agreement between Plaintiff and Defendants regarding the maintenance of the funds in trust by Defendants and the payment by Defendants to

10

Plaintiff of funds received from Plaintiff's customers by Defendants, as alleged above, was an oral, written, or oral and written contract that was supposed by good and valuable consideration and was enforceable by Plaintiff against Defendants.

41. The contract between Plaintiff and Defendants contained express or implied terms that required Defendants to pay to Plaintiff all funds received by Defendants for Plaintiff from or on behalf of Plaintiff's customers (less applicable processing fees as alleged above), that required Defendants to return the unused portion of the reserve funds when the objective of the contract – to secure amounts due to Plaintiff from Defendants – had been fulfilled, and that required Defendants to process renewals of Plaintiff's customer subscriptions.

42. The objective of the contract has been fulfilled because the contract and business relationship between Plaintiff and Defendants has been terminated, and therefore there is no reason, at least not one contemplated and agreed to by the parties, for Defendants to retain any funds from Plaintiff further.

43. Defendants' reason for continuing to retain the funds due to Plaintiff – that there may be additional chargebacks or other offsets against the reserve funds at some undetermined time in the future – is speculative and moreover was not contemplated or agreed to by the parties as an objective of the contract nor as a reason for retention or use of those funds by Defendants.

44. By continuing to retain those funds without cause or authorization under the contract between the parties, and by failing to process the renewals of Plaintiff's customer subscriptions, Defendants breached the contract with Plaintiff.

11

45.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff is entitled to recover damages from Defendants in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff 1021018 Alberta Ltd., d/b/a JustThink Media, respectfully demands that judgment be rendered in its favor and against defendants Netpaying, Inc., Innovative Health Services, Inc., Jugal Taneja, and Mihir Taneja, as follows:

1.     For damages of a compensatory and general nature, in an amount according to proof as alleged and demanded above;

2.     For a preliminary injunction and permanent injunction requiring Defendants and their partners, agents, employees, assignees, trustees, and all persons acting in concert or participating with Defendants, to (a) refrain from committing further acts of the nature alleged herein; (b) immediately return all monies and other assets belonging to Plaintiff and held as a reserve and/or in trust by Defendants (or alternatively to surrender all such monies and other assets to the Court or to an appointed agent of the Court), (c) refrain from committing further acts of the nature alleged herein, and (d) refrain generally from taking any action in derogation of the Court's jurisdiction over the subject matter of this action;

3.     For an order declaring that all of the monies and other assets held by Defendants as alleged herein are held by Defendants as the constructive trustee for

12

PI Exhibit 63 Page 03196

Plaintiff and requiring Defendants to return the same to Plaintiff or to pay the same into the registry of the Court immediately; or, in the alternative, appointing a receiver or other trustee and ordering the same to take possession of the funds in question immediately and maintain the same for the benefit of Plaintiff during the pendency of this action;

4. For punitive damages in an amount sufficient to make an example of Defendants and to deter others from similar conduct by way of example, according to proof as alleged and demanded above;

5. For costs of suit, including reasonable attorney's fees; and

6. For all other relief as the Court deems just.

Dated: March 4, 2010      By: _____

Karl S. Kronenberger (*pro hac vice* pending)
Trial Counsel

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone (415) 955-1155
Facsimile (415) 955-1158
karl@KBInternetLaw.com

Attorneys for Plaintiff,
**1021018 Alberta Ltd.**, d/b/a JustThink Media

13