The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**JESSE WILLMS, *et al.*,**

Defendants.

Case No. 2:11-cv-00828-MJP

**JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE CR 16**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants 1021018 Alberta Ltd, also d.b.a. Just Think Media, Credit Report America, eDirect Software, WuLongsource, and Wuyi Source; 1016363 Alberta Ltd, also d.b.a. eDirect Software; 1524948 Alberta Ltd, also d.b.a. Terra Marketing Group, SwipeBids.com, and SwipeAuctions.com; Circle Media Bids Limited, also d.b.a. SwipeBids.com, SwipeAuctions.com, and Selloffauctions.com; Coastwest Holdings Limited; Farend Services Ltd; JDW Media, LLC; Net Soft Media, LLC, also d.b.a. SwipeBids.com; Sphere Media, LLC, also d.b.a. SwipeBids.com and SwipeAuctions.com; True Net, LLC, also d.b.a. Selloffauctions.com (collectively, "Corporate Defendants"); individual defendant Jesse Willms ("Willms"), and individual defendants Peter Graver, Adam Sechrist, Brett Callister, and Carey Milne

Joint Status Report and Discovery Plan - Page 1

1    (collectively "Individual Defendants"), now file this Joint Status Report and Discovery Plan in

2    accordance with Fed. R. Civ. P. 26(f), Local Rule CR 16, and this Court's Order Regarding

3    Initial Disclosures, Joint Status Report, and Early Settlement ("Order"), filed June 20, 2011.

4    The Order requires the parties to hold a conference as required under Fed. R. Civ. P. 26(f) by

5    July 18, 2011; exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) by July 25,

6    2011; and submit a combined joint status report and discovery plan as required by Fed. R. Civ.

7    P. 26(f) and Local Rule CR 16 by August 1, 2011.

8    **I.**      **Statement of the nature and complexity of the case**

9         A.      Plaintiff's Statement

10        Plaintiff FTC commenced this action on May 16, 2011, when it filed its Complaint for

11    Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of

12    the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and a Motion for

13    Preliminary Injunction seeking conduct prohibitions, including a ban on Defendants' continued

14    marketing of offers with free trials and negative option continuity plans, and restrictions on

15    Defendants' ability to transfer and dissipate assets to preserve funds for consumer restitution.

16        The Complaint alleges that Defendants have deceptively marketed via the Internet

17    numerous weight-loss supplements, teeth whiteners, colon cleansers, anti-aging pills, skin

18    creams, work-at-home schemes, free credit reports, government grants, penny auctions, and,

19    most recently, research services in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C.

20    §§ 45 and 52. The Complaint charges that Defendants' websites have advertised "free," "risk-

21    free," and/or "bonus" products or services, and deceived consumers about the true costs of the

22    offers, which have included inadequately or undisclosed forced upsells and costly negative

23    option continuity plans that Defendants charged to the consumers' credit or debit card accounts

24    on a recurring monthly basis. The Complaint also alleges that Defendants have misrepresented

25    that they would provide full refunds on request but instead have made it extremely difficult for

26    consumers to cancel the offers, resulting in most consumers paying for at least some of the

27    products or services before extricating themselves from the programs.

28

Joint Status Report and Discovery Plan - Page 2

1        The Complaint charges that these deceptive practices have resulted in ongoing
2  consumer deception and injury, resulting in chronic excessive credit card chargeback rates for
3  all of Defendants' products. The Complaint alleges that to ensure ongoing access to the
4  merchant banking relationships necessary to obtain payments from consumers, Defendants
5  have engaged in numerous unfair tactics, including creating shell corporations in the U.S. and
6  abroad using different names and fronting them with different principals; submitting inaccurate
7  information to financial institutions; and processing payments in ways that mask the extent of
8  their chargeback activity and circumvents the credit card system risk management programs, in
9  violation of Section 5(n) of the FTC Act, 15 U.S.C. § 45(n).

10        The Complaint also alleges that Defendants have deceptively marketed two types of
11  currently popular health products on their websites using false and unsubstantiated claims in
12  violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 12. These products are the
13  acai berry weight-loss pills (collectively referred to as "AcaiBurn") and colon cleansing pills
14  (collectively referred to as "PureCleanse"). The Complaint further charges that the Defendants
15  use deceptive celebrity endorsements to lend legitimacy to their products, which also violates
16  Section 5 of the FTC Act, 15 U.S.C. § 45. Finally, the Defendants engage in unfair billing
17  practices that violate the FTC Act, 15 U.S.C. § 45(n), and Section 907(a) of the Electronic
18  Funds Transfer Act ("EFTA"), and Section 205.10(b) of EFTA's implementing Regulation E,
19  12 C.F.R. § 205.10(b).

20        This case involves a wide-reaching Internet marketing scheme involving numerous
21  products marketed through frequently changing websites that has resulted in nearly half a
22  billion dollars in consumer injury. The Complaint alleges ten counts of separate law violations
23  against fifteen defendants, many of whom reside in Canada. Plaintiff may also add two
24  additional parties who it has recently learned Willms has used to obtain and maintain merchant
25  banking relationships in connection with his research services websites. This matter raises
26  issues requiring in depth analysis of complicated facts and presents hurdles for obtaining
27  discovery from foreign defendants, which does not lend itself to an easy resolution.
28

Joint Status Report and Discovery Plan - Page 3

B.      Defendants' Statement

Defendants believe that the FTC has vastly overstated its case, as well as the alleged evidence it will present regarding Defendants' current conduct. That the FTC is overreaching is exemplified by its proposed preliminary injunction, which would not only enjoin Defendants from engaging in lawful activity practiced by legitimate companies like Netflix and the New York Times (offering negative options and continuity plans), but would freeze the assets of the corporate and individual defendants.

As demonstrated in Defendants' Oppositions to the government's Motion for a Preliminary Injunction, the FTC's case is based almost entirely upon past, non-continuing alleged misconduct and unsupported conclusory statements. Contrary to its statement above, the FTC's Complaint contains no allegations regarding any current research service sites and in fact, raises the issue of current sites for the first time in its Reply brief in support of its Motion for Preliminary Injunction.

The Corporate Defendants have expended considerable resources to ensure that all of its current websites comply with regulatory guidance. Defendants believe that discovery will confirm this fact, and will further demonstrate their good faith efforts to cooperate with the FTC thus far, and their intentions to work with the FTC in the future should conflicts arise. In addition to factual questions regarding Defendants' current conduct—which, they contend, does *not* violate the FTC Act—there are factual disputes regarding Defendants' past conduct, and whether the FTC's interpretation and conclusions drawn from such conduct are reasonable. Defendants are prepared to put forward significant fact and expert testimony that will show that many of the FTC's allegations are unfounded.

**II.      Statement of which ADR method or, if the parties believe there should be no ADR, the reasons for that belief**

All parties are amenable to mediation and request that the Court appoint a settlement judge or magistrate to serve as a mediator. With respect to the requirement of Local Rule CR 39.1(c)(4)(E) requiring parties having authority to settle the case attend the mediation in person, no single person at the FTC has the authority to make final decisions regarding the

Joint Status Report and Discovery Plan - Page 4

1   settlement of a case. FTC counsel may negotiate a tentative settlement but may not sign and

2   forward a settlement to the Court until the full, five-member Commission has voted to approve

3   the settlement.

4   **III.    Statement of when mediation or ADR should take place**

5   Plaintiff is amenable to mediation at any time after the Court rules on Plaintiff's

6   Motion for Preliminary Injunction. All parties believe that early mediation would be

7   beneficial.

8   **IV.    Proposed deadline for joining additional parties**

9   Plaintiff proposes the proposed deadline for joinder of parties would be January 2,

10   2012. Defendants propose the deadline for joinder of parties would be September 30, 2011.

11   **V.    Proposed discovery plan**

12       A.    Date on which the Fed. R. Civ. P. 26(f) conference and Fed. R. Civ. P. 26(a)
   initial disclosures took place

13

14   Counsel for Plaintiff and Defendants fulfilled their Fed. R. Civ. P. 26(f) conference

   obligation and met in person on July 8, 2011. Pursuant to the Order, they exchanged their

15   initial disclosures on July 25, 2011.

16

17       B.    Subjects on which discovery may be needed and whether discovery should be
   conducted in phases or limited to or focused upon particular issues

18   Plaintiff anticipates that discovery will be conducted concerning the core issues set

19   forth in the Complaint and may include any matter relevant to those claims or to any matter

20   reasonably calculated to lead to the discovery of admissible evidence. Plaintiff specifically

21   intends to conduct discovery on the following subjects: facts bearing on the allegations of the

22   Complaint; consumer experiences with Defendants and their business practices; Defendants'

23   business practices; the relationship between the Defendants named in this action; Defendants'

24   merchant processing and banking practices; the credibility of any witnesses, including expert

25   witnesses, to be deposed or to testify at trial; any defenses Defendants may raise in this action;

26   the extent of consumer injury suffered as a result of Defendants' alleged wrongful activities;

27   and remedies.

28

Joint Status Report and Discovery Plan - Page 5

1    Defendants have been negotiating with the FTC for several months, and have already

2    voluntarily provided the government with several volumes of material requested by the

3    government. Defendants intend to continue cooperating with the FTC in terms of responding

4    to its requests. In addition, Defendants intend to conduct discovery into the factual basis of the

5    allegations contained in the FTC's Complaint, its Motion for a Preliminary Injunction, and the

6    Reply in Support of its Motion for a Preliminary Injunction. This will likely include discovery

7    of both fact and expert witnesses. Defendants also expect to conduct discovery into other areas

8    including, without limitation, customer satisfaction and industry standards relating to website

9    disclosures, refund policies, negative options, continuity plans, and customer service.

10    The parties agree that it is not necessary to conduct discovery in phases or to limit or

11    focus discovery on particular issues.

12    C.    What changes should be made in the limitations on discovery imposed under
      the Federal and Local Civil Rules, and what other limitations should be imposed

13

14    Based on the number of individuals identified in both Plaintiff and Defendants' Initial

15    Disclosures as having knowledge in this matter, the parties anticipate that each will need to

      take more than ten depositions in this case. The parties do not propose any additional changes
16
      to or limitations on other discovery methods.
17

18    D.    Statement of how discovery will be managed so as to minimize expense

19    The parties agree that the Federal and Local Civil Rules, as well as the Federal Rules of

20    Evidence, will be followed for purposes of conducting discovery. The parties also believe that

      the parties can work together to ensure that discovery will be managed to minimize expense
21
      where appropriate. In order to further minimize expense, the parties have consented to accept
22
      service of any papers to be exchanged pursuant to the Federal and Local Civil Rules by
23
      electronic mail. The parties also will agree that service of any papers filed with this Court
24
      should be effectuated through the Court's CM/ECF system in accordance with the Federal and
25
      Local Civil Rules.
26

27

28

Joint Status Report and Discovery Plan - Page 6

E.    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or under Local Rule 16(b) and (c)

Plaintiff does not anticipate the need for any protective orders under Fed. R. Civ. P. 26(c) or orders under Local Rule 16(b) and (c). Defendants will likely seek a reasonable protective order in order to protect sensitive financial and business information from being disclosed to the public.

## VI.    Date by which remainder of discovery can be completed

Plaintiff believes that due to the complexity of the issues, the large number of defendants, the large number of experts put forward by the Defendants (the FTC does not concede that all of these declarants qualify as experts), and the fact that many of the individuals with personal knowledge of the facts in this case reside in Canada (possibly necessitating Letters Rogatory requesting permission to take discovery), discovery cannot be completed before March 30, 2012. Defendants agree that March 30, 2010, is an appropriate deadline for completion of discovery.

## VII.    Whether the parties agree that a full-time Magistrate Judge may conduct all proceedings

Plaintiff agrees to having a full-time Magistrate Judge conduct proceedings and resolve discovery issues and non-dispositive motions. Plaintiff does not consent to have a Magistrate Judge decide dispositive motions, conduct the trial or enter a final judgment in this case. Defendants do not agree to having a full-time Magistrate Judge conduct proceedings in this matter.

## VIII.    Whether the case should be bifurcated

Plaintiff does not wish to bifurcate the case in any manner. Defendants agree that bifurcation is not appropriate at this time. Certain individual defendants may, at some point in the future, seek severance.

## IX.    Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be dispensed with in whole or in part for the sake of economy

The parties do not agree to dispense with the pretrial statements and pretrial order.

Joint Status Report and Discovery Plan - Page 7

**X.**     **Other suggestions for shortening or simplifying the case**

Other than suggestions relevant to the management of discovery, the parties do not

have any suggestions for shortening or simplifying the case at this time.

**XI.**     **Date the case will be ready for trial**

Plaintiff believes that, barring unforeseen circumstances, the case will be ready for trial

by August 6, 2012.

**XII.**     **Whether the trial will be jury or non-jury**

The trial will be non-jury.

**XIII.**     **Number of trial days required**

The parties estimate that ten days will be required for trial.

**XIV.**     **Names, addresses, telephone numbers, and email addresses of all trial counsel**

Attorneys for Plaintiff:

Nadine Samter
nsamter@ftc.gov
206-220-4479

Kathryn C. Decker
kdecker@ftc.gov
206-220-4486

Eleanor Durham
edurham@ftc.gov
206-220-4476

Julie K. Mayer
jmayer@ftc.gov
206-220-4475

Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174

Attorneys for Corporate Defendants and Jesse Willms

Lynn M. Engel
*lynne@summitlaw.com*
206-676-7022

Molly A. Terwilliger
*mollyt@summitlaw.com*
206-676-7110

Joint Status Report and Discovery Plan - Page 8

Summit Law Group PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682

James Kaminski
*jkaminski@hughesbentzon.com*
202-293-8875

Hughes & Bentzen, PLLC
1100 Connecticut Avenue NW, Suite 340
Washington, DC 20036

Jonathan N. Rosen
*jrosen@shb.com*
202-639-5608

Shook, Hardy & Bacon L.L.P.
115 F Street NW, Suite 200
Washington, DC 20004-1305

Counsel for Individual Defendants Graver, Sechrist, Callister, and Milne

Dawn Stewart
*dstewart@thestewartlawfirm.com*
202-772-1080

The Stewart Law Firm, PLLC
1050 Connecticut Avenue NW, 10th Floor
Washington, DC 20036

**XV.    Date when service will be effectuated (if not all defendants have been served by the due date of this report)**

All defendants have been served.

**XVI.    Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case**

The parties do not request a scheduling conference prior to a scheduling order being entered.

Dated: August 1, 2011

FEDERAL TRADE COMMISSION

By /s/ Nadine S. Samter
Nadine S. Samter, WSBA #23881
Kathryn C. Decker, WSBA #12389
Eleanor Durham, MD. Bar
Julie K. Mayer, WSBA #34638
Federal Trade Commission

Joint Status Report and Discovery Plan - Page 9

915 Second Ave., Suite 2896
Seattle, WA 98174
206-220-6350 (voice)
206-220-6366 (fax)
*nsamter@ftc.gov*
*kdecker@ftc.gov*
*edurham@ftc.gov*
*jmayer@ftc.gov*

**Attorneys for Plaintiff Federal Trade Commission**


SUMMIT LAW GROUP PLLC

By /s/ Lynne M. Engel
Lynn M. Engel, WSBA #21934
Molly A. Terwilliger, WSBA #28449
SUMMIT LAW GROUP PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
Tel: 206-676-7000
Fax: 206-676-7001
*lynne@summitlaw.com*
*mollyt@summitlaw.com*

And by

James Kaminski (*pro hac vice*)
HUGHES & BENTZEN, PLLC
1100 Connecticut Avenue NW, Suite 340
Washington, DC 20036
Tel: 202-293-8875
*jkaminski@hughesbentzon.com*
Jonathan N. Rosen (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
115 F Street NW, Suite 200
Washington, DC 20004-1305
Tel: 202-639-5608
*jrosen@shb.com*

**Attorneys for Corporate Defendants and Jesse Willms**

Dawn Stewart (*pro hac vice*)
THE STEWART LAW FIRM PLLC
1050 Connecticut Avenue NW, 10th Floor
Washington, DC 20036
Tel: 202-772-1080
*dstewart@thestewartlawfirm.com*

**Counsel for Individual Defendants Graver, Sechrist, Callister and Milne**

Joint Status Report and Discovery Plan - Page 10

1    CERTIFICATE OF SERVICE

2        I hereby certify that on August 1, 2011, I electronically filed the foregoing **JOINT STATUS REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**
3    **AND LOCAL RULE CR 16** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

4

5    James A. Kaminski                              Jonathan N. Rosen
     Hughes & Bentzen, PLLC                         Shook, Hardy & Bacon, LLP
6    1100 Connecticut Avenue, NW                    1155 F Street, NW, Suite 200
     Suite 340                                      Washington, DC 20004-1305
7    Washington, D.C.  20036                        (202) 639-5608
     Telephone: (202) 293-8975                      jrosen@shb.com
     Fax: (202) 293-8973
8    E-Mail: jkaminski@hughesbentzen.com

9    Lynn Engel
     Molly A. Terwilliger
10   Summit Law Group, PLLC
     315 Fifth Avenue, S., Suite 1000
11   Seattle, WA 98104
     (206) 676-7000
12   mollyt@SummitLaw.com;lynne@SummitLaw.com

13   Attorneys for Defendants Jesse Willms, 101636 Alberta Ltd., 1021018 Alberta Ltd., 1524948 Alberta Ltd., Circle Media Bids Limited, JDW Media LLC, Net Soft Media LLC, Sphere Media
14   LLC, True Net LLC, Farend Services Ltd., and Coastwest Holdings Ltd., Peter Graver, Adam Sechrist, Brett Callister, and Cary Milne

15

16   Dawn C. Stewart
     The Stewart Law Firm, PLLC
     1050 Connecticut Avenue, NW, 10th Fl.
17   Washington, D.C.  20036
     Telephone: (202) 772-1080
18   Fax: (202) 293-8973
     E-Mail: dstewart@thestewartlawfirm.com

19
     Attorney for Defendants Peter Graver, Adam Sechrist, Brett Callister, and Carey Milne
20
     DATED: August 1, 2011            /s/ Kathryn C. Decker
21                                    Kathryn C. DeckerNadine Samter
                                      Attorney for Plaintiff Federal Trade Commission
22                                    915 2nd Ave., Ste. 2896, Seattle, WA 98174
                                      Telephone: (206) 220-4486; Fax: (206) 220-6366
23                                    E-mail: kdecker@ftc.gov

24

25

26

27

28